**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JMK:ALC/LHE
F. #2016R00505

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

August 9, 2017

BY HAND DELIVERY AND ECF

The Honorable Dora L. Irizarry
Chief United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Mark Nordlicht, et al.
Criminal Docket No. 16-640 (DLI)

Dear Chief Judge Irizarry:

The government respectfully submits this letter to notify the Court of information the government recently received relating to the defendant Mark Nordlicht and his pending requests for disclosures in the above-captioned case. See Ltr. from Nordlicht dated July 11, 2017, ECF Docket No. 177. The government was informed by counsel for an individual (the "Previous Employee") who previously worked at Platinum Partners ("Platinum") that Nordlicht's counsel had emailed him the enclosed letter dated August 8, 2017 (the "Nordlicht Letter") and its attachment, a copy of the unsealed affidavit (the "Affidavit") submitted in support of the government's application for a search warrant for the offices of Platinum in June 2016. The Nordlicht Letter[1] and its attachment are attached hereto collectively as Exhibit A.

---

[1] In a separate submission to the Court earlier today, the government respectfully requested that it be permitted to file publicly only a redacted version of the Nordlicht Letter. The proposed redactions include the names and other identifying information of the Previous Employee, his counsel, and an employer of the Previous Employee after his employment at Platinum (the "subsequent employer"). The government respectfully submits that such redactions are warranted because public disclosure of an unredacted version of the Nordlicht Letter would jeopardize the privacy interests of the Previous Employee, his counsel and his subsequent employer. United States v. Amodeo, 71 F.3d 1044, 1050-51 (2d Cir. 1995) (privacy interests of third parties may be compelling reason justifying sealing).

The government has serious concerns about the Nordlicht Letter, which, among other things, seeks to confirm Nordlicht's assumption that "CW-1," a cooperating witness to which the Affidavit refers, is the Previous Employee, and makes a veiled threat to the Previous Employee relating to the Previous Employee's post-Platinum employment. Specifically, the Nordlicht Letter repeats the substance of Nordlicht's disclosure request relating to CW-1, see ECF Docket No. 177 at 2, states that "we believe the government incorrectly attributed" such statements[2] to the Previous Employee and "[w]e find it implausible that [the Previous Employee] made these statements," and then states:

> [N]otably, had your client "explained" to the FBI that a hedge fund of which he was [an employee] "profited greatly from its fraudulent overvaluations," this would have amounted to a self-incriminating confession of his own involvement or complicity in the alleged fraud. If so, we expect that your client must have agreed to or been promised a non-prosecution agreement, immunity agreement, or some other negotiated resolution of the potential criminal charges. If that were the case, [the Previous Employee's subsequent employer] undoubtedly would have been required to disclose to its investors that its . . . [employee] had admitted to fraud at his prior [Platinum] position, and we understand no such disclosure has been made.

Nordlicht Letter at 1. The government respectfully submits that the foregoing language is tantamount to witness intimidation. It appears to urge the Previous Employee to recant what Nordlicht assumes to be the Previous Employee's prior statements to the government, or risk having someone contact the subsequent employer regarding the Previous Employee, potentially resulting in adverse action against the Previous Employee or public denigration. The Nordlicht Letter also states that, in Nordlicht's forthcoming reply to the Government's Response in Opposition to Defendants' Motion Seeking a Bill of Particulars and Requests for Disclosures, see ECF Docket No. 185, Nordlicht's counsel "will, out of necessity, explain all the reasons why we believe it is implausible that your client made the statements noted above." Nordlicht Letter at 2. That statement, too, suggests that, barring the Previous Employee's recanting his prior statements before the filing date, Nordlicht will publicly file some form of negative information relating to the Previous Employee.

---

[2] The statements of CW-1 to which the Nordlicht Letter refers are not quoted in their entirety in the Nordlicht Letter, but can be found on pages 8 and 9 of the Affidavit. See Ex. A to Nordlicht Letter, at 11-12.

The government respectfully provides the foregoing information and the Nordlicht Letter to the Court so that the Court may, in its discretion, direct the defendants and their counsel to cease such intimidating conduct in their interactions with potential witnesses in this case.

    Respectfully submitted,

    BRIDGET M. ROHDE
    Acting United States Attorney

By:   /s/
    Alicyn L. Cooley
    Lauren Howard Elbert
    Assistant U.S. Attorneys
    (718) 254-6389/7577

cc:    Clerk of the Court (DLI) (by ECF)
       All defense counsel (by ECF)