```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
    UNITED STATES OF AMERICA,                               :
                                                            :
                    - against –                             :   **MEMORANDUM DECISION &**
                                                            :   **ORDER**
    MARK NORDLICHT,                                         :
    DAVID LEVY,                                             :   16-cr-00640 (BMC)
    DANIEL SMALL,                                           :
    URI LANDESMAN,                                          :
    JOSEPH MANN,                                            :
    JOSEPH SANFILIPPO, and                                  :
    JEFFREY SCHULSE,                                        :
                                                            :
                    Defendants.                             :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

This order addresses defendants' motions requesting that the Government provide a bill of particulars detailing produced materials, and that it make additional Brady/Giglio disclosures. For the reasons discussed below, the Court denies defendants' motions.

## BACKGROUND

The Court presumes familiarity with the general background and procedural posture of the case. By letters dated July 5, 2017, July 11, 2017, and July 14, 2017, defendants moved for the Government to provide a bill of particulars and certain Brady/Giglio disclosures.

Defendants argue for a bill of particulars on two bases. First, they contend that the Indictment is insufficiently detailed, leaving them unable to adequately prepare their defenses, because it provides "only a handful of piecemeal examples of allegedly false statements or omissions without delineating the conduct of each individual defendant." Second, defendants argue that the volume of produced documents makes it impracticable for them to anticipate,

without a bill of particulars, what exactly the Government will argue at trial.

The gist of defendants' argument for <u>Brady</u> disclosures is that the Government cannot meet its obligations to disclose potentially exculpatory information by providing defendants with access to millions of documents and then claiming that defendants should be able, on their own, to find the helpful needles in the haystack. As to <u>Giglio</u> disclosures, defendants argue that the Government is improperly withholding relevant information by asserting that it is not yet required to turn over such materials.

## DISCUSSION

### I. Bill of Particulars

The Federal Rules of Criminal Procedure require only that "[t]he indictment … be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c). "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." <u>Hamling v. United States</u>, 418 U.S. 87, 117 (1974).

When an indictment is insufficiently clear, "Rule 7(f) of the Federal Rules of Criminal Procedure permits a defendant to seek a bill of particulars in order to identify with sufficient detail the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." <u>United States v. Bortnovsky</u>, 820 F.2d 572, 574 (2d Cir. 1987). Accordingly, "[a] bill of particulars is required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." <u>United States v. Chen</u>, 378 F.3d 151, 163 (2d Cir. 2004) (quotation omitted). This means that

2

"[t]he applicable standard for whether a bill of particulars should issue is not whether the information sought would be helpful to the defense, but whether it is necessary." United States v. Taylor, 17 F. Supp. 3d 162, 178 (E.D.N.Y. 2014). Therefore, "where the government has made sufficient disclosures concerning its evidence and witnesses by other means," such as through productions or other disclosures, "a bill of particulars should not be granted." United States v. Urso, 369 F. Supp. 2d 254, 271 (E.D.N.Y. 2005).

Rule 7(f) thus serves a limited purpose: it is not a tool for a defendant to compel the Government's disclosure of "the manner in which it will attempt to prove the charges, the precise manner in which a defendant committed the crime charged, or…a preview of its evidence and legal theories . . . ." United States v. Barret, 824 F. Supp. 2d 419, 439 (E.D.N.Y. 2011) (quotations omitted). Indeed, a "defendant's right to know the crime with which he is charged must be distinguished from his right to know the evidentiary details by which proof of his culpability will be established." United States v. Albunio, No. CR-91-0403, 1992 WL 281037, at *2 (E.D.N.Y. Sept. 9, 1992). For example, a "defendant is not entitled to receive details of the government's conspiracy allegations in a bill of particulars." United States v. Urso, 369 F. Supp. 2d 254, 272 (E.D.N.Y. 2005).

The Indictment and the Government's disclosures in discovery have adequately apprised defendants of the charges against them. Defendants are not entitled to a *de facto* presentation of the Government's strategy.

First, the lengthy Indictment on its own clearly informs the defendants of the nature of the charges they face. It details the alleged fraudulent schemes, the defendants' alleged conduct in furtherance of those schemes, the specific entities involved, relevant communications, and, to a sufficiently specific degree, the roles of the individual defendants. This is more than enough

3

information to allow for the preparation of an effective defense. In fact, it goes well beyond what the rules require of an indictment, and thus does not give rise to a need for a bill of particulars.

