UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
UNITED STATES OF AMERICA,                                    :
                                                             :
          - against –                                 :   **MEMORANDUM DECISION &**
                                                             :   **ORDER**
MARK NORDLICHT,                                              :
DAVID LEVY,                                                  :   16-cr-00640 (BMC)
DANIEL SMALL,                                                :
URI LANDESMAN,                                               :
JOSEPH MANN,                                                 :
JOSEPH SANFILIPPO, and                                       :
JEFFREY SCHULSE,                                             :
                                                             :
          Defendants.                                  :
------------------------------------------------------------ X

**COGAN,** District Judge.

      This order addresses defendants' motion requesting that the Government produce 1) all communications directed by the government to third parties that specify the material and information sought by the Government; and 2) any written responses from third parties to the Government. For the reasons discussed below, the Court denies defendants' motion.

## BACKGROUND

      The Court presumes familiarity with the general background and procedural posture of the case. As is to be expected in a multi-defendant, complex fraud case, the Government has produced to defendants a significant number of documents, a portion of which the Government obtained from third parties. Some of these documents were produced to the Government in response to grand jury subpoenas, and defendants expressly include those subpoenas in their request.

When producing third party documents, the Government informed defendants of the identity of the third party from which the Government originally received the documents, as well as the corresponding Bates range of the documents the third-party produced. For example, one Government production letter states that the enclosed production contains documents from "Phoenix Investment Adviser LLC," with Bates range PHNX000001 – PHNX000326."

Defendants argue that, as produced, the third-party documents lack context critical to understanding the scope of materials requested by the Government and produced to it by third parties. Defendants contend that such an understanding is important to mounting an effective defense. For instance, defendants argue that without such an understanding, they are left in the dark as to what documents, if any, they should seek from third parties. On the other hand, the Government argues that it has produced what it is required to, and that defendants are requesting materials not discoverable under any applicable rule or law.

## DISCUSSION

The gist of defendants' argument is that without the Government's disclosure of what it asked third parties to produce, defendants cannot make sense of the productions the Government has provided. This argument fails for two reasons.

First, the fact that this is a large case involving sizeable document productions does not entitle defendants to the requests and responses they seek. Rule 16(a)(1)(E) provides that the Government must, upon request, produce to defendants items "material to preparing the defense." Defendants bear the burden of showing materiality. See United States v. Finnerty, 411 F. Supp. 2d 428, 431 (S.D.N.Y. 2006) ("[T]he burden is on the defendants to make a prima facie showing that the documents sought are material to preparation of the defense."). "[T]he mere claim that the items sought are 'material' is not enough." United States v. Persico, 447 F.

Supp. 2d 213, 217–18 (E.D.N.Y. 2006). Instead, "[t]here must be some indication that the pretrial disclosure of the disputed evidence would enable the defendant significantly to alter the quantum of proof in his favor." Id. (internal alterations omitted).

Defendants are not entitled to a roadmap of the Government's trial strategy – and that is essentially what they seek. The Government has done what the rules require of it by producing material items. It has also provided the third-party source for each produced item, thereby giving defendants adequate context. Defendants have not convinced the Court that the additional receipt of the Government subpoenas and other correspondence would "significantly [] alter the quantum of proof in [their] favor." Id. As the Government points out, "[c]omplex, document-intensive fraud cases proceed to trial in this district and circuit with regularity," yet tellingly, defendants cite to no decisions in this Circuit in which any court directed the Government to produce the third-party materials they seek. Defendants are represented by experienced, sophisticated counsel who are capable of reviewing the produced materials and preparing their case accordingly. Defendants are free to request materials on their own, and then make their own determinations as to what will play an important part in their defense.

Second, the Government correctly notes that insofar as defendants' request would require the Government's disclosure of grand jury subpoenas issued to third parties, it runs afoul of Rule 6(e) of the Federal Rules of Criminal Procedure. An "attorney for the government" is generally prohibited from disclosing "a matter occurring before the grand jury." Fed. R. Crim. P. 6(e)(2)(B). Rule 6(e) further provides that "subpoenas relating to grand-jury proceedings must be kept under seal to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury." Fed. R. Crim. P. 6(e)(6). Furthermore, "[t]he law of this circuit is clear that, once a proceeding falls under Rule 6(e), it receives a presumption of

secrecy and closure." In re Grand Jury Subpoena, 103 F.3d 234, 239 (2d Cir. 1996). Even when a grand jury has completed its investigation, the importance of "encourag[ing] disclosures by those with knowledge of crime" justifies continued preservation of its secrecy. United States v. Moten, 582 F.2d 654, 663 (2d Cir. 1978). "[T]he burden is on the party seeking disclosure to show a 'particularized need' that outweighs the need for secrecy." Id. at 662.

As an initial matter, the Government notes that a grand jury investigation remains ongoing. This militates against disclosure of material protected by Rule 6(e). See e.g. In re Grand Jury Subpoena, 103 F.3d at 240 ("Because the grand jury investigation does remain active here, disclosure is inappropriate at this time."). Fatally, defendants have made no argument that can be construed as showing a particularized need for any grand jury materials. Even if the Court were to credit defendants' claim that they stand to benefit from the added context that might be provided by the grand jury material it requests, this general and vague argument falls well short of the exacting standard required to compel the disclosure of grand jury materials. See e.g., United States v. Kerr, No. CRIM. 3:2007-3, 2008 WL 1711412, at *3 (W.D. Pa. Apr. 11, 2008) (rejecting application for grand jury materials where defendant cited need to "prepare for trial.").[1]

---

[1] Defendants' citation to In re Grand Jury Subpoena to Amazon.com Dated Aug. 7, 2006, 246 F.R.D. 570 (W.D. Wis. 2007), is wholly unavailing. First, nowhere does that decision stand for the proposition that grand jury materials lose the presumption of secrecy upon the unsealing of an indictment. Second, as the Government notes, that decision involved a third party seeking to disclose information about a subpoena that it received, whereas here, defendants "seek to compel the production of communications between the government and victims or other witnesses."

Similarly, United States v. Blumberg et al. No. 14-CR-458, slip op. (D.N.J. Jan. 26, 2015), to which defendants cite, is readily distinguishable: there, defendants claimed that the indictment was so "vague" that it was "impossible" to figure out the charges that they faced. Here, in a prior decision, the Court has already considered defendants' argument that the indictment left them in the dark, and soundly rejected it. In fact, the defendants are clearly informed about the nature of the Government's allegations against them, and being so informed, are well-situated to prepare their defense without requiring the disclosure of grand jury materials, or other Government requests.

## CONCLUSION

Defendants' motion [251] is denied.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
      January 8, 2018