# LISABETH J. FRYER, P.A.
### ATTORNEY & COUNSELOR AT LAW

August 2, 2018

**VIA CM/ECF**

The Honorable Brian M. Cogan
United State District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *United States v. Mark Nordlicht, et al.*, No. *1:16-cr-00640-BMC*

Dear Judge Cogan:

We write on behalf of Defendant Mark Nordlicht to request an additional limited modification to the terms of Mr. Nordlicht's conditions of pretrial release to permit travel for the purpose of attending his father's burial in Israel. Additionally, the undersigned respectfully requests Mr. Nordlicht's passport be placed in the custody of a third-party New York attorney in order to allow necessary rapid access for this limited travel purpose.

On July 27, 2018, Mr. Jules Nordlicht, Defendant Mark Nordlicht' father, fell and sustained trauma to his head and a related brain injury. Mr. Jules Nordlicht was taken by emergency vehicle to South Nassau Community Hospital in Oceanside, New York, where he was admitted to it Critical Care Unit ("CCU"). Mr. Jules Nordlicht immediately underwent surgery, but never recovered. From the date of his fall, Mr. Jules Nordlicht has been nonresponsive, and the prognosis is that, barring a miracle, death is imminent.

In accord with the Jewish faith and its cultural traditions, once a death occurs, the burial should happen immediately. Therefore, a third-party custodian for Mr. Nordlicht's passport is necessary. When Mr. Jules Nordlicht succumbs to his injures, the Defendant

**LISABETH J. FRYER, P.A.**
— ATTORNEY & COUNSELOR AT LAW —

will be required to travel in short order. If this occurs on a Friday afternoon after the close of Court, the Defendant will not have the ability to participate in a required religious ritual.

Following his death, Mr. Jules Nordlicht will be flown to his ancestral homeland of Israel in accordance with his wishes. Thereafter, the Defendant will sit shiva, as he is required to after his father's burial, for seven days. The requirement to honor one's parents is one of the Ten commandments, and a foundation of Mr. Nordlicht's faith. Escorting his father to his final resting place in Israel will represent the final opportunity for Mr. Nordlicht to honor his father. During the period of shiva, close family members will remain at home in mourning while friends and family visit and express their condolences. This religious custom is a required, necessary, and vital part of the grieving process in the Defendant's faith. Shiva will be observed at 16 Ravutski Street, Ra'anana, Israel.

Mark Nordlicht requests a temporary modification of his conditions of release to permit him to travel to Israel for the limited purpose of attending the burial of his father for nine days. Defendant further requests a temporary modification of his conditions release to permit him to return to Israel for the limited purpose of unveiling the tombstone, which occurs in Israel after the first 30 days of mourning. Defendant requests three days for this trip. Additionally, the Defendant requests his passport, now held in the Federal Clerk's Office, be released to Mr. Eliot Lauer as a third-party custodian in order to facilitate the immediate travel related to this request. Attorney Eliot Lauer is Partner

2

☎ (407) 960-2671   🌐 www.lisabethfryer.com   ✉ lisabeth@lisabethfryer.com
📍 250 International Pkwy., Suite 134  Lake Mary FL 32746



# LISABETH J. FRYER, P.A.
### ATTORNEY & COUNSELOR AT LAW

and Co-Chair of the Litigation Group at Curtis, Mallet-Prevost, Colt and Mosle LLP, located at 101 Park Ave #34, New York, NY 10178.

If this request is granted, the Defendant will execute an Affidavit of Consent of Extradition to be filed before travel as a condition of travel. Counsel for Defendant consulted with the government and can represent the government objects to this motion. However, it must be noted that Mark Nordlicht and his family were living in Israel for the year in 2015-2016 and he voluntarily returned to the United States early and immediately (leaving his family behind) once news of an investigation surfaced in order to cooperate fully with the investigation. Mr. Nordlicht has appeared at every required court appearance and has otherwise, scrupulously complied with each and every condition of release. Accordingly, the Defendant is clearly not a flight risk and denying him the ability to honor his father is inconsistent with a presumption of innocence.

Sincerely,

/s/

Jose Baez
Ronald S. Sullivan Jr.
Lisabeth Fryer
(counsel for Mark Nordlicht)

cc: All Counsel of Record (via CM/ ECF)