

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JMK:ALC/LHE/PTH                                    *271 Cadman Plaza East*
F. # 2016R00505                                    *Brooklyn, New York 11201*

August 2, 2018

By Hand and ECF

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:      United States v. Mark Nordlicht et al.
         Criminal Docket No. 16-640 (BMC)

Dear Judge Cogan:

         The government respectfully submits this letter in opposition to the defendant
Mark Nordlicht's application to travel to Israel to attend his father's anticipated burial.  ECF No.
365 ("Nordlicht Letter").  While the government is sympathetic to Nordlicht's circumstances, for
the reasons stated below, his request to travel to Israel should be denied.

I.       Background

         Nordlicht was arrested on December 19, 2016 at his home in New Rochelle, New
York.  He was arraigned before United States Magistrate Judge Lois Bloom later that day.  Judge
Bloom granted Nordlicht's release upon the entry of a $5 million personal recognizance bond
secured by $500,000 in cash and signed by two sureties.[1]  His travel was limited to the Southern
and Eastern Districts of New York and the District of New Jersey.

         Nordlicht maintains significant ties to Israel.  To the government's knowledge, at
the time of his arrest, Nordlicht maintained a residence in Israel and traveled there with some
frequency.  As alleged in the Indictment, on or about December 13, 2015, when Nordlicht's
hedge fund, Platinum Partners L.P. ("Platinum") was mired in an existential liquidity crisis, he
discussed with co-conspirators the possibility of fleeing the United States in the event he was
unable to secure an influx of money into the fund.  Indictment, ECF No. 1 at ¶ 67
("NORDLICHT asked [Co-Conspirator 1] for $2.5 million to pay Platinum's brokers . . . A few
hours later, NORDLICHT sent an[] email to Co-Conspirator 1 that stated, in part: "Am on my
way to jfk with kids for their 6 pm flight to Israel.  [Co-Conspirator 2] ducking my calls . . . [My

_____

[1]      One of these sureties was Nordlicht's father, the other was his wife.

wife] is literally making me get on Israel flight if we don't connect and agree what we are doing.").

II.    Travel to Israel Poses a Significant Risk of Flight

Permitting Nordlicht to leave the United States and travel to Israel would create a substantial risk that he would never return to face prosecution. Nordlicht has strong incentives to flee. He is the lead defendant in a case involving an approximately $1 billion fraud. If convicted at trial, he faces the prospect of decades in prison (even a conservative application of the United States Sentencing Guidelines calls for an advisory Guidelines range of life in prison), and substantial potential forfeiture and restitution orders. Moreover, flight to Israel is a particularly viable option for Nordlicht, given that he maintains a residence in Israel and currently has family ties to that country.

Were Nordlicht to refuse to return to the United States, there is no guarantee that he could be compelled to return to face prosecution in the United States. Although the United States has entered into an extradition treaty with Israel, extradition under the treaty is never guaranteed and would inevitably involve protracted litigation. Moreover, while the defendant has volunteered that he would execute a waiver of extradition, the enforceability of such a waiver, including in Israel, is highly uncertain. Consequently, the proposed waiver provides no assurance that the defendant will return. See, e.g., United States v. Stroh, No. 96-CR-139 (AHN), 2000 WL 1832956, at *5 (D. Conn. Nov. 3, 2000) (observing, in the context of a defendant with ties to Israel, that "it appears that there is a substantial legal question as to whether any country . . . would enforce any waiver of extradition."); United States v. Kazeem, No. 15-CR-172 (AA), 2015 WL 4645357, at *3 (D. Or. Aug. 3, 2015) ("Defendant's suggestion that he might sign a waiver of extradition is undermined by grave doubts about the enforceability of such a waiver."); United States v. Young, No. 12-CR-502 (TC), 2013 WL 12131300, at *7 (D. Utah Aug. 27, 2013) ("[I]n [defendant's] briefs, he offers to waive extradition. But this too is hollow. If he arrives in Lebanon, the United States's ability to enforce that contractual waiver is significantly hampered."). Furthermore, while the defendant's flight would, at minimum, forfeit his $500,000 cash security, the defendant has substantial means, and may reasonably determine that the prospect of losing that $500,000 is a risk worth taking for the possibility of enjoying freedom for the remainder of his life.[2]

---

[2]    Notably, the sureties to his $5 million bond are his father and his wife. In Nordlicht's application, he suggests that his family may currently reside in Israel. Nordlicht Letter at 3 (arguing that Nordlicht's return travel from Israel in 2016 involved him "leaving his family behind"). If that remains true, and in the event of his father's death, there would be no sureties remaining in the United States, and it is unclear to what extent any of the sureties' assets remain in this country and are subject to seizure. In the event the Court is inclined to grant Nordlicht's motion, the government respectfully submits that substitute sureties residing in the United States be required to sign the bond.

III.    <u>Conclusion</u>

For the reasons set forth above, the government respectfully submits that Nordlicht should not be permitted to travel to Israel.[3]

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney
Eastern District of New York

By:     /s/
        Alicyn L. Cooley
        Lauren Howard Elbert
        Patrick T. Hein
        Assistant U.S. Attorneys
        (718) 254-7577 (Elbert)

cc.     Defense counsel (by ECF)

---

[3]     The government's objection to Nordlicht's motion extends to his request for permission to leave his passport with an attorney who has not filed a notice of appearance in this case (Eliot Lauer, Esq.), <u>see</u> Nordlicht Letter at 2, and to his request for permission to make a second, later trip to Israel for the anticipated unveiling.  <u>Id.</u>