

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JMK:ALC/LHE/PTH                                    *271 Cadman Plaza East*
F. # 2016R00505                                    *Brooklyn, New York 11201*

August 8, 2018

By Hand and ECF

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:   United States v. Mark Nordlicht et al.
>       Criminal Docket No. 16-640 (BMC)

Dear Judge Cogan:

The government respectfully submits this letter to request that the Court schedule a conference as soon as convenient to address the terms of the December 19, 2016 order granting bail to the defendant Mark Nordlicht (the "Bail Order") and the circumstances of his recent travel to Israel.

I.      Factual Background

As described in the government's original opposition to Nordlicht's request to travel to Israel, ECF Docket No. 366, Nordlicht is currently on pretrial release pursuant to the Bail Order signed by United States Magistrate Judge Lois Bloom.  The terms of the Bail Order released Nordlicht on a $5 million personal recognizance bond signed by two sureties, his father and his wife, and secured by $500,000 in cash.  The Bail Order restricted Nordlicht's travel to the Eastern and Southern Districts of New York and the District of New Jersey.

On August 2, 2018, Nordlicht filed a motion seeking permission to travel to Israel to attend his father's anticipated burial.  ECF Docket No. 365.  The same day, the government filed its letter in opposition.  Later the same evening of August 2, 2018, the Court granted Nordlicht's request "on condition that defendant submits a waiver of extradition from Israel and an opinion from a highly credentialed Israeli lawyer that the waiver would be enforced if the United States sought extradition."  ECF Docket No. 367 (the "Travel Order") (emphasis added).

The following day, Friday, August 3, 2018, at 3:56 p.m., Nordlicht submitted a waiver of extradition and a "legal opinion" from an attorney based in the United States.  ECF Docket No. 368.  Less than an hour later, at 4:47 p.m., the government filed a letter with the Court seeking permission to respond to and challenge the sufficiency of Nordlicht's submission by Monday, August 6, 2018.  ECF Docket No. 369.  Less than an hour after that, at 5:41 p.m.,

the Court granted the government's request and directed the government to respond to Nordlicht's submission by August 6.[1]  See Order docketed on ECF on August 3, 2018 (the "August 3 Order").  On Monday, August 6, 2018, the government filed a substantive response to Nordlicht's August 3 submission attaching the "legal opinion," which response included a letter from the Israeli Ministry of Justice (the "Israeli Ministry Letter") regarding the effect of anticipatory waivers of extradition and their inability to bind Israeli courts.  ECF Docket No. 369 (the "Reply Letter").  The following day, Tuesday, August 7, 2018, Nordlicht filed a letter revealing, for the first time, that he had departed for Europe "over the weekend" following his father's unfortunate passing.  ECF Docket No. 370.  Specifically, Nordlicht had traveled to Israel via Europe on Sunday, August 5, 2018.

II.    The Government Requests a Status Conference to Discuss the Terms of Nordlicht's Bail

The government respectfully requests that the Court schedule a status conference as soon as practicable regarding the terms of Nordlicht's bail.  A status conference is necessary at this time to address the impropriety of permitting Nordlicht to return to Israel in approximately 30 days to attend an additional ceremony, and the present inadequacy of Nordlicht's bond and conditions of pretrial release.

Nordlicht's request to travel to Israel for a second time should be denied based on his recent conduct and the authoritative conclusions in the Israeli Ministry Letter.  At the time Nordlicht left the United States on August 5, there remained an active dispute before the Court regarding whether he had met the condition in the Court's August 2 Order that he provide "an opinion from a highly credentialed Israeli lawyer that the waiver would be enforced if the United States sought extradition."  ECF Docket No. 367.  The Court acknowledged this dispute by granting the government's August 3 request to challenge the sufficiency and credibility of the "legal opinion" Nordlicht had submitted less than an hour earlier, and ordering the government to file its response by August 6.  Despite the Court's August 3 Order and the ongoing pendency of Nordlicht's motion to travel, Nordlicht unilaterally determined that he had complied with the Court's Travel Order and left the country.

