# LISABETH J. FRYER, P.A.
## ATTORNEY & COUNSELOR AT LAW

January 17, 2019

**VIA CM/ECF**

The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: *United States v. Mark Nordlicht, et al.*, No. 1:16-cr-00640-BMC

Dear Judge Irizarry and Judge Cogan:

  We write this letter in response to the January 16, 2019 Government letter purportedly revealing known numerous communications between former lead AUSA on the Platinum Partners investiation and members of the press that occurred during the relevant time period of the government leaks. As an initial matter, it is imperative that we establish the actual facts and circumstances of the recent Government disclosure to this Court. This Court is familiar with Mr. Nordlicht's consistent assertion that the government engaged in grand jury leaks. Evidence of those leaks is fundamental to Mr. Nordlicht's defense. This Court ultimately denied Mr. Nordlicht's request for hearing on the issue. A related Petion for Writ of Mandamus is currently pending in the Second Circuit Court of Appeal.

  During the course of litigation, Mr. Nordlicht made an independent request under the Freedom of Information Act. Specifically, Mr. Nordlicht requested "all emails or text communications between Winston Paes, Robert Capers, Alicyn Cooley, Sarah Evans, Laura Elbert, Craig Minsky, Julie Amato, David Chaves, Tracie Razzagone, John Casale, and any member of New York Post, Wall Street Journal, Bloomberg or Reuters from the period of Jan. 1, 2016, to December 31, 2016."

  The agency originally denied Mr. Nordlicht's request on privacy grounds. Consequently, Mr. Nordlicht filed suit and the Agency agreed to search all records involving any member of USAO. They refused to search for records from FBI employees on the grounds that FBI was a separate agency. The records from the FBI are now the subject of a separate FOIA action that is expected to be stayed because of the government shutdown.

After a search for the requested records at the USAO, the Agency ultimately acknowledged that the records existed, but refused to turn those records over under FOIA. The Agency cited the following exemption as to why it was not turning over these records: "The critical importance of these records to the on-going investigation necessitates that we assert FOIA Exemption 7(A) to safeguard any law enforcement proceeding. Exemption 7(A) relates to any records that could reasonably be expected to interfere with enforcement proceedings." (*See* attached, Agency response to FOIA request, Exhibit A).

On January 16, 2019, counsel for Mr. Nordlicht sent an email to AUSA David Pitluck requesting the now known documents in existence related to leaks under *Brady* and *Giglio*. (*See* attached, email to AUSA David Pitluck, Exhibit B). Counsel sent this email to Mr. Pitluck rather than AUSA Alicyn Cooley because Ms. Cooley had previously represented to the Court by affidavit that she spoke with members of her office and no member of her office engaged in leaks, thereby making her a potential witness in this matter. At this point, Mr. Nordlicht's FOIA request was still denied and related litigation was pending. (*See* attached, FOIA litigation documents, Exhibit C).

Thereafter, Mr. Pitluck did not respond or produce the requested documents. Instead, the FOIA request was suddenly granted and a contemporaneous letter was sent to the Court by Ms. Cooley. (Dkt. #486). In that letter, the Government attempted to color their actions as responsive to the FOIA request "in an abundance of caution."

Based on the actual events as documented, this shows a glaring lack of candor to the Court. The Court now has in its possession 63 pages of communications between the lead AUSA On the Platinum investigation and members of the press cited in Mr. Nordlicht's leaks motion and request for hearing. Notably, the AUSA in question met the reporter cited in Exhibit A for drinks the night before the article was published. Further incidents supporting leaks by AUSA in question are numerous and damning and still being digested by counsel for Mr. Nordlicht.

