UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA

CASE NO.: 1:16-cr-00640-BMC

ECF Case

- against -

MARK NORDLICHT, et al.,
Defendants.

------------------------------------------------------------X

### DEFENDANT'S MOTION TO COMPEL EXCULPATORY EVIDENCE

COMES NOW, Defendant MARK NORDLICHT, by and through his undersigned attorney, and pursuant to Federal Rule of Criminal Procedure, Rule 16, and *Brady v. Maryland*, 373 U.S. 83 (1963), and moves this honorable Court to order the Government to produce to him any evidence that is exculpatory or favorable to him and any evidence that could lead to evidence that is exculpatory or favorable, specifically all email, text, and phone calls placed by specific members of the FBI and the media and the USAO and the media and in support asserts the following:

Mr. Nordlict's recent FOIA request regarding the former lead prosecutor in this matter revealed ongoing communications between himself and the very media outlets that have been the subject of defense government leak claims. A second FOIA request directed to the FBI is currently being litigated by Mr. Nordlicht. Specifically, Mr. Nordlicht seeks all communication between Agents Craig Minsky, Julie Amato, David Chaves, Tracie Razzagone, John Casale, and any member of New York Post, Wall Street Journal, Bloomberg or Reuters from the period of Jan. 1, 2016, to December 31, 2016.

1

(*See Nordlicht v. FBI*, Case no: 18-CV-0635, D.D.C (note FBI motion to Stay Proceedings in Light of Lack of Appropriations is currently pending in that matter)).

But Mr. Nordlicht should not have to litigate this as civil matter in a D.C. Court. This material is discoverable under Rule 16, disclosure is required under *Brady* and *Giglio* and the undersigned respectfully requests this Court order the Government to immediately produce these materials. Further, based on the recent FOIA disclosure, Mr. Nordlicht seeks the production of additional communications deliniated below. The requested materials are required to ensure these proceedings are fair and Mr. Nordlicht's right to due process has not been violated.

## MEMORANDUM OF LAW

Material or information in the hands of the prosecution is discoverable "where the evidence is material to guilt or to punishment." It includes evidence "favorable to the accused either direct or impeaching". *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d. 215 (1963); *Giles v. Maryland*, 386 U.S. 66, 76 (1967); *Giglio v. United States*, 405 U.S. 150 (1972); *Kyles v. Whitley*, 514 U.S. 419 (1995). The obligation to disclose favorable evidence to the accused is that of the Government and failure to disclose such information is not excused merely because the prosecutor did not have actual knowledge of such favorable evidence. *United States v. Auten*, 632 F.2d 478 (5th Cir.1980); *Rhinehart v. Rhay*, 440 F.2d. 725 (9th Cir.1971), cert. den. 404 U.S. 825. "The duty of disclosure effects not only the prosecutor, but the Government as a whole, including its investigative agencies." *United States v. Bryant*, 439 F.2d 642, 658 (DC Cir. 1971).

Here, we now know the Government had in its possession voluminous communications between the former lead prosecutor and the very media outlets Mr.

Nordlicht has consistently alleged were the recipients of the leaks. Mr. Nordlicht will not rehash the significance of and prejudice that resulted from those leaks, as this Court is fully apprised on those issues through multiple previous filings. However, it should not take a Freedom of Information Act request, litigation in another jurisdiction, and a *Brady* and *Giglio* demand after receiving evidence the requested documents exist before the Government releases exculpatory documents in a criminal matter.

Based the FOIA materials and previously filed news articles, Mr. Nordlicht has a good faith basis to believe that additional evidence of government leaks exist. Accordingly, Mr. Nordlicht respectfully requests this Court compel the Government to produce the following: all communications between former AUSA James McGovern and any member of New York Post, New York Times, Wall Street Journal, Bloomberg or Reuters from the period of Jan. 1, 2016, to December 31, 2016, as well as all communication between Agents Craig Minsky, Julie Amato, David Chaves, Tracie Razzagone, John Casale, and any member of New York Post, New York Times, Wall Street Journal, Bloomberg or Reuters from the period of Jan. 1, 2016, to December 31, 2016. Additionally, Mr. Nordlicht seeks production of communications between former AUSA Winston Paes and members of the media (including Keri Geiger, Zeke Faux, Rob Copeland, and Kevin Dugan) from the period of Jan. 1, 2016, to December 31, 2016 that were not previously disclosed through the recent FOIA production.

WHEREFORE, the defendant, Mark Nordlicht, by and through counsel, respectfully requests this Court compel the Government to produce the aforementioned material.

Dated:   January 18, 2019

*/s/ Lisabeth J. Fryer*
LISABETH J. FRYER
LISABETH J. FRYER, P.A.
250 International Pkwy, Suite 134
Lake Mary, Florida 32746
Telephone (407) 960-2671
Florida Bar No. 89035
lisabeth@lisabefryer.com
(One of the Attorneys for Mark Nordlicht)

Cc: All counsel of record (by ECF)

4