UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
    UNITED STATES OF AMERICA,

              - against –            **ORDER**

    MARK NORDLICHT,            16-cr-00640 (BMC)
    DAVID LEVY,
    DANIEL SMALL,
    JOSEPH MANN,
    JOSEPH SANFILIPPO, and
    JEFFREY SHULSE,

              Defendants.
------------------------------------------------------------ X

**COGAN,** District Judge.

    Defendants previously sought an evidentiary hearing regarding the Government's purported leak of grand jury matters in light of media reports about the investigation of Platinum Partners. The Court denied defendants' prior request – and defendants' motion for reconsideration of that denial – because defendants failed to show that a matter occurring before the grand jury was disclosed or that the source of the disclosures was a Government attorney or agent. The Court also found that, even if defendants establish a leak of grand jury matters, they cannot demonstrate the prejudice that would warrant a remedy for the leak.

    After the Court denied defendants' prior motion for an evidentiary hearing, defendants received additional information related to the purported grand jury leaks. Defendant Nordlicht previously requested these documents under FOIA, though his request was denied. Nordlicht then filed a lawsuit in the District of Columbia against the Department of Justice seeking access to this information under FOIA. He also requested that the Government produce these documents under Brady v. Maryland, 373 U.S. 83 (1963), in the instant prosecution. The

Executive Office for United States Attorneys recently produced these documents to Nordlicht in the FOIA action.

The documents at issue consist of emails between Winston Paes, a former prosecutor who worked on the Platinum Partners investigation, and various reporters. Although an Assistant United States Attorney previously submitted a declaration indicating that Paes affirmed that he did not disclose to any member of the press any information obtained as a result of the grand jury investigation in this case, defendants contend that the documents Nordlicht recently received call this portion of the declaration into doubt.

The Court allowed defendants to renew their motion for an evidentiary hearing in light of these documents, but cautioned defendants that this was not a license to relitigate the issues the Court resolved in its prior order, so any basis for a hearing had to be grounded in the new evidence.

Defendants also moved the Court to compel the Government to produce (1) all communications between six Government personnel and members of five media outlets from 2016 and (2) all communications between Paes and members of the media from 2016, to the extent these documents were not already produced, on the ground that such communications constitute material exculpatory evidence under Brady.

Under Federal Rule of Criminal Procedure 6(e), government attorneys, among other individuals, "must not disclose a matter occurring before the grand jury." Before a court may order a hearing on a possible violation of this rule, "the defendant must establish a *prima facie* case of a violation of Federal Rule of Criminal Procedure 6(e)." United States v. Rioux, 97 F.3d 648, 661 (2d Cir. 1996). "To determine if the defendant established a *prima facie* violation of the Rule, the court should examine, among other factors: (1) whether the media reports disclose

matters occurring before the grand jury; (2) whether the media report discloses the source as one prohibited under Rule 6(e); and (3) evidence presented by the government to rebut allegations of a violation of Rule 6(e)." Id.

Rule 6(e) forbids the disclosure of "not only the evidence actually presented to [the grand jury] but also anything that may tend to reveal what transpired before it, such as summaries of grand jury testimony . . . ." United States v. Eastern Air Lines, Inc., 923 F.2d 241, 244 (2d Cir. 1991). Disclosures that may violate Rule 6(e) include information about grand jurors, expected witnesses, expected witness testimony or questions, strategy or direction of a grand jury investigation, or the date when a grand jury will return an indictment. United States v. Skelos, No. 15-cr-317, 2015 WL 6159326, at *10 (S.D.N.Y. Oct. 20, 2015).

The Court has already found that none of the articles at issue disclose matters occurring before a grand jury. None of the newly-obtained evidence alters that finding. Defendants provide a list of "specific grand jury leaks" supposedly at issue, including:

- Nordlicht was a target of the grand jury investigation;

- The grand jury was looking at potential securities fraud, not public corruption;

- Prosecutors in the Eastern District of New York, not the Southern District, were leading the grand jury's investigation;

- The grand jury was investigating Platinum's use of new investor subscriptions in part to satisfy redemption requests;

- The grand jury was investigating Platinum's valuation methods;

- The grand jury was looking specifically at Platinum's investment in Golden Gate; and

- The grand jury was investigating whether Platinum used unreliable outside valuation experts.

