VIA CM/ECF
The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *United States v. Mark Nordlicht, et al.*, No. 1:16-cr-00640-BMC

February 1, 2019

Dear Judge Cogan:

Mr. Nordlicht, by and through undersigned counsel, writes this letter-motion seeking reconsideration of the Court's denial of his motion seeking an evidentiary hearing to explore putative Rule 6(e) violations by the government.

The basis for the Court's denial was that Mr. Nordlicht was not able show that "a matter occurring before the grand jury was disclosed." Mr. Nordlicht submits that, in fact, documentary evidence establishes that grand jury information was indeed disclosed. As the Court is aware, Motions to Reconsider "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Below, we present the data that may have been overlooked in arriving at a decision.

While the Court's Order focuses on the newly disclosed *Brady* evidence uncovered pursuant to Mr. Nordlicht's FOIA request, there is additional disclosed *Brady* that establishes that leaks at issue regarded matters before the Grand Jury. Specifically, the Government disclosed that Mr. Grenville testified before the Grand Jury and provided testimony favorable to the defense on valuation regarding Black Elk. Incredibly, the Government did not disclose that the primary focus of Mr. Grenville's testimony was related to valuation of Golden Gate Energy, a fact that demonstrates that the subject matter of the leaks was, indeed, a matter *occurring before the Grand Jury*. See Exhibit A, attached.

As the Court knows, the substance of Mr. Grenville's Grand Jury testimony was only provided to the defense in the 302 materials and, accordingly, was not available to the defense to present in its initial papers to Judge Irizarry or this Court. Bloomberg went to print on an article on August 11, 2016, after conversations between Patricia Hurtado and Winston Paes. The article, in pertinent part, reads, "Whether Platinum properly accounted for hard to value assets, including

the (California) oil fields, is at the center of a probe *by Federal Prosecutors in Brooklyn, according with a person with direct knowledge of the matter*."

Mr. Nordlicht respectfully submits that the foregoing satisfies the relatively low bar to justify a hearing on leaks in that the leaks regarding matters before the grand jury occurred and the source of such leaks was the government.

Sincerely,

/s/Ronald S. Sullivan, Jr.
Ronald S. Sullivan Jr.
(on behalf of Mark Nordlicht)

Cc: All Counsel of Record (via CM/ECF)