

# LISABETH J. FRYER, P.A.
## Attorney & Counselor at Law

February 7, 2019

**VIA CM/ECF**

The Honorable Brian M. Cogan
United State District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *United States v. Mark Nordlicht, et al.*, No. 1:16-cr-00640-BMC

Dear Judge Cogan:

We write you on behalf of the Defendant, Mark Nordlicht and respectfully request this Court grant Mr. Nordlicht a stay pending the outcome of his Amended Petition for Writ of Mandamus. In support, we provide the following;

## STATEMENT OF FACTS

On April 7, 2017, prior counsel for Mr. Nordlicht first raised the issue of evidence of government leaks in this matter. On April 10, 2017, Chief Judge Irizarry ordered a show cause hearing regarding the Rule 6(e)(2)(B) violations that Mr. Nordlicht raised in his motion papers. The necessary predicate of that order was that Mr. Nordlicht had met the "relatively light" burden to establish a *prima facie* case of Rule 6(e) violations. *Id.*

Shortly before the hearing date, Chief Judge Irizarry adjourned the hearing and stated that "the Court will set a new date to address the motion" at the next status conference. Order (May 8, 2017). However, Chief Judge Irizarry did not reschedule the

hearing at that status conference, or at any time thereafter, despite repeated requests from Defense Counsel. Chief Judge Irizarry then issued an order denying defendant's motion "in its entirety," without ever mentioning or expressly revoking the court's original order that properly granted a hearing. Order (Oct. 16, 2017). This second order further stated that "[a] written opinion will follow." *Id.* Less than an hour after the order denying the motion, this case was reassigned to Judge Cogan. *See* Order Reassigning Case (Oct. 16, 2017).

Eight months later, still awaiting the written opinion, Judge Cogan suggested at a status conference that undersigned counsel write Chief Judge Irizarry and ask her for the written opinion. *See* Dkt. Nos. 107 & 112. A week later, on July 3, 2018, counsel followed Judge Cogan's suggestion and submitted such a letter to Chief Judge Irizarry. *See* Dkt. No. 353.

Two months later, on September 16, 2018, still awaiting Chief Judge Irizarry's written opinion, undersigned counsel requested that Judge Cogan restore Judge Irizarry's original Order and order an immediate show cause hearing.

On November 21, 2018, 13 months following Chief Judge Irizarry's representation that a "written order will follow," the Memorandum and Order denying Mr. Nordlicht an evidentiary hearing was released. On December 10, 2018, Mr. Nordlicht filed a Petition for a Writ of Mandamus.

Thereafter, on January 16, 2019, Mr. Nordlicht received the results of previously contested Freedom of Information Act (FOIA) request. The FOIA request provided direct evidence of communications and meetings between the former lead AUSA on Mr. Nordlicht's case and members who published the damaging, preindictment stories

regarding the investigation in this matter. Based on the disclosures, Mr. Nordlicht moved to reopen the briefing on the issue of leaks and a necessary hearing. This Court allowed further briefing. On January 30, 2019, this Court issued an Order denying the opportunity for a hearing on the grand jury leaks issue. Mr. Nordlicht moved for reconsideration. That motion was denied on February 4, 2019. On February 7, 2019, Mr. Nordlicht filed an Amended Petition for Writ of Mandamus with the Second Circuit Court of Appeals to full incorporate the FOIA disclosure, subsequent pleadings and Order that transpired subsequent to the filing of the original Petition.

Because Mr. Nordlicht will be irreparably harmed if he is required to go to trial before this issue is fully resolved, he respectfully requests this Court grant this Motion to Stay the Proceedings pending a ruling on his Amended Petition for Writ of Mandamus.

## ARGUMENT

In determining whether a motion to stay is appropriate, this Court must consider the following four factors: 1) whether the stay applicant has made a strong showing he is likely to succeed on the merits; 2) whether the applicant with be irreparably injured by the stay; 3) whether issuance of the stay will substantially injure the other parties interested in proceeding; and 4) where the public interest lies. The degree to which a factor must be present varies with the strength of the other factors, meaning one or more of one factor excuses less of the others. Fed. R. App. P. (8)(a)(1); *Thapa v. Gonzales*, 460 F.3d 323, 334 (2d Cir.2006). Based on the necessary factors, Mr. Nordlicht is entitled to a stay.

## IRREPARABLE HARM IS CERTAIN IN THE ABSENCE OF A STAY

Mr. Nordlicht's assertion of Government leaks is not an ancillary issue. Instead, Mr. Nordlicht has presented *prima facie* evidence that the leaks created the circumstance for this prosecution and a hearing on the matter is fundamental for his defense. "[T]he protective purposes of Rule 6(e) are many, but they coalesce to protect the integrity of the grand jury process by shielding witnesses and erroneously accused citizens as well as guarding against the compromising of legitimate prosecutorial objectives." *In re Grand Jury Subpoena*, 920 F.2d 235, 243 (4th Cir. 1990). As detailed in the Amended Petition, as well as the aforementioned pleadings on the matter, for months, while the grand jury was investigating in what should have been secret, a steady flow of information was leaked to the press. Mr. Nordlicht believes that these leaks prejudiced him by causing the valuation of his funds to plummet in response to public knowledge of the investigation. Mr. Nordlicht further believes that this decline in value, caused by the leaks, created the circumstances to bring the case, a matter fundamentally based on the notion that positions were overvalued.

