UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

UNITED STATES OF AMERICA

CASE NO.: 1:16-cr-00640-BMC

ECF Case

- against -

MARK NORDLICHT, et al.,
Defendants.

-----------------------------------------------------------X

# DEFENDANT NORDLICHT'S MOTION TO SEVER FROM CODEFENDANTS AND MOTION TO CONTINUE

COMES NOW defendant, Mark Nordlicht, by and through his counsel of record, pursuant to the Sixth Amendment to the Constitution of the United States and Rule 12 and 14(a) of the Federal Rules of Criminal Procedure, and hereby respectfully moves the Court for a continuance of the trial for 60 days to adequately prepare and investigate. This matter is currently set for jury selection on the February 19, 2019. As grounds for this Motion, counsel submits the following Memorandum in Support:

## MEMORANDUM IN SUPPORT

1. The defendant is charged in eight counts by indictment on December 14, 2016. (Dkt. # 1). Since that time, tens of millions of documents have been disclosed by the Government in this matter.

2. Current counsel for Mr. Nordlicht's Motion to Substitute Counsel was granted on June 22, 2018. (Dkt. #343). Based on the representations of the Government that discovery had been substantially completed, counsel for Mr. Nordlicht expressed to this

1

Court that they would be prepared for trial. (Status Conference held 6/29/2018). The Government reaffirmed that no discovery, other than "minimal productions" would be made prior to trial. (Status Conference held 9/21/2018).

3. However, late in the evening on Friday, October 5, 2018 the government, for the first time, disclosed over 30 recordings of the defendants and nearly 300,000 pages of text messages and emails to and from the defendants. The reason for the late disclosure provided to the Court was a fear that the cooperating witnesses would suffer some undefined danger and generally be ostracized by their respective religious communities. After an Order from this Court requiring any evidence to support the government assertions, these dangers remain undefined.

4. At the subsequent status conference on October 29, 2018, counsel for Mr. Nordlicht alerted the Court that this late disclosure of massive proportions would likely result in the need for a continuance to adequately prepare for trial.

5. What has become clear is that, as a result of these late disclosures, counsel for Mr. Nordlicht will be unprepared for trial. There is simply no way to meaningfully review this overwhelming number of documents for all *Brady*, *Giglio*, and *Bruton* material in time for a February trial date, as currently scheduled by this Court. A review of the materials thus far has, in fact, produced evidence of *Brady* and *Giglio* material. (Hearing October 29, 2018). It is highly probable more exculpatory material exists in this material. Further, without a reasonable time to review this disclosure, it is also unclear whether Mr. Nordlicht will be prevented from mounting a full defense available to him. In addition, the current deadline for disclosures of all documents the defense plans to use in its case is chief is February 12, 2019. Without appropriate time to review all documents in this

matter, there is a well-founded fear that exculpatory evidence will not be disclosed to the Government and will, therefore, possibly be excluded at trial based on counsel's inability to review all discovery.

6. Mr. Nordlicht seeks a continuance for himself, alone. He is differently situated from his co-defendants on this issue. Mr. Nordlicht has a Sixth Amendment right to the counsel of his choice and, accordingly, substituted in new counsel in June 2018 with the understanding that Government disclosures had been substantially performed. Counsel appreciated that reviewing the discovery in this matter would be a monumental task. However, that task tipped into an impossibility based on the aforementioned 300,000 page document dump so close to jury selection. While codefendants' counsel has made it clear that further delay would prejudice their clients' Sixth Amendment rights, under the circumstances a denial of a reasonable continuance would prejudice Mr. Nordlicht's rights as well. A severance is necessary and justified to serve the ends of justice for all defendants. *See United States v. Carrasco*, 968 F. Supp. 948, 951–52 (S.D.N.Y. 1997).

7. In addition, Mr. Nordlicht has alerted the Court early and often that communications between government agents and the media and resulting publications were a causal component of the circumstances giving rise to the present charges. This Court has ruled that Mr. Nordlicht has provided insufficient evidence that government leaks of Grand Jury information occurred in this matter, although sufficient evidence that continuous communications on this matter between the former AUSA and members of the press clearly occurred. Accordingly, this Court deemed a hearing unnecessary and denied a motion to compel further related disclosures. Counsel for Mr. Nordlicht is still required to adequately investigate these fundamental issues in order to provide effective

assistance of counsel. This will require additional time. *See Strickland v. Washington*, 466 U.S. 668, 691, 104 S.Ct. 2025, 2052 ("counsel has a duty to make reasonable investigations").

8. Mr. Nordlicht has previously acknowledged and waived his right to a speedy trial. While Mr. Nordlicht has previously requested a trial date as soon as practical, the substantial change in circumstances (nearly 300,00 pages of new documents and multiple hours of recordings) require a continuance and severance in this matter.

9. As an independent basis for severance, Mr. Nordlicht has a good faith basis to believe that at least one codefendant currently joined with him in this matter will present a defense in which he portrays himself as a "victim" of Mr. Nordlicht. (*See* Small Motion to Sever; Dkt. # 441). Mr. Nordlicht continues to adamantly assert his innocence of all charged offenses.

10. As to Mr. Small, it is clear there is a conflict of defenses that requires severance. *See United States v. Shkreli*, 260 F. Supp. 3d 247 (EDNY 2017)(severance of co-defendants proper where "joint trial would place on defendant unfair and heavy burden in defending himself against both government and co-defendant, on light of co-defendant's counsel's declared intention to act as second prosecutor by arguing that defendant was guilty and that co-defendant was one of his victims").

11. Because there are no discovery obligations between co-defendants, it is unclear how the addition of essentially a second team of prosecutors against Mr. Nordlicht will manifest at trial. The Court can be certain that there will be a heightened risk of mistrial based on necessary objections throughout the trial.

11. Accordingly, Mr. Nordlicht respectfully requests a continuance and severance in this matter.

12. This motion is not made to harass this Court, and it is in the interests of justice that it be granted in that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial pursuant to 18 U.S.C. § 3161(h)(8).

WHEREFORE, the defendant, Mark Nordlicht, by and through counsel, respectfully requests this Court grant his motion to sever from codefendants and to continue the trial for 60 days from its current date of February 19, 2019.

Dated: February 10, 2019

> */s/ Lisabeth J. Fryer*
> LISABETH J. FRYER
> LISABETH J. FRYER, P.A.
> 250 International Pkwy, Suite 134
> Lake Mary, Florida 32746
> Telephone (407) 960-2671
> Florida Bar No. 89035
> lisabeth@lisabefryer.com
> (One of the Attorneys for Mark Nordlicht)

cc: All Counsel of Record (via CM/ECF)