

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JMK:ALC/DCP/PTH                                 *271 Cadman Plaza East*
F. #2016R00505                                  *Brooklyn, New York 11201*

February 10, 2019

<u>BY ECF</u>

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:    United States v. Mark Nordlicht <u>et al.</u>
>        Criminal Docket No. 16-640 (BMC)

Dear Judge Cogan:

   The government respectfully submits this letter in response to the defendant Mark
Nordlicht's motion to stay the trial pending a decision from the Second Circuit on his amended
petition for a writ of mandamus.[1]  <u>See</u> Docket No. 532.  Nordlicht's motion to stay the trial
should be denied because his petition for a writ of mandamus, currently pending in the Second
Circuit, is foreclosed by binding Circuit precedent and there is therefore no basis to stay
proceedings in this Court.  As an initial matter, the Supreme Court has made clear that "[t]he text
of [Federal Rule of Criminal Procedure] Rule 6(e) contains no hint that a governmental violation
of its prescriptions gives rise to a right not to stand trial."  <u>Midland Asphalt Corp. v. United
States</u>, 489 U.S. 794, 802 (1989).  Because "post-trial review is available to remedy any
prejudice [a defendant] may suffer" from an alleged Rule 6(e) violation, the Second Circuit has
expressly held that a writ of mandamus is an inappropriate vehicle for raising that issue.  <u>United
States v. Helmsley</u>, 866 F.2d 19, 21-22 (2d Cir. 1988) (holding that court lacked jurisdiction to
hear interlocutory appeal from denial of motion to dismiss alleging Rule 6(e) violation because
post-trial relief is available; construing appeal as petition for writ of mandamus and denying it
for same reason); <u>see also, e.g.</u>, <u>United States v. Ford</u>, 895 F.2d 1415 (6th Cir. 1990) (summary
order) (holding that court lacked jurisdiction to consider interlocutory appeal from denial of
motion to dismiss based on alleged Rule 6(e) violation and denying mandamus petition); <u>United
States v. Poindexter</u>, 859 F.2d 216, 222 (D.C. Cir. 1988) (denying petition for writ of mandamus
and explaining that "claims of unfair prejudice arising out of alleged grand jury error will be

---

   [1]  The government also received, this evening, Nordlicht's motion for a severance
and adjournment of the trial.  <u>See</u> Docket No. 536.  The government submits that Nordlicht's
motions are both untimely and meritless and is prepared to respond at the Court's direction.

reviewable on direct appeal following conviction").[2]  Indeed, as this Court is aware, the Second Circuit recently addressed (and rejected) a Rule 6(e) claim on direct appeal in United States v. Walters, 910 F.3d 11, 22-29 (2d Cir. 2018).  Because Nordlicht's mandamus petition is meritless, there is no basis to stay proceedings in this Court pending the Second Circuit's denial of the writ.[3]

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By:        /s/
           Alicyn L. Cooley
           David C. Pitluck
           Patrick T. Hein
           Assistant U.S. Attorneys
           (718) 254-6389/6108/6284


Cc:    Clerk of the Court (BMC) (by ECF)
       Defense counsel (by ECF)

---

[2]     Nordlicht's pending mandamus petition does not acknowledge Helmsley or the cases in other circuits reaching this conclusion.

[3]     In addition, Nordlicht has not informed the Second Circuit of the impending trial date and has not sought an expedited briefing schedule for his petition.  To date, the Second Circuit has not set a briefing schedule or directed the government to respond.  See Fed. R. App. P. 21(b)(1) (noting that Court of Appeals may deny petition without an answer, or order a response).  Accordingly, any stay entered in this Court would be of indefinite duration.