UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
:
UNITED STATES OF AMERICA, :
:
- against – : **ORDER**
:
MARK NORDLICHT, : 16-cr-00640 (BMC)
DAVID LEVY, :
DANIEL SMALL, :
JOSEPH MANN, :
JOSEPH SANFILIPPO, and :
JEFFREY SHULSE, :
:
Defendants. :
-------------------------------------------------------------- X

**COGAN**, District Judge.

1. Defendant Nordlicht has moved to stay this proceeding pending the outcome of his petition for a writ of mandamus and, in a separate motion, for a 60-day continuance and to sever his trial from that of his codefendants.

2. To determine whether a stay is appropriate, courts consider the likelihood of success on the merits, irreparable injury if a stay is denied, substantial injury to the party opposing a stay if one is issued, and the public interest. Thapa v. Gonzales, 460 F.3d 323 (2d Cir. 2006).

3. In support of his motion to stay pending the outcome of his mandamus petition, Nordlicht contends that he is likely to succeed on the merits and will be irreparably harmed if he is required to go to trial before the petition is resolved. As an initial matter, the Court disagrees that Nordlicht is likely to succeed on the merits, for the reasons stated in the Court's multiple denials of Nordlicht's motions for an evidentiary hearing on the purported grand jury leaks. Further, as the Government has noted, because "post-trial review is available to remedy any

prejudice defendants . . . may suffer" from a grand jury leak, the Second Circuit has held that a petition for writ of mandamus is an inappropriate means of addressing the denial of a motion for dismissal of the indictment, or for a hearing, in light of grand jury leaks. U.S. v. Helmsley, 866 F.2d 19, 21 (2d Cir. 1988). The potential prejudice to the Government in granting an indefinite stay only weakens Nordlicht's position, and consideration of the public interest does not alter the result.

4. "The decision whether to grant a continuance is a matter traditionally within the discretion of the trial judge," and appellate courts will only find an abuse of this discretion if the defendant shows that denying a continuance was an "arbitrary action that substantially impaired the defense." U.S. v. O'Connor, 650 F.3d 839, 854 (2d Cir. 2011) (internal quotation marks omitted). Nordlicht makes no such showing here.

5. In support of his motion for a 60-day continuance, Nordlicht points to the Government's October 5, 2018 production of approximately 30 recordings and approximately 300,000 pages of text messages and emails. Nordlicht received this production – which the parties and the Court have addressed multiple times – over four months in advance of trial, which provided him with ample time to prepare.

6. Nordlicht also cites his intention to conduct his own investigation of the alleged grand jury leaks that the Court and parties have also addressed multiple times over the duration of this matter. His decision to divert resources from his trial preparation to investigate purported grand jury leaks is not a basis to delay a trial, especially where the purported grand jury leaks have little, if any, relevance to the trial.

7. Finally, in support of his motion to sever, Nordlicht repeats arguments made by his codefendant Daniel Small, who previously moved to sever his own trial from that of his

codefendants.  In his motion to sever, Small noted that he invested in Platinum and sought to redeem his stake but has not yet been paid.  The Court already found that Small's lack of payment would not compromise any of the defendants' trial rights, or prevent the jury from making a reliable judgment about guilt or innocence, and denied Small's motion for a severance as a result.  See Zafiro v. U.S., 506 U.S. 534 (1993).  Nordlicht has not provided any reason for the Court to revisit its prior ruling.

8.     Nordlicht's [532, 536] motions are therefore DENIED.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
       February 11, 2019