

# LISABETH J. FRYER, P.A.
### ATTORNEY & COUNSELOR AT LAW

February 15, 2019

**VIA CM/ECF**

The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *United States v. Mark Nordlicht, et al., No. 1:16-cr-00640-BMC*

Dear Judge Cogan:

Pursuant to this Court's Order on Mr. Nordlicht's Motion in Limine to Preclude Evidence of Flight (Dkt. # 479, pg. 10) and Fed. R. Crim. P. 7(d), we write this letter to request this Court strike misleading surplusage in a limited portion of the Indictment that refers to Mr. Nordlicht's travel to Israel, one year before the Indictment, as an attempt to "flee."

## Background:

On December 14, 2016, the defendant was charged in eight counts by Indictment. (Dkt. # 1). In paragraph 67 of the Indictment, the government alleges:

> On or about December 13, 2015, the defendants MARK NORDLICHT and URI LANDESMAN, as well as Co-Conspirator 1, engaged in an email exchange that contemplated NORDLICHT and Co-Conspirator 1 fleeing from the United States and illustrated their knowledge and awareness of the fraudulent scheme perpetrated on Platinum's investors and prospective investors. Specifically, Co-Conspirator 1 sent an email to NORDLICHT that stated: "Don't forget books. Assume we are not coming back to ny[.] Just to be safe. Depends on Miami[.] We can fly straiggt [sic] to Europe from Miami on Tuesday[.] Take passport." In response, NORDLICHT asked for $2.5 million to pay Platinum's brokers and noted that he was ready to take $7.5 million from a second mortgage on his house to deal with the liquidity crisis. A few hours later, NORDLICHT sent another email to Co-Conspirator 1 that stated, in part: "Am on my way to jfk with kids for their 6 pm flight to Israel.

☎ (407) 960-2671   🌐 www.lisabethfryer.com   ✉ lisabeth@lisabethfryer.com
📍 250 International Pkwy., Suite 134  Lake Mary FL 32746



**LISABETH J. FRYER, P.A.**
— ATTORNEY & COUNSELOR AT LAW —

[Co-Conspirator 2] ducking my calls...[My wife] is literally making me get on Israel flight if we don't connect and agree what we are doing." NORDLICHT then forwarded his email exchange with Co-Conspirator 1 to LANDESMAN. Shortly thereafter, LANDESMAN responded: "You should get on the flight if there is no bridge [loan], probably even if there is, [Co-Conspirator 1] didn't set up any meetings for this week? We need to get through the *mehalech* of how we are going to share this with clients and employees, going to be very rough, big shame...it was nice seeing you, hopefully girls with reacclimate [sic] quickly."

On November 21, 2018, Mr. Nordlicht filed his Motion in Limine to Preclude Evidence of "Flight." (Dkt. # 435). In this motion, Mr. Nordlicht asserted that there was no nexus between his trip to Israel (one full year before he was criminally charged) and the charged offense sufficient to justify allowing this evidence in to demonstrate consciousness of guilt. *See United States v. Al-Sadawi*, 432 F.3d 419 (2d Cir. 2005). In short, the basis of the motion was that Mr. Nordlicht's trip to Israel was irrelevant to the charged offenses and would be unduly prejudicial if introduced at trial. (Dkt. # 435).

On January 8, 2019, this Court entered an Order granting Mr. Nordlicht's Motion in limine. (Dkt. # 479). In so ordering, this Court stated:

> Defendant Nordlicht moves to preclude so-called "flight" evidence concerning his trip to Israel approximately one year before the Government filed the indictment in this case. Any description of Nordlicht's conduct as "flight" is a mischaracterization because there is no connection between Nordlicht's trip to Israel and an indictment that was filed approximately one year later. *See United States v. Al-Sadawi*, 432 F.3d 419, 424 (2d Cir. 2005) ("[Flight's] probative value as circumstantial evidence of guilt depends upon the degree of confidence with which four inferences can be drawn [including an inference] from the defendant's behavior to flight[.]").
> 
>  As Nordlicht has explained, he travels frequently to Israel, and none of his trips are probative of his guilt or innocence of the charges in this case. Introduction of evidence of his trips would merely waste time and confuse the issues. Nordlicht's motion [435] to preclude evidence of his trip to Israel is GRANTED.

