

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

ALC/DCP/PTH
F. #2016R00505

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

February 15, 2019

By ECF

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   United States v. Mark Nordlicht et al.
             Criminal Docket No. 16-640 (BMC)

Dear Judge Cogan:

      The government writes respectfully to move in limine to preclude the defendants from making certain arguments, including in their opening statements, relating to alleged government misconduct or assigning responsibility to the government or its investigation for the demise of Platinum Partners Value Arbitrage Fund L.P. ("PPVA"), asking questions on cross-examination of the government's witnesses about those topics, or introducing evidence on those topics at the upcoming trial in the above-captioned matter.

I.     Background

      On February 13, 2019, the defendant Mark Nordlicht produced to the government a witness list and, later that evening, an amended witness list (collectively, the "Nordlicht Witness List"). A number of the individuals on the Nordlicht Witness List are current Assistant U.S. Attorneys in the Eastern District of New York—including one of the undersigned prosecutors and the supervisor of the trial team—and their spouses. The Nordlicht Witness List also includes a former U.S. Attorney, a former Assistant U.S. Attorney (the "former AUSA") who worked on this case, current colleagues of the former AUSA, and attorneys who previously represented Nordlicht in this case. None of these individuals has any firsthand knowledge of the facts of this case.[1]

---

[1]     Nordlicht also has included on his witness list more than one attorney who previously represented him, as well as the attorney of at least one government witness. It is not apparent for what purpose Nordlicht would seek to call these individuals at trial. Should it become clear prior to the beginning of any defense case that Nordlicht's purpose in calling such

The inclusion of these individuals on the Nordlicht Witness List is the defendants' latest attempt in their long-running effort to make this case about purported government misconduct rather than the defendants' charged crimes. The Court has denied the defendants' motion to dismiss Counts One through Five of the indictment on the basis of alleged violations of Federal Rule of Criminal Procedure 6(e), and multiple subsequent motions for reconsideration by the defendants (collectively, the "Leaks Motion"). See ECF Docket Nos. 516 & Electronic Order dated Feb. 4, 2019.[2] In addition, in a February 11, 2019 Order denying Nordlicht's motions to stay the trial, for a 60-day continuance, and to be severed from his co-defendants, the Court stated that it "disagrees" that Nordlicht's pending petition for a writ of mandamus "is likely to succeed on the merits, for the reasons stated in the Court's multiple denials of Nordlicht's motions for an evidentiary hearing on the purported grand jury leaks." Order, dated Feb. 11, 2019, ECF Docket No. 539, at 1. The Court further found that Nordlicht's "intention to conduct his own investigation of the alleged grand jury leaks that the Court and parties have also addressed multiple times over the duration of this matter" was "not a basis to delay" trial. Id. at 2. The Court also has denied the defendants' motions to dismiss the indictment on the basis of allegations of government misconduct, including allegations relating to an ex parte application and protective order relating to materials produced by cooperating witnesses, see Mem. & Order, dated Jan. 16, 2019, ECF Docket No. 485, and subsequent motions for reconsideration by the defendants (collectively, the "Government Misconduct Motions"), see Order, dated Jan. 28, 2019, ECF Docket No. 510.

Having failed in their arguments to the Court, the defendants apparently now intend to argue to the jury at trial that the government engaged in misconduct.[3] With respect to specific current or former Assistant U.S. Attorneys, such inflammatory arguments may include not only complaints about alleged leaks, as detailed in the Leaks Motion, or post-indictment conduct such as that alleged in the Government Misconduct Motions, but also accusations of improper financial or other motivation in connection with the prosecution of the defendants in this case. See, e.g., Defs.' Amended Mot. for Evidentiary Hrg. Regarding Gov't Leaks, ECF Docket No. 495, at 10-11 (alleging that a former Assistant U.S. Attorney committed Rule 6(e) violations "for his own publicity" and "to assist in his search for a private sector job").

Any such arguments to the jury would be manifestly improper and should be precluded. "It is established Second Circuit law that allegations of prosecutorial misconduct are properly directed to the judge, not the jury." United States v. Dupree, 833 F. Supp. 2d 255, 270 (E.D.N.Y. 2011), vacated and remanded on other grounds, 706 F.3d 131 (2d Cir. 2013). This is true both for charges of "outrageous government conduct" and "selective prosecution," as well as

---

witnesses is one of the improper purposes discussed in this letter, the government respectfully will seek to renew its arguments herein as to such witnesses at that time.

[2] In the Leaks Motion, the defendants argued, among other things, that press relating to the government's investigation of Platinum, including its search of Platinum pursuant to a search warrant on June 22, 2016, was responsible for the demise of PPVA and the decline in value of some of PPVA's positions.

