UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
                                                          :
  UNITED STATES OF AMERICA,                               :
                                                          :
                  - against –                             :
                                                          :
  MARK NORDLICHT,                                         :   **ORDER**
  DAVID LEVY,                                             :
  DANIEL SMALL,                                           :   16-cr-00640 (BMC)
  JOSEPH MANN,                                            :
  JOSEPH SANFILIPPO, and                                  :
  JEFFREY SHULSE,                                         :
                                                          :
                  Defendants.                             :
---------------------------------------------------------- X

**COGAN**, District Judge.

1.      Defendant Small has filed a motion *in limine* to preclude evidence regarding four

different topics.  This order assumes familiarity with the facts and with the parties' positions.

2.      Small's motion to preclude evidence against Small relating to the alleged

fraudulent investment scheme is denied.  Small notes that the indictment charges two distinct

fraudulent schemes – the fraudulent investment scheme and the scheme to defraud Black Elk

bondholders – but only charges Small with involvement in the Black Elk bondholder scheme.

Small claims that introducing evidence related to the fraudulent investment scheme against him

would result in prejudicial "spillover" evidence.

3.      As the Court ruled in its October 17, 2017 order, which denied defendant Shulse's

motion to sever his trial from that of his codefendants,[1] these two alleged schemes are

intertwined:  Platinum's reporting to its auditors of Black Elk's performance, its receipt of

---

[1] In an April 16, 2018 order, the Court later severed Shulse's trial from that of his codefendants in light of Shulse's intention to argue that his codefendants committed fraud but hid the fraud from Shulse, who reported the fraud to the authorities when he discovered it.  Shulse's strategy would have subjected his codefendants to double prosecution, but this risk is not relevant here.

incentive fees based on that purported performance, its acquisition of Black Elk's assets, and the alleged fraud on Black Elk's bondholders are at the heart of the alleged fraudulent investment scheme. The Court ruled that limiting instructions are sufficient to obviate any prejudice resulting from "spillover" evidence, and Small has not provided any reason for the Court to reconsider its prior ruling.

4.     To the extent Small believes that a particular document gives rise to prejudice that cannot be obviated with a limiting instruction, he may object to the introduction of that particular document at trial. However, Small is cautioned that the opportunity to object at trial is not an appropriate means to relitigate issues – including any "spillover" in evidence between the fraudulent investment scheme and the Black Elk bondholder scheme – that the Court has already resolved before trial.

5.     Small's motion to preclude evidence relating to Black Elk's unpaid creditors and vendors is denied. Small asserts that, because they are not alleged victims, any issues that Black Elk had in paying the creditors and vendors are irrelevant. But the Government contends that defendants' familiarity with Black Elk's inability to pay its creditors motivated them to loot Black Elk of its most valuable assets for the benefit of Platinum – not Black Elk's creditors and vendors – before it was too late. The probative value of this evidence is not substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

6.     Small's motion to preclude evidence regarding the bankruptcy of Black Elk is denied. This bankruptcy occurred approximately a year after Black Elk disclosed that a majority of its bondholders consented to a consent solicitation for Black Elk bonds, which was part of the alleged Black Elk bond scheme. Small is concerned that the jury will improperly infer that the

alleged Black Elk bond scheme caused the bankruptcy, but in fact the Government intends to argue that the causal chain runs in a different direction.  Specifically, the Government intends to argue that Small knew that Black Elk's bankruptcy was looming in light of an explosion on Black Elk's oil platform, among other factors unrelated to the alleged bond scheme.  According to the Government, Small had a motive to extract assets and cash out of Black Elk before the bankruptcy.  Further, the Government intends to introduce evidence of the bankruptcy to demonstrate the impact of the alleged fraudulent scheme on the bondholders.

7.      To the extent there is still a risk that the jury would infer that the alleged fraudulent scheme caused the bankruptcy, Small may introduce evidence or argument to clarify the chain of events, or request that the Court give a limiting instruction on this issue.  Small may also introduce evidence to suggest that the bondholders have not necessarily incurred a complete loss of their investment, as that determination is still pending in Black Elk's ongoing bankruptcy.

8.      Small's motion to preclude evidence regarding his compensation is denied.  The Second Circuit has ruled that although "evidence of compensation, wealth, or lack thereof can unduly prejudice jury deliberations, that evidence may be admitted where other safeguards are employed such as limiting instructions or restrictions confining the government's references to that wealth." United States v. Quattrone, 441 F.3d 153, 187 (2d Cir. 2006).  Here, to demonstrate Small's motive for participation in the Black Elk bond scheme, the Government seeks to introduce evidence regarding Small's compensation in connection with his management of Black Elk, as a result of the alleged fraudulent consent solicitation, and as a managing director of Platinum.  Small insists that he was not actually paid most of the compensation Platinum has owed him since 2013, and he may point to his lack of payment at trial.  But he has not shown

why a limiting instruction is insufficient to obviate any prejudice resulting from introduction of evidence of his compensation.  See id.

      9.      Accordingly, Small's [541] motion *in limine* is denied.

**SO ORDERED.**


                                      _____

                                                  U.S.D.J.

Dated: Brooklyn, New York
       February 17, 2019