UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
                                            :

UNITED STATES OF AMERICA,          :

                      - against –         :

MARK NORDLICHT,            :   **<u>ORDER</u>**
DAVID LEVY,                 :
DANIEL SMALL,             :   16-cr-00640 (BMC)
JOSEPH MANN,              :
JOSEPH SANFILIPPO, and     :
JEFFREY SHULSE,           :
                                            :
                      Defendants.   :
---------------------------------------------------------- X

**COGAN**, District Judge.

1.      The Government has filed a motion *in limine* to preclude evidence regarding alleged Government misconduct or assigning responsibility to the Government or its investigation of Platinum Partners for the demise of Platinum Partners Value Arbitrage Fund L.P. ("PPVA").  This order assumes familiarity with the facts and with the parties' positions.

2.      Because allegations of prosecutorial misconduct involve an alleged "defect in the institution of the prosecution" rather than "factual innocence of the crime charged," defendants may direct such arguments to courts but not to juries.  <u>United States v. Regan</u>, 103 F.3d 1072, 1082 (2d Cir. 1997).  Here, defendants have made arguments of prosecutorial misconduct to the Court multiple times, and the Court has repeatedly addressed this issue.  Trial is not an appropriate forum to relitigate this issue.  To the extent the Government seeks to preclude defendants from arguing that the Government engaged in any type of misconduct, its motion is granted.

3.     Defendants will not be precluded from introducing evidence of media reports regarding the Government's investigation of Platinum Partners, to the extent such evidence relates to their factual innocence of the crimes charged and to the extent such evidence is otherwise admissible.  But any such evidence is beyond the proper scope of the testimony of a lay witness.  Without the guidance of an expert in economics or a related field, any testimony about what, if any, role the media reports about the investigation of Platinum played in PPVA's financial situation would invite undue speculation that risks unfair prejudice, confusing the issues, and misleading the jury.  An expert would have to perform a Daubert-compliant regression analysis to have any chance of having the jury evaluate defendants' argument with nothing more than conjecture.

4.     The Government also requests that the Court preclude defendants from calling certain witnesses – potentially including Assistant United States Attorneys – to testify.[1]  "A defendant who wishes to call a prosecutor as a witness must demonstrate a compelling and legitimate reason to do so."  Id. at 1083.  Defendants intend to call prosecutors to testify about "[w]hether and how the government's actions damaged the profitability of Mr. Nordlicht and his company."

5.     However, defendants have advanced neither a compelling nor a legitimate reason to call prosecutors for this purpose.  Indeed, the source of the information is irrelevant to whether defendants are guilty or innocent of the crimes charged in the Indictment.  Irrespective of how the media learned of the investigation, defendants can still make the argument that they had a good-faith basis to believe that PPVA would recover and it was the articles concerning the Government's investigation that put PPVA over the edge.  It is the content, not the source, of the

---

[1] The Government stated that it would file a list of these individuals as an attachment to the instant motion but has not provided such a list to the Court.

articles that matters.  Allowing defendants to call prosecutors for the purpose of determining how the media learned of the Government's investigation would only create a sideshow on an issue that does not relate to why defendants seek to introduce this evidence in the first place.

6.      Accordingly, the Government's [557] motion *in limine* is granted in part and denied in part.

**SO ORDERED.**


_____
                                                U.S.D.J.


Dated: Brooklyn, New York
          February 18, 2019