

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

ALC/DCP/PTH
F. #2016R00505

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

February 24, 2019

<u>TO BE FILED UNDER SEAL</u>

<u>By ECF</u>

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: <u>United States v. Mark Nordlicht et al.</u>
       <u>Criminal Docket No. 16-640 (BMC)</u>

Dear Judge Cogan:

    The government respectfully submits this letter in response to the Court's Memorandum Decision and Order, dated February 17, 2019 (the "Order") (ECF Dkt. No. 568), ordering the government to show cause why the following documents "cannot be unsealed in their entirety": (1) the Order; (2) the Government's Motion in Limine, dated February 12, 2019 (the "Motion") (ECF Dkt. No. 545); (3) Defendants' Opposition, dated February 15, 2019 (the "Opposition") (ECF Dkt. No. 555); and (4) the Government's Reply, dated February 16, 2019 (the "Reply") (ECF Dkt. No. 560).

    The Court should unseal the Order in its entirety. In addition, for the reasons set forth below, the Court should order the originally-filed Motion, Opposition, and Reply to remain under seal and should order the parties to file public versions of those documents with narrowly tailored redactions to remove the cooperating witness's name and other identifying information. Proposed redacted versions of those documents are attached hereto as Exhibits A, B and C, respectively. This approach will minimally impact the public's right of access, and the public will be able to read the unredacted Order in full and the parties' arguments in the redacted filings. At the same time, this approach will protect the cooperating witness's and his family's valid privacy interests by reducing the risk that he will be identifiable, in connection with the relevant conduct, in the permanent public record, including on "highly accessible databases of Westlaw and Lexis." <u>Gambale v. Deutsche Bank AG</u>, 377 F.3d 133, 144 (2d Cir. 2004).

    With respect to Exhibit 2 to the defendants' Opposition, because only a redacted version of that affidavit has been fully unsealed for public filing, the government respectfully

requests that the fully unsealed version of that document, attached hereto as Exhibit D, be publicly filed in lieu of the unredacted version.

With respect to all of the other exhibits attached to the defendants' Opposition—specifically, Exhibits 1 and 3 through 7—the Court should order that those exhibits remain entirely under seal. The exhibits comprise approximately 35 pages of detailed Federal Bureau of Investigation "302" reports from the government's investigation in this case, as well as the cooperating witness's agreement with the government, none of which is part of the public record. These exhibits were unnecessary to the Court's decision on the motion and their contents were not cited or quoted in the Order. The public thus has a very limited interest in these documents that is far outweighed by the interests in avoiding disclosure of investigative reports and agreements discussing in detail the cooperating witness, the government, and uncharged third parties referenced therein.

I.  Applicable Law

As the Court explained in the Order, "both the common law right of access and the First Amendment protect the public's right to access documents filed on the docket in a criminal case." Order at 5 (citing Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006)). That right, however, is "qualified," and access to such documents can be limited when any sealing or redaction is narrowly tailored to serve certain legitimate interests, such as "the privacy rights of persons whose intimate relations are disclosed in the filings." Id. at 5-6 (citing Application of Newsday, Inc., 895 F.2d 74, 79 (2d Cir. 1990)); see also United States v. Amodeo, 71 F.3d 1044, 1051 (2d Cir. 1995) ("privacy interests" in "family affairs" and "embarrassing conduct with no public ramifications" "should weigh heavily in a court's balancing equation").

Courts have frequently recognized that redacting an individual's name and other identifying information is appropriate, even when the public's right of access otherwise requires unsealing the underlying documents. For example, in United States v. Silver, No. 15-CR-93 (VEC), 2016 WL 1572993 (S.D.N.Y. Apr. 14, 2016), the court held that it was appropriate to redact identifying information for two women who had had affairs with the defendant. The court noted that the affairs were a matter of public concern, as the defendant — the Speaker of the New York State Assembly — "used his official position to benefit [the women], who also worked in or with New York State government, for his own personal gain." Id. at *7. Nevertheless, the court held that the "privacy interests of the [women] do warrant redactions to protect their identities, especially given that disclosure of their specific identities neither furthers 'the need for the public monitoring of federal courts,' nor 'fosters an appearance of fairness [in the criminal trial],' which are the rationales underlying the public right of access to judicial documents and proceedings." Id. (quoting Lugosch, 435 F.3d at 123, and Globe Newspaper Co. v. Superior Court for Norfolk Cty., 457 U.S. 596, 606 (1982)).

