UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                      :

UNITED STATES OF AMERICA,              :

                - against –                :

MARK NORDLICHT,                      :          **ORDER**
DAVID LEVY,
DANIEL SMALL,                          :          16-cr-00640 (BMC)
JOSEPH MANN,
JOSEPH SANFILIPPO, and           :
JEFFREY SHULSE,

                Defendants.            :
-------------------------------------------------------------- X

**COGAN**, District Judge.

    1.       The Court previously ordered the parties to show cause why the Court's February 17, 2019 order on the Government's motion *in limine* to preclude defendants from referencing a cooperating witness's affairs, as well as the parties' underlying briefing, should not be unsealed in their entirety. The Government filed a letter in response to the Court's order to show cause. Defendants did not respond.

    2.       The First Amendment "protects the public's right to have access to judicial documents." United States v. Erie Cty., 763 F.3d 235, 239 (2d Cir. 2014).[1] When determining whether a document is a judicial document, the Court assesses the document's relevance to the performance of the judicial function and use in the judicial process. Id. at 240. The First

---

[1] There is also a common law right of access to judicial documents, but "the First Amendment protection has been understood to be stronger than its common law ancestor and counterpart." Id. Here, the Court "need not, and do[es] not, engage in such a common law analysis" separate from the First Amendment analysis. Id. If the public has a First Amendment right to access the documents, then no analysis of the common law right of access would change the result; but if the public does not have a First Amendment right of access, then, *a fortiori*, it does not have a common law right of access, which is weaker than the corresponding First Amendment right.

Amendment applies when "'experience and logic' support making the document available to the public." Id. (quoting Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 120 (2d Cir. 2006)). Accordingly, the Court must "consider (a) whether the documents have historically been open to the press and general public (experience) and (b) whether public access plays a significant positive role in the functioning of the particular process in question (logic)." Id. (internal quotation marks and citation omitted).

3. "Once a First Amendment right of access to judicial documents is found, the documents may be sealed only if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Id (internal quotations and alterations omitted). These "higher values" include privacy interests of third parties and "the integrity of significant government activities entitled to confidentiality," among other considerations. See United States v. Doe, 63 F.3d 121, 128 (2d Cir. 1995) (internal quotation marks and alterations omitted).

4. Here, first, the Government requests that the Court unseal its February 17, 2019 order when the cooperating witness who is the subject of the order testifies.[2] The order relates to the admissibility of evidence in a criminal trial and is sufficiently relevant to the judicial process to be a judicial document. Court orders on the admissibility of evidence have historically been open to the public and public access plays a significant role in ensuring that the public can monitor evidentiary rulings in criminal trials. Moreover, the Court does not see how delaying unsealing of this order is narrowly tailored to preserve a higher interest. The order purposefully

---

[2] When the Government filed its response to the Court's order to show cause, this witness was expected to testify soon after the letter was filed. However, trial was later adjourned to April 15, 2019, which is approximately two months later than expected. To the extent the fact that this witness would not testify until appropriately two months later than expected is relevant to this order, it only strengthens the justification for unsealing the documents now rather than waiting until the witness testifies.

2

does not identify the cooperating witness to ensure that the order that could be fully available to the public before the witness testifies. Because the Court finds that there is no basis for sealing the order, the Court orders the Clerk of Court to unseal the [568] order.

5. Second, the Government also requests that the Court keep the underlying briefing under seal, but order filing of redacted versions, which remove the relevant cooperating witness's name and identifying information. The parties' briefs are judicial documents under the First Amendment for similar reasons that apply to the order resolving this motion *in limine*. Further, the parties' briefing on the admissibility of evidence have also been historically open to the public and public access also plays a significant role in ensuring that the public can monitor evidentiary rulings in criminal trials.

6. However, the Court finds that disclosing the identity of the cooperating witness at issue would compromise the privacy of the witness and the witness's family, considering the nature of the conduct described in the motion. These privacy interests are sufficient to warrant redactions of the witness's name and identifying information. Such redactions are essential to preserving the higher values of the privacy of the witness and the witness's family and are narrowly tailored to advance these higher values. The Court may unseal the motions in their entirety once the cooperating witness at issue testifies depending on the scope of defendants' cross-examination of the witness on this topic.

7. Third, the Government requests that a majority of the exhibits to defendants' February 15, 2019 opposition letter remain entirely under seal. These exhibits include summaries of interviews between the cooperating witness and law enforcement as well as a cooperation agreement between the cooperating witness and the Government. Even if these documents – which provided background information to defendants' opposition letter but were

not cited in the related Court order – are judicial documents, they are not traditionally open to the public and the public does not play a significant positive role in the confidential discussions and agreements between the Government and cooperating witnesses.  Therefore, the public does not have a First Amendment right to access these documents, and they shall remain under seal.

8. Fourth, the Government requests permission to keep under seal its response letter to the Court's order to show cause until the first day the cooperating witness testifies.  However, keeping this letter under seal is contradictory to the purpose of the First Amendment standard in the first place, since public monitoring of the process for sealing documents plays a role in ensuring that the redactions are appropriate.  Moreover, the letter does not identify the witness at all, nor does it implicate any of the other higher values discussed above – at least not in a way that allows the Court to find that sealing is a narrowly tailored means of serving those interests.

9. The Clerk of Court is therefore ordered to unseal the Government's [577] Letter and its attachments.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
       March 4, 2019