

March 6, 2019

**Via CM/ECF**
The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

                **Re.: United States v. Mark Nordlicht et al., No.: 1:16-cr-00640-BMC**

Your Honor,

      Mr. Nordlicht's defense offers this letter in response to the Court's scheduling order dated March 5th, 2019. There is a significant misunderstanding of the facts, and counsel feels compelled to bring these matters to the Court's attention. On January 25th both of Mr. Nordlicht's counsel made their first appearance before Judge James M. Burke in the People of the *State of New York vs. Harvey Weinstein*. During the course of this hearing a side bar conversation was held with all parties involved. Judge Burke discussed that the trial date was currently set at May 3, 2019 and advised both Professor Sullivan and the undersigned he was "flexible on the trial date." Given that counsel did not have access to the sealed discovery at the time and would not be able to make any meaningful representations to the Court as to their ability to announce ready for trial, both Professor Sullivan and the undersigned felt comfortable accepting Judge Burke's representation as to his "flexibility." On February 8th, after having the aforementioned discovery for less than two weeks, Professor Sullivan filed a Motion to Continue the Weinstein matter requesting a trial date of September 16th, 2019. (See Exhibit A).

      Prior to receiving any word from Judge Burke, Mr. Nordlicht's attorneys filed a motion to continue this matter for 90 days given multiple reasons for which all counsel of record had a good faith basis for, including, but not limited to, the Government leaks and misconduct issue, which is presently on a Writ of Mandamus with the 2nd Circuit Court of Appeals. Mr. Baez and Professor Sullivan had no way of knowing what either Court was going to do much less what happened next. What did happen was, on the following day, February 11th, 2019, Judge Burke denied the defense motion to continue for September 16, 2019 and, instead, required both parties to agree to the dates of June 3, 2019 or July 8, 2019.

In the event that both parties could not agree then the May 6, 2019 trial date will remain in effect. (See exhibit B) The Prosecution's position was that it would agree to the June 3rd date but not July 8th date. This non-choice left the defense with no other option than to accept the June 3rd, 2019 date. (See exhibit C) Thereby leaving Counsel with four months to prepare for what is arguably the highest profile case in the Country where the Prosecution has been utilizing unlimited resources and interviewing witnesses all around the world. These four months are even more crippled when considering the present matter will take two months to try, essentially giving an individual facing life in prison his attorneys only two months to prepare.

The undersigned can also represent to this Court that the attorneys for Mr. Small did not inform any of Mr. Nordlicht's attorneys of his medical situation at any time prior to the morning for which the Court adjourned the Nordlicht matter. The Court took issue with counsel not informing the Court when resetting the trial. It is our position that this was a moot point, the trial date in both matters were going to be reset, it was immediately apparent that a Federal trial with four co-defendants that is almost two years older than the State matter for which defense counsel had only been the attorneys of record for one month would be moved.

On March 1st, 2019, all parties meet in chambers to discuss jury selection in the Weinstein matter. The defense immediately brought the Nordlicht's trial adjournment to Judge Burke's attention and asked that the Weinstein matter be continued. This request was immediately denied, and Judge Burke represented that he did not see why the Weinstein case should be continued as he would contact the Federal Court in the Nordlicht matter and ask that the Federal Court accommodate and give way the State Court to try the Weinstein matter first. (See Exhibit D).

Although shocked by Judge Burke's position, the undersigned nonetheless requested alternative dates should the Federal Court not give way to the State Court. Judge Burke then gave the alternative trial dates for the Weinstein matter of July 8th and September 26th, 2019. It should be noted that the State Court Prosecutor's took issue with possible dates for the July, and absolutely did not want to agree to an August date, even though the undersigned announced that they could be ready for trial in August. Judge Burke did not require an explanation as to why Prosecutors could not be ready in either July or August. Given the attached information, Mr. Nordlicht's attorneys respectfully request that the current trial date set on April 15th remain in effect. Additionally, given that the Court's scheduling order is factually inaccurate when it states, *"Not only did Mr. Nordlicht's attorneys fail to advise this Court of their competing obligation when this Court reset trial for 4/15/19, but they attempted to push the trial date for this case a month later, which would have ensured the conflict."* It is our position that the later part of this statement is completely inaccurate as proven by the attached exhibits. Therefore, Mr. Nordlicht's attorneys respectfully request that the later portion be stricken from the record as such statements impute some nefarious motive to counsel. In the spirit of complete transparency, the undersigned will be providing a copy of this letter motion to the Honorable Judge James M. Burke.

