

U.S. Department of Justice

United States Attorney
Eastern District of New York

ALC/DCP/PTH/LHE
F. #2016R00505

271 Cadman Plaza East
Brooklyn, New York 11201

April 6, 2019

BY ECF

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   United States v. Mark Nordlicht et al.
             Criminal Docket No. 16-640 (BMC)

Dear Judge Cogan:

      The government respectfully submits this letter motion to quash improper subpoenas issued by the defendant David Levy pursuant to Federal Rule of Criminal Procedure 17(c) ("Rule 17(c)") and for immediate disclosure of all Rule 17(c) subpoenas issued by all defendants and all returns received from those subpoenas.

I.   Background

      On February 5, 2019, the government moved to preclude two Rule 17(c) subpoenas issued to the Shaked Opportunity Fund LP, an investment fund operated by third-party victim-witness Amir Shaked and to victim-witness Daniel Sun. See ECF Docket No. 526 (Feb. 5, 2019). In its motion to quash, the government argued that the Subpoenas were legally improper fishing expeditions intended to harass government witnesses and related third parties and attempts to obtain Jencks Act material prior to trial.[1]

      As the Court may recall, the Shaked subpoena contained two requests. First, for the time-period spanning January 1, 2008 to June 30, 2016, that subpoena sought:

> Documents, emails, notes. recordings, text messages, and memoranda that are in Your actual or contemplated possession and control concerning

---

[1]   At the time it made that motion, the government informed the Court that the defendants had issued other subpoenas with nearly identical information and moved for a Court order requiring the defendants to disclose the full set of ex parte subpoenas they had issued pursuant to Rule 17(c).

> Your actual or contemplated investments in Platinum Partners whether that investment was on Your behalf or on behalf of another individual or entity.

Id. at 6. Second, the Shaked Subpoena included a request for "[o]ffering documents and marketing materials of Shaked Opportunity Fund LP that are in Your possession and control, including but not limited to private placement memoranda, limited partnership agreements, investment management agreements, subscription agreements, and other operating agreements, as well as fact sheets, tear sheets, due diligence questionnaires, and investor presentations." Id. at 6-7. The subpoena to Daniel Sun included only one request, which was nearly identical to the first request in the Shaked subpoena—and sought documents regarding Sun's actual or contemplated investments in Platinum Partners. Id. at 7-8.

On February 25, 2019, the Court granted the government's motion to quash the subpoenas issued to Shaked and Sun in their entirety. See ECF Docket No. 578 (Feb. 25, 2019) (the "Order"). In the Order, the Court found that the government had standing to challenge both subpoenas. Id. at ¶ 6-7. In particular, the Court found that the government had standing to challenge the Sun subpoena because, inter alia, it has "an interest in protecting its witnesses from having to unnecessarily respond to broad document requests if those document requests are unduly burdensome or do not otherwise comport with Rule 17(c)." Id. at ¶ 7. The Court found that the Shaked and Sun subpoenas extended "far beyond the purpose of what Rule 17 intended." Id. at ¶ 11. The Court specifically addressed both requests in the Shaked Subpoenas and found that they were so broad that the Court could not even "modify the subpoenas to achieve a result more consistent with Rule 17(c) and still demand the documents that the defendants need for trial." Id. at ¶ 14. Finally, the Court ordered all the defendants to produce all Rule 17(c) subpoenas issued to government witnesses. Id. at ¶ 15 ("Defendants are instructed to produce those subpoenas issued to Government witnesses to the Government within five days of the date of this order.") On March 2, 2019, defendant Levy produced to the government a total of 35 subpoenas it had issued pursuant to Rule 17(c), including two subpoenas sent to Shaked and the Sun subpoena. No other defendant has produced subpoenas to the government.

II.     Motion to Quash the Defendants' Rule 17(c) Subpoenas

The government moves to quash each of the remaining 32 subpoenas that Levy has issued to victim-witnesses on the government's witness list and entities associated with witnesses pursuant to Rule 17(c).[2] A complete list of the subpoenas provided by defendant Levy are attached hereto as Exhibit A.[3] A review of the subpoenas reveals that each of them is comprised exclusively of requests identical to those contained in the Shaked and Sun subpoenas

---

[2] As described in the Court's Order, the government has standing to challenge each of the remaining subpoenas as they were each issued to government witnesses.

[3] The government has not attached the subpoenas to this publicly-filed motion. If the Court would like to review the subpoenas, the government can provide hard copies of the subpoenas to the Court.

that have already been quashed by the Court. Indeed, other than changing the name of the subpoenaed entity, the language in the requests is virtually identical to the Shaked subpoena. None of the subpoenas contain an original request that was not included in the Shaked subpoena. Finally, all of the subpoenas contain the same expansive date range as the Shaked subpoena; January 1, 2008 through June 30, 2016. In short, each of the subpoenas is nearly identical to the Shaked and Sun subpoenas, which the Court has already found to be in violation of Rule 17(c) and quashed. Accordingly, the remaining Rule 17(c) subpoenas issued by defendant David Levy should be quashed.

### III. Motion to Compel Disclosure of All Rule 17(c) Subpoenas and Materials Received Pursuant to Those Subpoenas

The government also moves for prompt disclosure, by April 11, 2019, of all ex parte subpoenas issued by each of the defendants, including subpoenas issued to recipients not on the government's witness list. As an initial matter, only Levy has produced any ex parte Rule 17(c) subpoenas that it issued to government. The government is aware that defendant Daniel Small has issued at least three ex parte Rule 17(c) subpoenas to government witnesses prior the Court's order and, in violation of that order, has not provided those subpoenas to the government (although he has provided documents received pursuant to the subpoenas).

Moreover, it has become clear that defendant Levy has not produced all the Rule 17(c) subpoenas he has issued to government witnesses. For example, on March 21, 2019, Alvarez and Marsal filed a motion to quash an ex parte Rule 17(c) subpoena the defendant issued to it on March 8, 2019. See ECF Docket No. 599 (Mar. 21, 2019). Although the government has disclosed two Alvarez and Marsal witnesses on its witness list, Levy never produced that subpoena to the government. Thus, the government requests that the Court again order prompt disclosure of all Rule 17(c) subpoenas issued by any defendant, including any additional Rule 17(c) subpoenas to government witnesses after March 2, 2019.[4]

Finally, the government moves for disclosure of all materials received pursuant to the Rule 17(c) subpoenas and a description of the custodian of produced materials. In the Order, the Court made plain that it expected the defendants to "have produced to the Government everything that they have received in response to the subpoenas." Order at ¶ 3 (emphasis added). Nevertheless, it appears that the defendants have not provided the government with the full set of materials obtained from those subpoenas. Certain government witnesses have stated that they provided documents to defendant Levy that do not appear to have been produced to the government by the defendant. Moreover, the government is having difficulty ascertaining

---

[4] The government renews its request for disclosure of all Rule 17(c) subpoenas issued by the defendants. Although the government is mindful of the Court's statement that the government "likely" lacks standing to challenge subpoenas to non-government witnesses, Order at ¶ 15, the government cannot make any standing arguments until it receives the subpoenas. As the Court noted in its Order, courts have an "independent duty to ensure the propriety of Rule 17(c) subpoenas." Id. at ¶ 7 (citing United States v. Bergstein, No. 16-CR-746, 2017 WL 6887596, at *3 (S.D.N.Y. Dec. 28, 2017)).

whether specific documents have been produced because defendant Levy has taken steps to obfuscate the source of materials obtained pursuant to the Rule 17(c) subpoenas. For example, on \March 4, 2019, Levy made a production to the government consisting of approximately 850 individual PDF documents, each bearing the same bates-prefix "SR." The production did not include a cover letter or other communication describing the production and it is nearly impossible to ascertain the source of the documents on their face. In addition to producing everything they have received pursuant to the Rule 17(c) subpoenas (and confirming the production of those materials, once such production is complete, to the government and the Court), the defendants should be required to provide an index to their productions so that the government can determine the source of the documents.

Disclosure is required irrespective of the Court's prior and future rulings on the government's motions to quash. Although the defendants are not permitted to introduce materials obtained from improper subpoenas at trial, they may still attempt to do so and may use the materials in other ways, including, for example, in connection with the cross-examination of witnesses. The government is entitled to obtain the materials provided pursuant to these subpoenas so it can, among other things, ensure that the defendants are not improperly using materials from the subpoenas at trial. The defendants should not be afforded a strategic advantage because they issued improper subpoenas that were quashed by the Court.

Accordingly, for the foregoing reasons, the Rule 17(c) subpoenas issued by defendant Levy should be quashed, and each of the defendants should be ordered to provide all Rule 17(c) subpoenas and any documents produced pursuant to those subpoenas by April 11, 2019.

        Respectfully submitted,

        RICHARD P. DONOGHUE
        United States Attorney

By:   /s/_____
        Alicyn L. Cooley
        David C. Pitluck
        Patrick T. Hein
        Lauren H. Elbert
        Assistant U.S. Attorneys
        (718) 254-6389/6108/6284

cc:    Clerk of the Court (BMC) (by ECF)
      Defense counsel (by ECF)

<u>Exhibit A</u>
List of New <u>Ex</u> <u>Parte</u> Subpoenas Disclosed by Defendant David Levy

1. Abraham Gulkowitz
2. A. Gulkowitz Management
3. Abe Zeines
4. Mark Leben
5. Agudath Israel of Long Island
6. PNAA LLC
7. Platinum FI Group LLC
8. Brett Belliston
9. Andina Growth Fund
10. Chas Averbook
11. David Pazandak
12. Omar Sarmini
13. Fallopian Disaster
14. Ouray Dream Holdings LLP
15. Gordon Wight
16. Joachim Stroh
17. John Huth
18. John Kosir
19. Kosir Holdings
20. Tom Brough
21. Hedge Access Fund LP
22. Josh Zeitman
23. Nicole Kubin
24. Richard Kasnett
25. Sanjay Bhatia
26. Scott Howard
27. Solomon Werdiger
28. Solomon Werdiger Family Foundation
29. Tammy Warner
30. Tao Tao
31. William Gordon
32. Hadamard Holdings LLC