

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

JMK:ALC/DCP/LHE/PTH
F. #2016R00505

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

April 8, 2019

By ECF

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: United States v. Mark Nordlicht, et al.
       Criminal Docket No. 16-640 (BMC)

Dear Judge Cogan:

  The government respectfully submits this letter in opposition to the defendant Mark Nordlicht's motion to inspect filed on April 3, 2019 in the above-captioned case (the "Motion to Inspect").  See ECF Docket No. 605.

  Nordlicht requests production of "any mention of Platinum Partners during the [ongoing] criminal investigation into former FBI Special Agent Dave Chaves," and asks that the Court undertake an inspection of evidence pertinent to a separate case in the Southern District of New York, United States v. Walters, No. 16-CR-338 (PKC) ("Walters").  Motion to Inspect at 1.  Nordlicht's request is inappropriate, unsupported by law and seeks information beyond that to which he is lawfully entitled.  Accordingly, his motion should be denied.

  As an initial matter, no portion of Rule 16 of the Federal Rules of Criminal Procedure nor 18 U.S.C. § 3500, nor any other law of which the government is aware, provides that a defendant in a criminal case is entitled to receive evidence generated in a separate criminal investigation by a separate division of the U.S. Department of Justice ("DOJ") or another U.S. Attorney's Office.  The law governing criminal discovery entitles Nordlicht to obtain evidence related solely to his own prosecution.  It does not empower him to direct the Court, or any other body, to gather evidence from other offices and agencies relating to separate investigations and prosecutions of other individuals.

  Furthermore, Nordlicht makes no showing that the information he seeks exists, nor that it is in any way relevant, let alone material, to his own prosecution.  His entire request is premised upon base speculation.  And, as this Court has previously ruled, the identity of the source of information for the articles Nordlicht blames for the collapse of his fund is irrelevant to whether he is guilty of the charged offenses in this case.  See Order dated Feb. 19, 2019, ECF

Docket No. 565 at 2-3. Permitting Nordlicht to gather and inspect evidence collected as part of an unrelated, ongoing criminal probe by a separate division of the DOJ, in the remote hope of locating evidence to bolster his speculative claims of government misconduct, would be well outside the bounds of discovery.

For the reasons set forth above, the government respectfully submits that Nordlicht's motion should be denied.

    Respectfully submitted,

    RICHARD P. DONOGHUE
    United States Attorney

By:      /s/
    Alicyn L. Cooley
    David C. Pitluck
    Lauren H. Elbert
    Patrick T. Hein
    Assistant U.S. Attorneys
    (718) 254-7000

Cc:    Clerk of the Court (BMC) (by ECF)
        Defense counsel (by ECF)