

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

ALC/DCP/LHE/PTH
F. #2016R00505

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

April 17, 2019

BY ECF

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   United States v. Mark Nordlicht, et al.
             Criminal Docket No. 16-640 (BMC)

Dear Judge Cogan:

      The government submits this letter in response to defendant Mark Nordlicht's motion to exclude from trial the government's transcripts of certain audio recordings.[1] ECF Docket No. 632 ("Def. Motion"). The disputed transcripts were produced to the defense in October 2018 and January 2019, in either case several months in advance of the current trial date. Yet, this Saturday, April 13, 2019, marked the first notice by the defendants that there was any dispute as to the accuracy of these transcripts. In other cases, the government has frequently presented at trial transcripts as a guide to the jury that are the product of conferring and negotiating with the defense. Here, the defense never gave the government that opportunity prior to filing the instant motion.

      Moreover, a review of defense counsel's complaints demonstrates that they could have been easily handled via a brief telephone call or email to the government, without the need for the Court to intervene. In some instances, the defendant's complaints appear to arise out of confusion between transcripts produced in discovery and those that were marked and produced as exhibits.[2] In two other instances, defense counsel complained of isolated specific transcription errors, which the government is reviewing. To the extent narrow revisions are

---

    [1]     The government intends to offer these transcripts as a guide to the jury accompanying recordings in evidence, not as evidence themselves.

    [2]     A number of the complaints in Def. Motion do not identify the challenged transcripts by exhibit number and appear to refer to earlier-produced drafts.

warranted, the government will produce any revised versions of the transcripts previously marked as exhibits, with typos and/or other isolated errors corrected, in the coming days.

While the government expects that all of Nordlicht's complaints in the instant filing can be resolved easily, should any dispute remain or any future dispute occur, preclusion of the transcripts would not be the proper resolution under applicable law.[3] Rather than precluding the transcripts, two approaches have been deemed appropriate. First, the defense could prepare a competing transcript, which could also be offered as an aid to the jury. United States v. Shakur, 656 F. Supp. 241, 245 (S.D.N.Y. 1987), reversed on other grounds, 817 F.2d 189 (2d Cir. 1987) ("Transcripts may be given to the jurors, provided that the trial judge cautions them that they are nonbinding guides, subject always to the jurors' assessment as to accuracy. If the parties disagree on what is said, two versions of the disputed portion may be submitted to the jury.") (citing United States v. Carson, 464 F.2d 424 (2d Cir.), cert. denied, 409 U.S. 949 (1972)); United States v. Charlarca, 95 F.3d 239, 246 (2d Cir. 1996) ("[W]hen litigants disagree as to the . . . accuracy of transcripts, the district court may permit each party to submit an alternative transcript to the jury."). Second, the transcripts could be offered with a limiting instruction regarding the defense's objection to certain aspects. United States v. Zemlyansky, 901 F.3d 1, 18 (2d Cir. 2018) (finding no error where district court permitted use of government transcripts and issued a limiting instruction notifying the jury that the defendant disputed the transcript). Disputes over transcripts do not result in preclusion.

For the reasons stated above, Nordlicht's motion should be denied.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By: _____/s/_____
Alicyn L. Cooley
David C. Pitluck
Lauren H. Elbert
Patrick T. Hein
Assistant U.S. Attorneys
(718) 254-7000

cc: Clerk of the Court (BMC) (by ECF)
Defense Counsel (by ECF)

---

[3] Nordlicht claims that the four specific examples of purported errors he cites in the motion are not exhaustive. In an effort to resolve any other inaccuracies, the government reached out to Nordlicht's counsel to discuss any other purported errors in the transcripts to see if we could reach agreement on a resolution. Nordlicht's counsel declined that request.