# TUCKER LEVIN, PLLC

DUNCAN P. LEVIN
DIRECT DIAL: 646-445-7825
dlevin@tuckerlevin.com

230 PARK AVENUE, SUITE 440

NEW YORK, NEW YORK 10169

212-330-7626

FACSIMILE: 212-422-3305

April 23, 2019

ELECTRONICALLY FILED

Hon Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

                                            Re:    United States v. Mark Nordlicht, et al.,
                                                        16-Cr.-640 (BMC)

Dear Judge Cogan:

      The Court expressed some concern regarding Mr. Baez's reference to and description of press leaks in his opening statements to the trial jury today. We write to address these concerns and furthermore to raise an objection to related and impermissible argument during the government's opening statements. At the outset, most respectfully, counsel for Mr. Nordlicht remains fully committed to abiding by the letter and intent of all of the Court's rulings, including the limitation that Your Honor has placed on any defense argument or cross examination about governmental misconduct associated with leaks to the press.

      As the Court is aware, we have long sought to introduce very credible evidence that the U.S. Attorney's Office, during the course of the investigation, inappropriately gave reporters information, including grand jury evidence, that had the effect of causing harm to the fund. In denying our previous applications to do exactly that, it is our clear understanding that the Court allowed room for counsel to argue that newspaper leaks about the investigation had a negative effect on the fund, including degradation of value in its positions and lost investors, but that we could not attribute the leaks to a specific party such as the government. Mr. Baez carefully adhered to that line, in fact parroting specific language from the Court itself regarding not knowing who was the party doing the leaking (See Transcript of Proceedings, Friday, February 22, 2019, at 755). In fact, while we have reason to believe that the party doing the leaking was the government, Mr. Baez specifically told the jury that we do not know who did it and that the identity of the leaking party was not relevant. That mirrors exactly what counsel understands the Court has asked the defense to do.

      Furthermore, prior to opening statements, at the Court's direction, we provided the government with a copy of every slide that Mr. Baez planned to use during his opening statements, including a slide that mentioned press "leaks." The government raised an objection to this slide, but

Hon. Brian M. Cogan
April 23, 2019
Page 2

the Court overruled the objection, specifically allowing Mr. Nordlicht's counsel to preview testimony we expect to elicit regarding the effect of the press stories on Platinum Partners. It is, of course, a central contention of the defense case that the news reports about the investigation had a deleterious effect on the fund and, in fact, was responsible for much, if not all, of the damage that the government would like to attribute to our client and the co-defendants. A major issue in the instant case is the health of Platinum Partners itself, and the Court has given every indication that this would be permitted. Furthermore, during the opening arguments themselves, the government did not make any contemporaneous objection to this argument whatsoever, nor did it raise any objection until after the Court raised the issue, *sua sponte*.

Meanwhile, the government, in its opening statements, flouted a Court order, repeatedly noting that investors had lost millions of dollars at the hands of the defendants. This line of argument is well outside the bounds of this Court's orders that the government is not to get into the issue of investor loss, since such loss is inexact and unsupportable by any evidence. We join Mr. Levy's application for a mistrial based on this impermissible violation of the Court's orders. But, in addition to that, there is a more important point here: now that the government has opened the door to losses, it raises the question of what caused the losses? Because of what the government has argued in its opening statements – that there were losses of millions of dollars to investors – we should have every right to argue that it was the press leaks that caused the losses. That is exactly what Mr. Baez intended to do in his opening.

We respectfully submit that no curative instruction is necessary, particularly given the government's own flouting of the Court's orders in its opening statements; to the extent that the Court is inclined to give such an instruction, we furthermore join Mr. Levy's application from tonight seeking such a curative instruction on the government's improper and unsupportable reference to investor losses. We ask the Court, in fairness, to hold the government to the same line as it does the defendants.

Respectfully submitted,

Duncan P. Levin, Esq.
*Counsel for Mark Nordlicht*
(212) 330-7626

cc:     All parties (via ECF)