

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

AES:ALC/DCP/LHE/PTH
F. #2016R00505

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

April 24, 2019

By ECF

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Mark Nordlicht, et al.
                  Criminal Docket No. 16-640 (BMC)

Dear Judge Cogan:

      Now that counsel for the defendant Mark Nordlicht has openly violated the Court's clear orders precluding argument or evidence that purported government misconduct affected the health or valuation of Platinum Partners L.P.'s ("Platinum's") funds, the government respectfully submits that the Court should order that defense counsel are prohibited from asking or making arguments about the source of information in any press article referring to an investigation of Platinum, or about the government's or the Federal Bureau of Investigation's ("FBI's") purported professional or personal motives in prosecuting the instant case. The requested order would supplement the Court's prior orders on this subject and would apply to the defendants' cross-examination of government witnesses, examination of defense witnesses and summations. Such an order, and the Court's intervention during trial if Nordlicht's counsel again violates the Court's orders on this issue, are critical to preventing further unfair prejudice to the government and avoiding confusing and misleading the jury.[1]

I.     Background

      The Court has repeatedly ordered that defense counsel are prohibited from arguing or in any way referencing at trial allegations that government misconduct adversely

---

[1]    The defendants have also moved for a curative instruction related to the portion of the government's opening statement regarding investor losses. See ECF Docket No. 657 (Apr. 23, 2019). For the reasons the Court stated on the record yesterday, the defendants' allegation regarding the government's opening statement is completely without merit and their request for a curative instruction should be denied.

affected Platinum. See, e.g., Order dated Feb. 19, 2019, ECF Docket No. 565 ("To the extent the Government seeks to preclude defendants from arguing that the Government engaged in any type of misconduct, its motion is granted."). The answer is no, you may not do that. . . . You're not going to put it in front of the jury."). Just prior to opening statements yesterday, the government objected to a slide Nordlicht's counsel was planning to use during his opening statement. The slide was titled "Leaks on the Investigation." The Court then engaged in the following colloquy with Nordlicht's counsel:

> THE COURT: Is there going to be <u>any implication</u> in the openings that it was [the] Government that leaked as opposed to the information that leaked?
>
> MR. BAEZ: No, sir.

Trial Tr. of Apr. 23, 2019 ("Trial Tr.") at 28 (emphasis added). Based on Nordlicht's counsel's representation, the Court overruled the government's objection to the "leaks" slide. Id. Immediately thereafter, Nordlicht's counsel did exactly what he had promised the Court he would not do and flagrantly violated the Court's multiple orders, saying:

> [B]ut yet something happened in 2016 that didn't happen in 2008 and that was there were leaks to the media, to all of these media outlets about the investigation into Platinum before they ever got arrested. <u>Now, we're not prosecutors and we're not going to accuse anybody of anything, but information was leaked to the media. We don't know who it was. It could have been a janitor at the U.S. Attorney's Office trying to make some money. It could have been a reporter. Maybe there's a psychic at the New York Times that knew that they were being investigated. Any number of ways or it could be something more sinister. You don't know.</u> . . . So what happens? I will tell you <u>that this case is a big case. It's a career maker. Okay? There's tons of people here, like I said, not because we're talking about a couple of hundred thousand dollars. This is a big case. It's a big arrest. It's a trophy, a platinum trophy.</u> And when they -- and when they made these arrests, they held a big press conference. The U.S. Attorney stood up and told every media outlet what was going on, what their version of events were.
>
> . . . .
>
> <u>And I challenge them [the government] to tell you about their investigation on the leaks. What did they do to find out who leaked? What did the FBI do to see -- to prevent this from happening?</u>

Trial Tr. at 61-63 (emphases added).

In making the foregoing statements, all of which implicated the government and the FBI, Nordlicht's counsel flagrantly violated the Court's orders after promising the Court

moments before that he would not.² After referencing the purported "leaks" about the government's investigation, Nordlicht's counsel encouraged the jury to speculate about the source of such leaks and offered them three possibilities: first, a "janitor at the U.S. Attorney's Office," second, a "reporter," and third, facetiously, "a psychic at the New York Times." Nordlicht's counsel then goaded the jury into probing the issue further and transparently urged them to conclude that the government was responsible ("Any number of ways or it could be something more sinister. You don't know. . . . [T]his case is a big case. It's a career maker. . . . This is a big case. It's a big arrest. It's a trophy, a platinum trophy. And when they -- and when they made these arrests, they held a big press conference. The U.S. Attorney stood up and told every media outlet what was going on, what their version of events were"). A few sentences later, Nordlicht's counsel made an additional, overt allegation of prosecutorial misconduct, saying: "And I challenge them [the government] to tell you about their investigation on the leaks. What did they do to find out who leaked? What did the FBI do to see -- to prevent this from happening?" Trial Tr. at 63. In so doing, Nordlicht's counsel added yet another prohibited prosecutorial misconduct argument to his opening, accusing the government and the FBI of deliberately having avoided getting to the bottom of the "leaks."

II.     Argument

The Court has held clearly and repeatedly that the source of the information in the articles referring to an investigation into Platinum has no relevance to this trial and is unduly prejudicial to the government. Nordlicht's counsel's opening statement proved the government's concerns on this point to be correct: i.e., that Nordlicht's counsel has no intention of complying with the Court's orders on this subject and will continue to raise the issue, encourage the jury to speculate about the source of the information in the articles, imply or argue outright that the source was the government or the FBI, and claim more broadly that the government and the FBI committed misconduct in connection with the purported leaks.³

---

² Indeed, as the Court held:

But I will say, Mr. Baez, I don't think you honored your representation that you were not going to insinuate that the leak came from the government. I think whether by that argument, and I mean argument, about career makers or who knows where it came from, you did raise that implication. Do you want to be the guy whose representations I can't really trust?

Trial Tr. at 70.

³ As the Court noted directly after Nordlicht's counsel's opening statement, Trial Tr. at 71-72, the reference to a "janitor at the U.S. Attorney's Office" as a possible source of the purportedly leaked information derived from the Court's explanation to the attorneys leading up to the prior trial date on February 22, 2019 as to why information about such a source was wholly irrelevant to and precluded from trial. See Tr. of Feb. 22, 2019 Trial. Nordlicht's counsel's suggestion that they did not understand that that language could not be used with the jury is incredible, and their characterization of Nordlicht's counsel's statements in his opening argument— that "Mr. Baez specifically told the jury that we do not know who did it and that the

3

   The Court correctly observed following Nordlicht's counsel's opening statement that "I don't know what can be done about it at this point without further emphasizing a point that should not have been made." <u>Id.</u> at 71.[4] Indeed, providing a curative instruction this morning will only highlight counsel's prohibited comments for the jury and add to their severe prejudicial and distracting effect. <u>See</u> Fed. R. Evid. 403. Because this issue is so inflammatory and prejudicial to the government's case, and permitting any argument, cross-examination or evidence on this wholly irrelevant issue would unfairly require the government to engage on it in order to disprove it, the government submits that the Court should enter an order precluding any cross-examination, introduction of evidence or argument in summation as to the source of information in any article about an investigation of Platinum. Such an order would explicitly cover any reference to or question about the source of such information in the relevant articles, whether phrased as a rhetorical question or otherwise, and any reference to or question suggesting that the government or the FBI benefited professionally or personally from the prosecution of this case. The requested order is all the more necessary given that, the government has learned, Nordlicht has served one of the relevant reporters with a trial subpoena in recent days and clearly has every intention of presenting evidence on this issue in violation of the Court's orders. Precluding defense counsel from pursuing this issue further at trial is crucial to preventing any further prejudice to the government following Nordlicht's counsel's violation of the Court's prior orders in his opening statement.

              Respectfully submitted,

              RICHARD P. DONOGHUE
              United States Attorney

       By:   /s/
              Alicyn L. Cooley
              David C. Pitluck
              Lauren H. Elbert
              Patrick T. Hein
              Assistant U.S. Attorneys
              (718) 254-7000

Cc:  Clerk of the Court (BMC) (by ECF)
    Defense Counsel (by ECF)

---

identity of the leaking party <u>was not relevant</u>"—is belied by the record. Letter of Duncan Levin, Esq., ECF Docket No. 658 (Apr. 23, 201), at 1.

  [4]  Nordlicht's counsel's suggestion that their violation of the Court's orders is not properly before the Court because the government did not "contemporaneously object" to counsel's prosecutorial misconduct claims during his opening statement is absurd. As previewed by the applications the government has made on this subject, objecting to allegations of government misconduct in front of the jury risks exacerbating the prejudicial effect of any such improper arguments. The Court correctly and immediately raised counsel's violation of the Court's prior orders on this subject following counsel's opening statement, and the government immediately indicated its objection to counsel's statements.