

April 24, 2019

<u>*Via CM/ECF*</u>

The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: *United States v. Nordlicht, et al.*, Docket No: 1:16-cr-00640 (BMC)

Dear Judge Cogan:

  Defendants submit this letter moving *in limine* to preclude the government from eliciting immaterial, confusing, and highly prejudicial investor testimony, and specifically excluding such statements made by government witness John Huth. As explained below, this is not an issue that can be addressed by proper cross-examination of Huth and other investors because the law is clear that this type of evidence is precluded from coming in in the first place.

In particular, defendants seek to preclude Platinum investors from testifying as to certain:

  (a) mistaken, confused, and incorrect beliefs about the rights, duties, and obligations specified in the relevant operative Platinum entity documents and audited financial reports;
  (b) misinformed "viewpoints" that contradict "the mainstream thinking of investors in the market";
  (c) speculative opinions; and
  (d) testimony based on non-operative documents that investors expressly disavowed reliance on.

  The primary focus of Huth's testimony this morning was to explain to the jury that the primary reasons for his investments in PPVA were purported representations contained in a 2007 "Presentation" (GX-4212), notwithstanding the disclaimer embedded in the Presentation that representations in the Presentation should not be relied on but only the governing documents could, and that Huth signed a subscription specifically acknowledging that he was not relying on any such documents, and was relying *exclusively* on disclosures in the signed Subscription Agreement, relevant PPM and LPA, and the audited financial statements. Thus, Huth's testimony violated black letter law on both sophisticated investor "point of view" testimony and the materiality standard in a criminal case.

Under the securities law, a "misstatement in a securities transaction is material" *only if* an "objective" "reasonable" (and here "sophisticated") investor would find the misrepresentation or omission so "important" that "disclosure of the omitted fact" would have "significantly altered the 'total mix' of information made available." *United States v. Litvak*, 889 F.3d 56, 64–65 (2d Cir. 2018). As a matter of law, the purported "victim" investors, including Huth and others the government seeks to call at trial may only testify to their "own point of view" insofar as it "is shown to be within the parameters of the thinking of reasonable investors in the particular market at issue." *Id.* That is, "there must be evidence of a nexus between a particular [investor's] viewpoint and that of the mainstream thinking of investors in that market." *Id.* Given that "[m]ateriality cannot be proven by the mistaken beliefs of the worst informed [investor] in the market," the Second Circuit has made clear that the "point of view of an investor who" is "wrong" — based on "confused" and "incorrect" beliefs — is irrelevant and immaterial as a matter of law, and must be precluded from evidence. *Id.* 65, 68–69; *see also United States v. Shapiro*, 2018 WL 2694440, at *4–7 (D. Conn. June 5, 2018) (holding "point of view" evidence must be precluded even when "relevant" where the "perception" of the investor is "entirely wrong").

Second, a sophisticated investor is deemed to know the contents of all operative fund documents, and any failure to review the documents is deemed "unreasonable" and "reckless," rendering any such beliefs both irrelevant and immaterial. *See, Ashland Inc. v. Morgan Stanley & Co.*, 700 F. Supp. 2d 453, 471 (S.D.N.Y. 2010), *aff'd* 652 F.3d 333 (2d Cir. 2011). Moreover, by definition, a "reasonable investor" would not "misperceive" the actual disclosures in operative fund documents, rendering such "point of view" evidence as irrelevant and highly prejudicial in a criminal prosecution. *United States v. Shapiro*, No. 3:15-CR-155, 2018 WL 2694440, at *4-7 (D. Conn. June 5, 2018); *see also Meyer v. Ward*, 2017 WL 6733726, at *10 (N.D. Ill. Dec. 18, 2017) (The Court finds that a reasonable, sophisticated investor in Meyer's position would not have considered a single response in the [Due Diligence Questionnaire], which was inconsistent with other responses in the [Due Diligence Questionnaire], important enough to significantly alter the total mix of information available."). Such testimony must be precluded under Rule 701 – limiting the testimony of lay witnesses – as well as under Rule 401 and 403. Indeed, Huth's signed subscription expressly disavows that he relied on any non-operative document, including the Presentation. Permitting the Defendants to cross-examine Huth will not cure this error.

The government has elicited and intends to continue to elicit through Huth incorrect and mistaken factual testimony from highly sophisticated investors. Specifically, Huth and presumably the other investors on the Government's witness list now desire to take the stand and disavow prior representations that they read, understood, and agreed to the risks associated with investing in a hedge fund, such as Platinum, by suggesting that they never saw or read the subscription agreement (which they signed), and were unaware of or mistaken about the ample disclosures in Platinum's operative documents that detailed (i) Platinum's methodology for valuation (including its use of independent, third-party auditors), (ii) potential liquidity risks that could result in total loss of investment, (iii) Platinum's right to engage in lending and borrowing with affiliated entities, and (iv) Platinum's redemption process, which permitted in kind rather

than in cash redemptions (including side-pocketing portions of the portfolio) and the use of good-faith triage if illiquidity required staggering redemptions.

Investors' factually incorrect "points of view" or mistaken beliefs about what these documents as well as audited financial statements disclosed lack any relevance under FRE 401. Indeed, no *objective reasonable sophisticated* investor would have failed to review operative entity documents or ignored audited financial statements, and would understand basic risks associated with hedge funds prior to investing. Such "point of view" testimony, thus, would serve only to confuse the jury and improperly prejudice defendants by inappropriately invoking jury sympathy. *See* FRE 403.

Similarly, the Court should bar speculative investor opinion testimony that sets forth unverifiable causal arguments. For example, whether an investor believed (incorrectly) that a redemption of "class L" PPVA shares entitled the investor to a full cash redemption in 90 days has no relevance to any facts at issue in this case, and appears as no more than a thinly veiled attempt by the government (again) to improperly invoke jury sympathy. Such testimony should be precluded. Nor should this Court permit investors to function as "expert[s] as in lay witness clothing," unhelpfully opining about issues outside their perception or which ordinarily require scientific, technical, or other specialized knowledge. *See* FRE 701; 702; FRE 701 Advisory Committee's Note.

For the reasons stated above, Defendants move to strike all of Huth's testimony this morning, issue a curative instruction, and preclude the Government from eliciting "point of view" testimony, and immaterial investor beliefs that contradict the governing fund documents, which they signed.

Dated: New York, New York
April 24, 2019

                                                    Respectfully submitted,

                                                    /s/ Adam C. Ford
                                                    Kevin J. O'Brien
                                                    Adam C. Ford
                                                    Matthew A. Ford
                                                    Anjula Prasad
                                                    FORD O'BRIEN LLP
                                                    575 Fifth Avenue 17th Fl.
                                                    New York, New York 10017