Second, by emails to defense counsel on January 10, 2017 and March 17, 2017, the Government identified the unnamed co-conspirators. This gives the defendants an even better sense of what the Government knows, and how it gained that knowledge.

Third, the Government has made substantial productions. These productions are digital, text-searchable, and accompanied by indices. Furthermore, the Government has provided the sources of the produced documents. Defendants can therefore effectively review these productions and determine their relevance to the charges in the Indictment. Contrary to defendants' arguments, the volume of produced documents only calls for a bill of particulars if "disclosures are so voluminous that the defendant remains in the dark about the specific acts of which he is accused." Urso, 369 F. Supp. 2d at 271. Given the length and detail of the indictment, coupled with the accessibility of the produced documents, the mere fact that the production is extensive does not leave defendants "in the dark."

## II. **Brady/Giglio** Disclosures

"The prosecution has a constitutional duty to disclose evidence favorable to an accused when such evidence is material to guilt or punishment." United States v. Coppa, 267 F.3d 132, 135 (2d Cir. 2001). This includes material exculpatory evidence under Brady v. Maryland, 373 U.S. 83 (1963), or material impeachment evidence relating to a Government witness under Giglio v. United States, 405 U.S. 150 (1972).

As an initial matter, the Government is not yet obligated to turn over Giglio material.

"Due process requires only that a defendant be provided with such information before it is too late for him to make beneficial use of it at trial." United States v. Yu, No. 97-cr-102, 1998 WL 57079, at *5 (E.D.N.Y. Feb. 5, 1998) (internal quotations omitted). This material "need not be turned over in advance of trial." United States v. Nixon, 418 U.S. 683, 701 (1974). Given that the Court has not even scheduled a trial date, the Government does not have to produce these materials at this time. Similarly, the Court agrees with Chief Judge Irizzary's prior ruling that any defendant requests that essentially call for the Government to provide 18 U.S.C. § 3500 materials, a trial witness list, trial exhibits, and notice under Federal Rule of Evidence 404(b) are premature.

Turning to the Government's Brady obligations, "[t]he rationale underlying Brady is not to supply a defendant with all the evidence in the Government's possession which might conceivably assist the preparation of his defense, but to assure that the defendant will not be denied access to exculpatory evidence only known to the Government." United States v. LeRoy, 687 F.2d 610, 619 (2d Cir. 1982). The Government can meet its Brady obligations by including "disclosures of exculpatory or impeachment material within large productions of documents or files." United States v. Rubin/Chambers, Dunhill Ins. Servs., 825 F. Supp. 2d 451, 455 (S.D.N.Y. 2011). The Government needs to provide the materials, but it is not required to "seek out such information like a private investigator and valet . . . gathering evidence and delivering it to opposing counsel." United States v. Thomas, 981 F. Supp. 2d 229, 239 (S.D.N.Y. 2013) (internal quotations omitted). Indeed, "[a]bsent prosecutorial misconduct – bad faith or deliberate efforts to knowingly hide Brady material – the Government's use of 'open file' disclosures, even when the material disclosed is voluminous, does not run afoul of Brady." Id.

Here, the Government has met its Brady obligations. First, defendants do not credibly allege that the Government has acted in bad faith or has deliberately withheld materials it has knowingly identified as exculpatory. The Court credits the Government's claim that it has reviewed every request before it, and has produced all relevant information it has identified. Second, as discussed, the general rule is that the Government is under no duty to direct defendants to exculpatory evidence within the larger production of disclosed evidence, even in cases with voluminous discovery.

I will instruct the Government that, in the course of making discovery, if it seems clear that certain Rule 16 material also constitutes Brady material, the Government should flag it for the sake of efficiency. However, this does not mean that if the Government fails to flag certain material, defendants will have any cause for complaint. A good faith effort is all that is required. The Government has no independent duty to review the discovery to discern which materials fall under Brady.

## CONCLUSION

For the reasons discussed above, defendants' requests are denied.

**SO ORDERED.**

_____

U.S.D.J.

Dated: Brooklyn, New York
 October 23, 2017