Even if Nordlicht believed he had satisfied the Court's Travel Order when he filed an extradition waiver and "legal opinion" at 3:56 p.m. on August 3, the Court's August 3 Order – issued less than two hours later – made clear that the Court had not yet ruled on the adequacy of the submitted "legal opinion" and thus that the defendant was not free to travel absent further order of the Court.  The defendant, however, ignored the Court's August 3 Order and traveled to Israel on August 5.  Equally troubling, even after receiving ECF bounces reflecting the

---

[1]    Pretrial Services has subsequently informed the government that defense counsel contacted them at approximately 3:40 p.m. on August 3 (before defense counsel filed the "legal opinion" on ECF) and the passport was released to defense counsel at 5:00 p.m.  Accordingly, defense counsel picked up the passport approximately 15 minutes after the government filed the Reply Letter.  The Court's August 3 Order was entered merely 40 minutes later. As defense counsel must have seen that Order well before Nordlicht traveled on August 5, there is no justification for their client's proceeding with that travel with no notice to the Court or the government.

government's August 3 request to file a response to Nordlicht's submission and the Court's August 3 Order granting that request, defense counsel did not notify the government or the Court that Nordlicht had left the country until August 7, the day after the government filed its August 6 Reply Letter. It defies logic and experience that defense counsel could have seen the government's August 3 letter and the Court's August 3 Order setting an August 6 response deadline for the government and nonetheless have concluded that the defendant was free to travel before August 6. Defense counsel reasonably can be presumed to have known the necessity of at least informing the Court and the government of Nordlicht's father's passing and Nordlicht's intent to travel internationally prior to his departure.[2] Anything less equates to defiance of a court order.

For these reasons, a status conference is necessary to ascertain the circumstances under which Nordlicht left the country and, in light of the controlling authority of the Israeli Ministry Letter, to determine whether Nordlicht should have been allowed to travel to Israel in the first place and whether his future travel to Israel should be permitted. As the government argued in its Reply Letter, Nordlicht's legal opinion was insufficient to satisfy the conditions in the Court's Travel Order. Not only was the opinion not from "a highly credentialed Israeli lawyer" who was qualified to opine on the enforceability of extradition waivers, it was nothing more than a regurgitation of the applicable treaty provisions and did not address the issue at hand here: whether Israel would extradite a defendant at the United States' request based on the defendant's execution in the United States of an anticipatory waiver of extradition in the face of the defendant's later refusal to return to the United States. As the Israeli Ministry of Justice has stated, such a waiver definitively would not bind an Israeli court in an extradition proceeding. Contrary to Nordlicht's dismissive assertion that the issue is "moot," the issue remains live and critical because Nordlicht is seeking to return to Israel in 30 days. See ECF Document No. 365. The government continues to oppose the defendant's travel to Israel and submits that he should not be permitted to use his recent, unauthorized travel to his advantage.

The government further moves the Court to order the addition of a new, financially responsible surety to Nordlicht's bond. Nordlicht's father was one of Nordlicht's two sureties and, with his passing, Nordlicht's wife remains the only surety on Nordlicht's bond. The signature of an additional, financially responsible surety with sufficient ties to both Nordlicht and the United States should be obtained as soon as possible.

---

[2] Nordlicht's purported reliance on Pretrial Services is misplaced. Contrary to Nordlicht's assertion, Pretrial Services is not "any [sic] agency of the Government" (ECF Docket No. 370) and does not automatically or as a matter of course report to the government on each of its communications with defense counsel. (Indeed, here, Pretrial Services did not alert the government to the release of the defendant's passport or any information regarding his travel to Israel.) Moreover, Pretrial Services' decision to release the passport to Nordlicht was not and could not have been viewed as authorization from the Court itself to travel to Israel, in light of the indisputably ongoing pendency of Nordlicht's motion to travel.

III.    Conclusion

           For the reasons set forth above, the government respectfully requests that the Court set a status conference at its earliest convenience to address the defendant's travel and the above-referenced bond issues.

                                        Respectfully submitted,

                                        RICHARD P. DONOGHUE
                                        United States Attorney
                                        Eastern District of New York

By:        /s/
                                          Alicyn L. Cooley
                                          Lauren Howard Elbert
                                          Patrick T. Hein
                                        Assistant U.S. Attorneys
                                          (718) 254-7577 (Elbert)

cc.    Defense counsel (by ECF)

4