The breadth of the misconduct is shocking and unprecedented. The damage from the media leaks led to the destruction of the primary evidence of the case, the value, liquidity, and overall health of the Funds. While we respectfully disagree with the government's categorization that the leaks did not involve grand jury material, frankly the ramifications of the AUSA misconduct extend well beyond that issue. We believe that the artificial suppression of Platinum values through selective media leaks constitutes market manipulation and securities fraud. We also do not believe a motion to dismiss will relate to only counts 1 throug 5 but that the entire indictment has been illegally obtained. Accordingly, Mr. Nordlicht requests this Court grant him leave to amend his motion for hearing based on the leaks, as well as a full hearing on the matter as the emails were not contemplated in any previous motions.

Sincerely,

/s/ *Lisabeth Fryer*
Lisabeth Fryer
(on behalf of Mark Nordlicht)

cc: All Counsel of Record (via CM/ECF)

U.S. Department of Justice

Executive Office for United States Attorneys
Freedom of Information and Privacy Staff

*Suite 7300, Bicentennial Building*  (202) 252-6020
*600 E Street, NW*  *FAX (202) 252-6047*
*Washington, DC 20530*

December 11, 2018

Mark Nordlicht
mnord18@gmail.com
245 Trenor Drive
New Rochelle, NY

Re: Request Number: EOUSA-2017-001747
Date of Receipt: September 25, 2017
Subject of Request: Copy of 2016 documents between the United States Attorney's Office, Eastern District of New York, and any member of the New York Post, Wall Street Journal, Bloomberg, or Reuters/ Case 1:18-cv-00403-JEB NORDLICHT v. U.S. DEPARTMENT OF JUSTICE

Dear Mr. Nordlicht:

    Your request for records under the Freedom of Information Act/Privacy Act has been processed. This letter constitutes a reply from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys.

    To provide you with the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

    The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act. 28 CFR § 16.81. We have also processed your request under the Freedom of Information Act. This letter is a full denial.

    All potentially responsive records for this request located in the United States Attorney's Office for the Eastern District of New York fall under a pending law enforcement investigation that implicated the full range of records referenced in your request. The critical importance of these records to the on-going investigation necessitates that we assert FOIA Exemption 7(A) to safeguard any law enforcement proceeding. In addition, the following exemptions cited for withholding these records also apply:

**Exhibit A**

(b)(5) (Attorney Work-Product and Deliberative Process Privilege)
(b)(6), (b)(7)(C) (Personally Identifiable Information)

An enclosure to this letter explains the exemptions in more detail.

    [ X ]    See additional information attached.

If you are not satisfied with my response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, DC 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site: https://foiaonline.regulations.gov/foia/action/public/home. Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

You may contact our FOIA Public Liaison at the telephone number listed above for any further assistance and to discuss any aspect of your request. Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

    Sincerely,

    Kevin Krebs
    Assistant Director

Enclosure(s)

Form No. 021nofee – 12/15

**Lisabeth Fryer**

---

| | |
|---|---|
| **From:** | Lisabeth Fryer <lisabeth@lisabethfryer.com> |
| **Sent:** | Wednesday, January 16, 2019 11:06 AM |
| **To:** | 'david.pitluck@usdoj.gov'; 'Ronald Sullivan'; 'Jose Baez' |
| **Subject:** | Nordlicht; Potential Brady material |

Mr. Pitluck,

We wanted to bring to your attention recent activity in a Freedom of Information Act Request which has relevance in our case. Defendant Mark Nordlicht has been litigating the following request: "all emails or text communications between Winston Paes, Robert Capers, Alicyn Cooley, Sarah Evans, Laura Elbert, Craig Minsky, Julie Amato, David Chaves, Tracie Razzagone, John Casale, and any member of New York Post, Wall Street Journal, Bloomberg or Reuters from the period of Jan. 1, 2016, to December 31, 2016."

The agency originally denied Mr Nordlicht's request on privacy grounds. Consequently, Mr. Nordlicht filed suit and the Agency agreed to search all records involving any member of USAO. They refused to search for records from FBI employees on the grounds that FBI was a separate agency. The request involving FBI employees is now the subject of separate FOIA lawsuit.

We understand that the search related to the US Attorney employees has yielded responsive records. We understand these are records that at least some members of the office may have previously been unaware of. We want to therefore give you the opportunity to review the records so you can pass along any *Brady* material to us.

The Agency cited the following exemption as to why it was not turning over these records. The critical importance of these records to the on-going investigation necessitates that we assert FOIA Exemption 7(A) to safeguard any law enforcement proceeding. Exemption 7(A) relates to any records that could reasonably be expected to interfere with enforcement proceedings.

Taking the government at its word that producing these records would interfere with a pending law enforcement proceeding, it seems likely that the correspondence was substantive. Regardless of the merits of the government's position in relation to FOIA, any evidence of communication between members of the EDNY team who worked on our case and members of the press must be turned over to us immediately pursuant to *Brady*.

Transparency on this issue is of vital importance to insuring the defendant's due process rights have not been violated in the past and will not be violated moving forward. We have omitted lead AUSA Alicyn Cooley from this correspondence because of a potential conflict, as she was previously informed by members of your office that these communications did not exist. Please review the search results generated in the FOIA case and produce any materials that relate to our case by Tuesday January 22nd at 5 PM. Thank you for your consideration in this matter.

~Lisabeth

Lisabeth Fryer
Lisabeth J. Fryer, P.A.
250 International Parkway

1

**Exhibit B**

Suite 134
Lake Mary, Florida 32746
Website: www.lisabethfryer.com
Phone: 407-960-2671

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CONFIDENTIALITY NOTICE: The information contained in this transmission may be privileged and confidential, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MARK NORDLICHT, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No.: 18-403 (JEB) |
| U.S. DEPARTMENT OF JUSTICE, | ) |
| Defendant. | ) |

### JOINT STATUS REPORT

The parties submit this Joint Status Report to apprise the Court of the status of this Freedom of Information Act ("FOIA") case in which plaintiff, Mark Nordlicht, *pro se*, seeks a variety of records from the Executive Office for United States Attorneys ("EOUSA").

1. Plaintiff is under indictment in the United States District Court for the Eastern District of New York, and his request seeks agency records concerning disclosure to the media of details in his investigation. Specifically, plaintiff requests "all emails or text communications between Winston Paes, Robert Capers, Alicyn Cooley, Sarah Evans, Laura Ebhart, Craig Minsky, Julie Amato, David Chaves, Tracie Razzagone, John Casale, and any member of New York Post, Wall Street Journal, Bloomberg or Reuters from the period of Jan. 1, 2016, to December 31, 2016."

2. The agency's search and processing are complete. By letter dated December 11, 2018, it issued a final response stating that all responsive records were being withheld in full under Exemptions 5, 6, 7(A), and 7(C).

3. The agency is prepared to defend its withholdings in a dispositive motion and the parties have agreed on a schedule.

## Exhibit C

- Defendant's motion will be due on January 21, 2019.

- Plaintiff's opposition will be due on February 4, 2019.

- Defendant's reply will be due on February 15, 2019.

This schedule reflects a typical 30-day briefing deadline slightly adjusted to account for holiday conflicts that will make it difficult to coordinate among undersigned counsel, counsel for defendant EOUSA, and individuals in the United States Attorney's Office for the Eastern District of New York whose input will be required. Defendant proposes to file a *Vaughn* index (or equivalent explanation of its withholdings) at the same time as its motion. A proposed order is attached.

Respectfully submitted,

JESSIE K. LIU, D.C. Bar. No. 472845
United States Attorney

DANIEL F. VAN HORN, D.C. Bar No. 924092
Chief, Civil Division

By:   /s/  *Damon Taaffe*
DAMON TAAFFE, D.C. Bar No. 483874
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20001
(202) 252-2544
damon.taaffe@usdoj.gov

By:   /s/ *Mark Nordlicht*
MARK NORDLICHT, *pro se*
245 Trenor Drive
New Rochelle, NY
(914) 636-6535
Mnord18@gmail.com