3

This is the same list of purported leaks that the Court already considered after defendants previously submitted it in connection with their initial request for a hearing. Defendants have not explained why any of the newly-discovered evidence indicates that any of these purported leaks disclosed a matter occurring before the grand jury, and no new reason is apparent from the emails produced in the FOIA action.

These emails do not suggest that there was a leak of information pending before the grand jury, such that if the Court were privy to them when issuing its prior ruling on this matter, it would have granted defendants' request for an evidentiary hearing. Thus, there is no reason for the Court to depart from its prior ruling, because even if these emails suggest that Paes disclosed information to reporters, the emails could only be construed to relate to articles that the Court has found do not disclose matters pending before the grand jury.

Defendants also claim that a hearing is warranted in light of United States v. Walters, 910 F.3d 11 (2d Cir. 2018). In Walters, the Second Circuit affirmed the district court's denial of the defendant's request for an evidentiary hearing about the prejudice caused by grand jury leaks that the Government conceded occurred.[1] The Second Circuit explained that the record and briefing on the prosecutorial misconduct alleged in that case were sufficient and a hearing would not have meaningfully developed the record on the issue of prejudice. This case is distinguishable from Walters because here defendants have not shown that there was a grand jury leak, and Walters is arguably constrained to whether a hearing on the issue of prejudice is warranted once a grand jury leak is established.

---

[1] The agent who leaked the information in Walters was also involved in the investigation of Platinum Partners. The Court has already addressed this agent's role in this case in its prior order and the new evidence does not provide any reason to reevaluate the relevant portion of the Court's prior order.

4

Even if Walters is read to apply to a hearing on the existence of a grand jury leak in the first place, the Court does not need a hearing in this case. As was true in Walters, the record is fully developed on this issue. The Court has access to a substantial paper record that includes the media reports at issue, the communications between Paes and members of the media, and a declaration by an Assistant United States Attorney indicating that Paes told her that he did not disclose any grand jury information to the media. The parties have had three separate opportunities to brief this issue: their initial motion for a hearing, their motion for the Court to reconsider its denial of the hearing, and the instant motion. Despite this extensive motion practice, defendants have yet to point to enough information to establish a *prima facie* case of a Rule 6(e) violation. Any hearing would be a fishing expedition that would not meaningfully develop the record or alter the Court's determinations. Defendants must first put forth enough information to give rise to the need for a hearing; they cannot use the hearing as their vehicle to make their *prima facie* case.

Defendants also move to compel the production of certain evidence. Under Brady, the Government is required to disclose material evidence favorable to a criminal defendant. The Government violates Brady if it suppresses evidence, either willfully or inadvertently; the evidence is favorable to the accused; and prejudice ensued. See Strickler v. Greene, 527 U.S. 263, 281 (1999). Further, Federal Rule of Criminal Procedure 16 requires the Government to disclose certain documents relating to defendants, the Government's case-in-chief, reports of examinations or tests, and summaries of expert testimony.

Defendants seek broad categories of documents – all communications between certain Government personnel and certain members of the media from 2016 – that they categorize as exculpatory material. Defendants have not even identified the role that all of these individuals

play in this matter, let alone provided a reason to believe that all of these communications are Brady or Rule 16 material, and no reason is apparent. The Court therefore declines to order the Government to produce the documents defendants have requested. However, the Court reminds the Government of its obligations to disclose material under Brady and Rule 16, which may include documents in the categories that defendants have requested.

Defendants' [495] motion for a hearing on Government leaks and [491] motion to compel exculpatory evidence are denied. The hearing scheduled for February 1, 2019 is canceled.

**SO ORDERED.**

                                                                   U.S.D.J.

Dated: Brooklyn, New York
       January 31, 2019