Significantly, Mr. Nordlicht would face irreparable harm if required to commence trial before this issue is ruled upon by the appellate court. Because the issue of leaks carries of a potential remedy of dismissal of the charges, this remedy will be lost if not fully adjudicated pretrial. A later ruling by the Second District in his favor post-trial will not remedy this issue. "Where the potential for irreparable injury absent a stay is substantial'" the moving party "need only make a minimal showing of likelihood of success on appeal." *Pane v. Town of Greenburgh*, 2012 WL 12886971 (S.D.N.Y. March 21, 2012) citing *Mohammed v. Reno*, 309 F.3d 95, 100-101 (2d Cir. 2002).

### MR. NORDLICHT IS LIKLEY TO SUCCEED ON THE MERITS

Respectfully, while this Court took a different view of this issue, Mr. Nordlicht maintains that he is likely to prevail on the merits of his Petition for Writ of Prohibition. In all aforementioned pleadings on the issue, as well as the Amended Petition, Mr. Nordlicht has made a *prima facie* showing that he is entitled to a hearing on a 6(e) violation, at a minimum based on evidence of a Government Grand Jury Leak. Further, a Writ is likely to issue because Mr. Nordlicht is entitled to an evidentiary hearing to determine the extent of the leaks and the prejudice stemming from the leaks. Without a hearing, Mr. Nordlicht will be unable to know whether government leaks have prejudiced him.

On Petition, Mr. Nordlicht asserts that Winston Paes' actions in leaking grand jury materials suppressed valuations of Platinum's funds and so prevented them from realizing their full value. As a result, the Government's charges against Mr. Nordlicht are not based on his conduct regarding the fund, but rather on the Government's own actions. This is particularly important based on this Court's indication that the Government may now be able to offer evidence of investor losses. Without an evidentiary hearing to determine the extent of the leaks damages, Mr. Nordlicht may not obtain a judicial remedy or have sufficient evidence to persuade a jury on this point. Thus, the District Court's Order prevents Mr. Nordlicht from presenting a complete defense. Under these circumstances, a Writ is the appropriate remedy. *United States v. Prevezon Holdings Ltd.*, 839 F.3d 227, 237 (2d Cir. 2016) (issuing writ of mandamus to vacate order below (citing *In re City of New York*, 607 F.3d 923, 932–33 (2d Cir. 2010)).

### OTHER PARTIES WILL NOT BE SUBSTANTIALLY INJURED BY A STAY

While a stay in the proceedings will clearly cause a delay in the trial, this, standing alone, is insufficient to create the level of prejudice necessary to preclude Mr. Nordlicht from having the opportunity to seek relief from this Court's Order. There is no evidence the government would suffer any injury beyond a delay in the proceedings.

Because the first two factors of the traditional standard are the most critical, any claim of injury by the government should be given less weight. *See In re World Trade Center Disaster Site Litigation*, 503 F.3d 167 (2d Cir. 2007) ("We have also noted that the degree to which a factor must be present varies with the strength of the other factors, meaning that " 'more of one [factor] excuses less of the other.' " citing *Thapa v. Gonzales*, 460 F.3d 323, 334 (2d Cir.2006)).

## THE PUBLIC INTEREST WEIGHS IN FAVOR OF A STAY

Generally, there is a significant public interest in fair trials designed to end in just judgments. *See Wade v. Hunter*, U.S. 336 684, 689, 69 S. Ct. 834, 837 (1949). Specifically, "the protective purposes of Rule 6(e) are many, but they coalesce to protect the integrity of the grand jury process by shielding witnesses and erroneously accused citizens as well as guarding against the compromising of legitimate prosecutorial objectives." *In re Grand Jury Subpoena*, 920 F.2d 235, 243 (4th Cir. 1990). Clearly, the public interest is best served when the Grand Jury process is free from Government leaks that compromise the evidence in any given case. If this stay is granted until the Writ issues and results in a full hearing on the Government leaks this will promote fair prosecutions unsullied by corrupted evidence. At a minimum, the Second Court of Appeal should have the opportunity to make a determination on the merits of the Petition before Mr. Nordlicht is put on trial.

WHEREFORE, the defendant, Mark Nordlicht, by and through counsel, respectfully requests this Court stay the proceedings pending the Writ of Mandamus.

Dated:   February 7, 2019

/s/ *Lisabeth J. Fryer*
LISABETH J. FRYER
LISABETH J. FRYER, P.A.
250 International Pkwy, Suite 134
Lake Mary, Florida 32746
Telephone (407) 960-2671
Florida Bar No. 89035
lisabeth@lisabefryer.com
(One of the Attorneys for Mark Nordlicht)