((Dkt. # 479, pg. 10).

In order to fully comport with this Court's finding, the undersigned respectfully requests this Court strike ¶ 67, pages 24-25 of the Indictment and the language in ¶ 68, page 25 that references ¶ 68, (specifically "Notwithstanding the above email exchange,")

☎ (407) 960-2671   🌐 www.lisabethfryer.com   ✉ lisabeth@lisabethfryer.com
📍 250 International Pkwy., Suite 134  Lake Mary FL 32746



on the ground that it constitutes misleading and prejudicial surplusage under Fed. R. Crim. P. 7(d).

### Legal Argument

Rule 7(d), Federal Rules of Criminal Procedure, permits the Court, on the defendant's motion, to strike surplusage from an Indictment. Fed. R. Crim. P. 7(d). However, Judge Matsumoto has stated, "The Second Circuit has held…that district courts should not grant motions to strike surplusage unless 'the challenged allegations are not relevant to the crime charged and are inflammatory and prejudicial.' *United States v. Mulder*, 273 F.3d 91, 99 (2d Cir.2001) (quoting *United States v. Scarpa*, 913 F.2d 993, 1013 (2d Cir.1990)). Moreover, "even language deemed prejudicial should not be stricken if evidence of the allegation is admissible and relevant to the charge." *United States v. Rivera*, No. 09–CR–619, 2010 WL 1438787, at *5 (E.D.N.Y. Apr. 7, 2010) (citing *Scarpa*, 913 F.2d at 1013). "Given this exacting standard, such motions [to strike] are rarely granted." *Id.* (quoting *United States v. Coffey*, 361 F.Supp.2d 102, 123 (E.D.N.Y.2005)). *See United States v. Barret*, 824 F.Supp 2d 419 (EDNY 2011).

Here, this Court has found no connection between Mr. Nordlicht's travel to Israel and the charged offense. (Dkt. 479, pg. 10). Further, this Court has stated evidence of travel to Israel "would waste time and confuse the issues." Additionally, this Court found "[a]ny description of Nordlicht's conduct as "flight" is a mischaracterization because there is no connection between Nordlicht's trip to Israel and an Indictment that was filed approximately one year later." *Id.* Under these circumstances, the language in the Indictment alleging "On or about December 13, 2015, the defendants MARK NORDLICHT and URI LANDESMAN, as well as Co-Conspirator 1, engaged in an email exchange that contemplated NORDLICHT and Co-Conspirator 1 fleeing from the United States and illustrated their knowledge and awareness of the fraudulent scheme perpetrated on Platinum's investors and prospective investors." Is not probative of any charged offense and is unduly prejudicial and confusing surplusage under Fed. R. Crim. P. 7(d) and should be stricken from the Indictment.

### Limited Request

Based on the foregoing, Mr. Nordlicht respectfully requests this Court strike ¶ 67 (pages 24-25 of the Indictment) and the language in ¶ 68 (page 25 of the Indictment) that references ¶ 68, (specifically "Notwithstanding the above email exchange,") on the ground that it constitutes misleading and prejudicial surplusage under Fed. R. Crim. P. 7(d). The government objects to this request.

☎ (407) 960-2671   🌐 www.lisabethfryer.com   ✉ lisabeth@lisabethfryer.com
📍 250 International Pkwy., Suite 134  Lake Mary FL 32746



        Sincerely,

        */s/ Lisabeth Fryer*
        Lisabeth Fryer
        (on behalf of Mark Nordlicht)

cc: All Counsel of Record (via CM/ECF)

(407) 960-2671  www.lisabethfryer.com  lisabeth@lisabethfryer.com
250 International Pkwy., Suite 134  Lake Mary FL 32746