[3] In addition to the former AUSA, a former FBI supervisory special agent and numerous reporters identified in the Leaks Motion were included on Nordlicht's Witness List.

all other arguments "unrelated to factual innocence of the crime charged." United States v. Regan, 103 F.3d 1072, 1082 (2d Cir. 1997); see also United States v. Loera, No. 09-CR-0466 (BMC), 2018 WL 2744701, at *6 (E.D.N.Y. June 7, 2018) ("Any selective-prosecution argument by defendant to the jury would therefore be improper."); United States v. Stewart, No. 03-CR-717 (MGC), 2004 WL 113506, at *1 (S.D.N.Y. Jan. 26, 2004) ("[A]ny evidence that raises questions of prosecutorial bias . . . has no bearing on the issues properly before the jury").

Even if purported government misconduct were somehow relevant to defendants' charged conduct—and it is not—any such relevance would be "far outweighed" by the extreme prejudicial impact of such arguments, questioning on cross-examination of the government's witnesses or evidence introduced by the defendants. United States v. Malpeso, 115 F.3d 155, 163 (2d Cir. 1997) (affirming exclusion of evidence regarding misconduct by FBI agent on investigative team). As the Second Circuit explained in Malpeso, "[t]he likely (and presumably intended) effect of admitting evidence of the . . . issue would [be] to shift the focus away from the relevant evidence of the defendants' wrongdoing to the tangentially related misdeeds of" the government. Id. "Such a diversion [would] not only risk[] needlessly delaying the trial, but also [would] create[] the very real possibility that the jury would improperly discredit the government's case in reaction to" the allegations. Id.

It is also well established that a "defendant who wishes to call a prosecutor as a witness must demonstrate a compelling and legitimate reason to do so." Regan, 103 F.3d at 1083; United States v. Tarantino, 617 F. App'x 62, 66 (2d Cir. 2015) (same); United States v. Gasperini, No. 16-CR-441 (NGG), 2017 WL 3115706, at *3 (E.D.N.Y. July 20, 2017) (same); United States v. Sattar, 314 F. Supp. 2d 279, 315 (S.D.N.Y. 2004) (same), aff'd sub nom. United States v. Stewart, 590 F.3d 93 (2d Cir. 2009). The defendants have not offered, and indeed could not offer, any such "compelling" or "legitimate" reasons to call current or former prosecutors in this case as witnesses, let alone their spouses. Indeed, given the well-established limits on calling such witnesses, there is no basis to include them on the Nordlicht Witness List.

Accordingly, the government respectfully requests that the defendants be precluded from making any arguments to the jury relating to any alleged government misconduct, cross-examining government witnesses on those subjects at trial, or introducing evidence on those subjects. Further, the government respectfully requests that defendants be

precluded from calling as witnesses any of the individuals highlighted on Exhibit A, which is attached hereto under seal,[4] without first proffering a legitimate reason for doing so.[5]

---

[4]   The government respectfully requests that Exhibit A to this letter—the Nordlicht Witness List—be filed under seal. As an initial matter, the government is sensitive to the need to minimize the amount of information in a criminal case that is filed under seal. See, e.g., United States v. Aref, 533 F.3d 72, 83 (2d Cir. 2008); Lugosch v. Pyramid Co., 435 F.3d 110, 119-20 (2d Cir. 2006). However, sealing is warranted in this case in order to protect the privacy interests of the proposed witnesses listed on the Nordlicht Witness List. See United States v. Amodeo, 71 F.3d 1044, 1050-51 (2d Cir. 1995) (privacy interests of third parties may be compelling reason justifying sealing). Under these circumstances, the government's countervailing interests in the privacy of those individuals outweigh the public's qualified right to access. As the facts set forth above provide ample support for the "specific, on the record findings" necessary to support sealing, Lugosch, 435 F.3d at 120, the government respectfully requests that the Court record those findings and file Exhibit A to this letter under seal.

[5]   The government previously argued the irrelevance and high risk of prejudice of the defendants' anticipated arguments placing responsibility for PPVA's downfall and the diminution in value of some of its positions on the government's investigation. See Gov't's Pretrial Mots., dated Nov. 21, 2018, ECF Docket No. 446, at 3-4, 6-8 (explaining "minimal" probative value of such arguments and evidence, and arguing that "the defendants' attempt to blame the demise of PPVA on the government's investigation of Platinum or press about that investigation would prejudice the government substantially and result in a distracting and unduly prejudicial mini-trial" and, "[a]ccordingly, the introduction of any such defense arguments, cross-examination or evidence at trial would violate Rule 403."); see also id. at 4 n.3 (explaining how Nordlicht has conflated articles or alleged leaks relating to the U.S. Securities and Exchange Commission's investigation with publicity relating to the government's investigation, and how evidence, arguments and cross-examination relating to the effects of any such publicity, whatever its content, are irrelevant and fail Rule 403's balancing test). The government respectfully renews those arguments, which were not addressed by the Court's previous order on the parties' motions in limine. See Order dated Jan. 8, 2019, ECF Docket No. 479 at 1-2.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By:    /s/
      Alicyn L. Cooley
      David C. Pitluck
      Patrick T. Hein
      Assistant U.S. Attorneys
      (718) 254-6389/6108/6284

cc:    Clerk of the Court (BMC) (by ECF)
       Defense counsel (by ECF)