Similarly, in In re Savitt/Adler Litig., No. 95-CV-1842 (RSP/DRH), 1997 WL 797511 (N.D.N.Y. Dec. 23, 1997), then-District-Court-Judge Pooler held that it was appropriate to redact the names and identifying information for non-party Assistant Attorneys General ("AAGs") in a lawsuit alleging political discrimination in hiring by New York Attorney General Dennis Vacco. As Judge Pooler explained, "Redaction of names and identifying details will

2

protect the strong privacy interest of non-party AAGs while still enabling the public and press to assess (1) the basis for my decision on the summary judgment motion and (2) whether defendant Vacco hired AAGs for political patronage reasons." Id. at *3 (addressing common law right of access); see also id.at *4 (addressing First Amendment and holding, "Because the redaction sought is minimal and largely unrelated to the public interest, I conclude that defendants have demonstrated both that a higher value will be served by redaction and that their proposed redactions are narrowly tailored to serve that interest.").

Courts have allowed such redactions even when the confidential or private information has previously been discussed in open court or otherwise publicly disclosed. Thus, in United States v. Litvak, No. 13-CR-19 (JCH), 2015 WL 328876 (D. Conn. Jan. 23, 2015), the court granted the defendant's motion to redact the names of his children and details of his son's medical condition even though the defendant's own counsel had publicly discussed his children's names and the condition "in an open (and crowded) courtroom during the sentencing hearing" and even though facts about the condition had been "important to the court's ultimate decision." Id. at *3-4.

And in Pullman v. Alpha Media Pub., Inc., 624 F. App'x 774 (2d Cir. 2015), the Second Circuit held that a district court had properly redacted the amount of a confidential settlement, even though "the settlement amount had been publicly disclosed when a third party posted the [unredacted settlement conference] transcript on a website." Id. at 778-79. The Second Circuit noted its prior holding that publication of information on Westlaw and Lexis rendered the information so public as to be unsealable. Id. at 779 (citing Gambale, 377 F.3d at 144). Nevertheless, the court held that a "limited disclosure" online was distinct from publishing information in "a court order available on highly accessible databases," such as "Westlaw and Lexis," and that the district court could therefore redact the arguably public information. Id. (internal quotation marks omitted).

II. Analysis

A. The Briefs Should Be Redacted To Remove the Cooperating Witness's Name and Identifying Information.

Redacting the cooperating witness's name and identifying information—including his title while at Platinum and specific details as to when he worked there—will have minimal, if any impact, on the public's right of access. As in Silver, the public's interest in "monitoring the federal courts," Lugosch, 435 F.3d at 119 (internal quotation marks omitted), would be fully satisfied through access to the unredacted Order and to the minimally redacted motion papers, which collectively set forth the relevant facts, the parties' arguments, and the Court's holding. See Silver, 2016 WL 1572993, at *7. If anything, the public's right to unredacted documents is even weaker here than it was in Silver, as the cooperating witness will testify publicly at trial and likely be cross-examined regarding the conduct described in the motion papers.

On the other side of the scale, the cooperating witness has a strong privacy interest in not being tied to the relevant conduct in so permanent a medium as readily accessible, publicly filed briefs, as does his family. While that interest in privacy is arguably reduced by the fact that he will likely be cross-examined about his conduct during the trial, that limited

3

disclosure should not be determinative. As the courts in Pullman and Litvak recognized, public disclosure of information — including disclosure in open court — does not necessarily eliminate all interests in privacy or confidentiality.

Nor can it be said that "the cat is out of the bag," or will soon be out of the bag. There is little comparison between the "narrow and concise line of questioning" the Court has permitted (Order at 4) and public filing of the unredacted briefs, which fully describe the conduct. Further, the cooperating witness's trial testimony will be heard only by those who attend trial and will be available only to those willing to spend the time and expense to order the transcripts. But if the briefs are unsealed entirely, the cooperating witness's name will permanently, and irreversibly, be tied to the conduct on highly accessible and searchable databases such as Westlaw and Lexis. See Gambale, 377 F.3d at 144. Indeed, even if the Court later decides to "revisit [its] ruling if it appears defense counsel" is abusing this line of inquiry (Order at 4), it will be impossible to claw back the already published briefs and "make what has thus become public private again." Gambale, 377 F.3d at 144.

Accordingly, given the public's minimal interest in inclusion of the cooperating witness's name and identifying information in the public versions of the briefs, and given the cooperating witness's and his family's strong privacy interest described above, the Court should allow the briefs to remain under seal and should order the parties to file public versions with the narrowly tailored redactions the government proposes.

B. Opposition Exhibits 1 and 3 Through 7 Should Remain Entirely Under Seal.

The "importance of the material to the adjudication" is an essential factor in weighing whether a document should be sealed, and not "every piece of evidence, no matter how tangentially related to the issue," need be made available to the public. Joy v. North, 692 F.2d 880, 893 (2d Cir. 1982). Thus, "the presumption of access is slight" for exhibits that were "immaterial to the motion" and that the court "did not weigh" in deciding the motion. Gosmile, Inc. v. Dr. Jonathan Levine, D.M.D. P.C., No. 10 CIV. 8663 (PKC), 2012 WL 1382557, at *1 (S.D.N.Y. Apr. 20, 2012).

Opposition Exhibits 1 and 3 through 7 added nothing to the defendants' arguments and their contents were not cited by the Court in the Order. Moreover, the information the defendants quoted or paraphrased from those exhibits will be available to the public in the redacted versions of the Opposition and in the Court's unredacted Order. The public therefore has very little interest in access to the exhibits themselves.

That limited interest is far outweighed by the privacy interests of the cooperating witness and other uncharged individuals who are discussed in the exhibits. For example, the exhibits contain detailed facts regarding the cooperating witness's life that have no bearing on the motion. See, e.g., Opposition Ex. 1 at 1-3. Similarly, the exhibits recount the cooperating witness's interactions with numerous uncharged individuals, all of whom have an interest in keeping their names out of this criminal matter. See, e.g., Opposition Ex. 3 at 1-2; Ex. 4 at 1. Further, the discovery material is mostly 3500 material summarizing the cooperating witness's detailed interviews with the government, as well as the cooperating witness's agreement with the

government, all of which implicate the government's interest in protecting the confidentiality of discussions and agreements with cooperating witnesses. Amodeo, 71 F.3d at 1050.

Accordingly, Opposition Exhibits 1 and 3 through 7 should remain entirely under seal.

III. Timing of Unsealing and Filing of Redacted Versions of the Parties' Papers

The government respectfully requests that the Court unseal the Order and order the parties to publicly file redacted versions of the other documents described herein no earlier than the first trial day on which the cooperating witness testifies, and that the Court also permit the government to file the instant letter and its exhibits under seal until that date. The public's interest in reviewing the relevant documents is no greater today or in the early part of trial than it would be on the first day of the cooperating witness's testimony, and the interests in maintaining his and his family's privacy until that day—especially given the high likelihood of media coverage of this trial—are high.

Accordingly, the government respectfully requests that it be permitted to file the instant letter and its exhibits under seal until the first trial day on which the cooperating witness testifies, for the reasons stated in the government's original Motion and Reply. Mot. at 5; see United States v. Amodeo, 71 F.3d 1044, 1050–51 (2d Cir. 1995) (privacy interests of third parties may be compelling reason justifying sealing). In addition, for the reasons stated above, the government respectfully requests that the Court unseal the Order and order the parties to publicly file redacted versions of the other documents described herein no earlier than the first trial day on which the cooperating witness testifies.

IV. Conclusion

For the foregoing reasons, the Court should (1) unseal the Order in its entirety; (2) order the originally filed Motion, Opposition, and Reply to remain under seal; (3) order the parties to file public versions of the Motion, Opposition, Exhibit 2 to the Opposition, and Reply

with narrowly tailored redactions, as shown in Exhibits A, B, C and D; and (4) order Exhibits 1 and 3 through 7 to the Opposition to remain under seal.

          Respectfully submitted,

          RICHARD P. DONOGHUE
          United States Attorney

By:   /s/
          Alicyn L. Cooley
          David C. Pitluck
          Patrick T. Hein
          Assistant U.S. Attorneys
          (718) 254-6389/6108/6284

Encl.

cc:    Clerk of the Court (BMC) (by ECF)
       Defense counsel (by ECF)