    Sincerely,

    */s/ Jose A. Baez*
    Jose A. Baez, Esquire
    (on behalf of Mark Nordlicht)

*Cc: All Counsel of Record (via CM/ECF)*

Jose Baez <jose@baezlawfirm.com>

**FILED UNDER SEAL: Letter Motion, People v. Weinstein, Indictment No. 2335/2018**

Ronald Sullivan <rsullivan@ronaldsullivanlaw.com>    Fri, Feb 8, 2019 at 1:51 PM
To: ███████████████████████████████████████████████████████████████████
Cc: ███████████████████████████████████████████ Jose Baez <jose@baezlawfirm.com>, ████████████████████████████████████

Dear Judge Burke,

Please see the attached Letter Motion, filed under seal.

Sincerely,
_____
Ronald S. Sullivan Jr., Esq.
712 H. Street, NE
Suite 1354
Washington, DC 20002
Direct: (202) 873-9120
Fax: (202) 863-1459

📎 **Letter Motion 2-8-19.pdf**
87K

**Gmail**

Jose Baez <jose@baezlawfirm.com>

---

**FILED UNDER SEAL: Letter Motion, People v. Weinstein, Indictment No. 2335/2018**

To: Ronald Sullivan <rsullivan@ronaldsullivanlaw.com> ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓                         Mon, Feb 11, 2019 at 4:39 PM
Cc: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Jose Baez <jose@baezlawfirm.com>, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Dear Attorneys:

Please be advised of the following:

    The defense request for a two week extension to file response papers is granted. The new date for the defense response is March 7, off calendar.

    The defense request for a September 16, 2019 trial date is denied.

    However, if both sides are amenable and agree, the dates of either June 3, 2019 or July 8, 2019 are available for trial. If neither of the dates can be agreed upon, the original date of May 6, 2019 will remain for trial.

    Please give the Court your responses regarding the trial date by no later than 10:00 am on Friday, February 15, 2019.

Nina Keller

[Quoted text hidden]

> Please be CAREFUL when clicking links or opening attachments from external senders.

Supreme Court
of the
State of New York



JAMES M. BURKE
JUSTICE

CHAMBERS
100 CENTRE STREET
NEW YORK, NY 10013

February 15, 2019

Ronald Sullivan, Esq.
712 H Street NE
Suite 1354
Washington, DC 20002

Re: <u>People v. Harvey Weinstein</u>
Ind. No. 2335/2018

Dear Attorneys,

    Per the discussion regarding the date for the trial of this case, this indictment is scheduled for trial on June 3, 2019 at 9:30 a.m.

    Accordingly, you are directed to appear ready to proceed and not to be engaged or to begin any other matter which will conflict with this firm trial date. No further adjournments will be granted.

Sincerely,

James M. Burke
A.J.S.C.

cc: █████████

Jose Baez, Esq., by mail

March 6, 2019

Re: <u>16-cr-00640-BMC USA v. Nordlicht et al</u>
Affidavit by Attorney Dayliset Rielo

Honorable Judge Cogan,

As an officer of the Court, please allow this correspondence to serve as undersigned's sworn account of the People v. Weinstein's in chambers meeting on March 1st, 2019. I have read Mr. Baez's response to the Court's scheduling Order dated March 5th, 2019. Having read the same, and been part of the aforementioned in chambers meeting, I hereby echo Mr. Baez's representations to this Court, as it pertains to the scheduling discussions with Judge Burke, regarding both, *Nordlicht*, and *Weinstein* matters. Undersigned is available, should the Court need any additional information.

By: _____
**DAYLISET RIELO**

Sworn to and subscribed before me on 6th day of March, 2019, who is personally known to me or who produced a FL Drivers License or identification card as identification.

_____
NOTARY PUBLIC

Michelle Medina
COMMISSION #FF924391
EXPIRES: October 5, 2019
WWW.AARONNOTARY.COM

Printed Name of Notary Public
My Commission Expires: