Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
+1 212 909 6000

April 24, 2019

**VIA ECF**

The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

  Re: *United States v. Mark Nordlicht, et al.*
     **Criminal Docket No. 16-640 (BMC)**

Dear Judge Cogan:

  We write on behalf of third-parties Mark P. Goodman and Michael B. Mukasey, a Partner and Counsel, respectively, at Debevoise & Plimpton LLP ("Debevoise"), in support of our April 17, 2019 letter motion for an order quashing subpoenas to testify and produce documents (the "Subpoenas") served by the defendant Mark Nordlicht (the "Defendant"), pursuant to Federal Rule of Criminal Procedure 17(c).

  In response to the motion, the Defendant acknowledges that he will not seek evidence relating to Winston Paes but notes that "Debevoise represented Platinum Partners during part of the time period of the alleged offenses." Dkt. No. 647. Debevoise performed work for Platinum Management (NY) LLC from approximately March 2013 to August 2013. Given the lack of specificity in the Defendant's response to the motion and in the Subpoenas, we are left to speculate that the Subpoenas relate to the Defendant's proffer that he intends to "offer non-privileged evidence regarding [prior] attorneys' work" to argue at trial that he lacked criminal intent. Dkt. No. 625.

  The Subpoenas should be quashed because they are an improper fishing expedition that fail to satisfy *United States v. Nixon*, 418 U.S. 683 (1974). *See United States v. Rivera*, No. 13-CR-149 KAM, 2015 WL 1540517, at *3 (E.D.N.Y. Apr. 7, 2015) ("The party requesting the Rule 17 subpoena must make a preponderance showing that the materials requested are relevant, specifically identified, admissible, and not otherwise procurable by the exercise of due diligence.") (quotation marks omitted) (citing, e.g., *Nixon*, 418 U.S. at 699-700).

  *As an initial matter*, the Subpoena served on Mr. Goodman should be quashed because it unrelated to the Defendant's proffer as to the basis for the Subpoenas. Mr. Goodman does not recall ever representing Platinum Management (NY) LLC or the Defendant and we have found no evidence indicating that he did. We shared these facts with the Defendant's counsel by email

on April 22, 2019, a copy of which is attached, but have received no response. Thus, the subpoena served on Mr. Goodman should be quashed.

The Subpoena served on Mr. Mukasey should also be quashed.

*First*, the Defendant's assertion that Debevoise represented Platinum Management (NY) LLC – without more – fails to demonstrate that the evidence relating to that representation is relevant or admissible, as required under *Nixon*. If the Defendant seeks only "non-privileged evidence" relating to prior attorneys' work, Dkt. No. 625, the documents and information he seeks regarding Debevoise's representation is privileged and inadmissible without the appropriate waiver of privilege.

*Second*, Platinum Management (NY) LLC is the holder of the privilege that protects these materials, and the Defendant has not explained how he would be entitled to documents he seeks under the Subpoenas. *See, e.g.*, *S.E.C. v. Ryan*, 747 F. Supp. 2d 355, 367 (N.D.N.Y. 2010) ("the attorney-client privilege belongs to the corporation or similar organization," including a limited liability company). Additionally, the Defendant has also not explained how the non-substantive and potentially non-privileged aspects of Debevoise's representation, such as the fact that it was retained for several months in 2013, could have any bearing on whether any Defendant acted with criminal intent.

*Third*, the Subpoenas, which demand "any and all documents in [Messrs. Goodman's and Mukasey's] possession pertaining to this case," are grossly overbroad. A Rule 17 subpoena "[is] not intended to provide a means of discovery for criminal cases." *Nixon,* 418 U.S. at 698. The Subpoenas' vague catch-all language is precisely the kind of demand that courts regularly reject as improper fishing expeditions. *See, e.g.*, *United States v. Skelos*, No. 15-CR-317 (KMW), 2018 WL 2254538, at *4 (S.D.N.Y. May 17, 2018) (quashing subpoena that sought "any and all documents" rather than "a specific type"); *United States v. Robinson*, No. 16-CR-545 (ADS) (AYS), 2017 WL 1331274, at *4 (E.D.N.Y. Apr. 10, 2017) (noting that courts uniformly quash blanket "any and all" subpoenas); *United States v. Weisberg*, No. 08-CR-347 (NGG) (RML), 2010 WL 5027537, at *1 (E.D.N.Y. Dec. 3, 2010) (quashing subpoena where the "requests are phrased in language that resembles civil discovery requests, rather than the specific requests for actual evidence that are allowed under Rule 17(c)").

The Subpoenas fail to satisfy the standard set forth in *Nixon* and should be quashed. In the alternative, the Court should order the Defendant to provide a detailed proffer and a specific request for non-privileged documents that would allow Messrs. Goodman and Mukasey to respond appropriately.

Respectfully submitted,

/s/ John Gleeson
John Gleeson

Enclosures

Cc: Counsel for the Government (By ECF)
Counsel for Defendant Nordlicht (By ECF)

## CERTIFICATE OF SERVICE

      I, John Gleeson, attorney for third-parties Mark P. Goodman and Michael B. Mukasey, hereby certify that, on April 24, 2019, I caused to be served via the CM/ECF electronic filing system a copy of the foregoing letter to counsel for the Government and Defendant Mark Nordlicht:

*Counsel for the Government*

Alicyn L. Cooley
David C. Pitluck
Lauren Howard Elbert
Patrick Hein
United States Attorney's Office
271 Cadman Plaza East
Brooklyn, NY 11201
alicyn.cooley@usdoj.gov
david.pitluck@usdoj.gov
lauren.elbert@usdoj.gov
patrick.hein@usdoj.gov

*Counsel for Defendant Mark Nordlicht*

Jose A. Baez
The Baez Law Firm
40 Sw 13th St, Suite 901
Miami, FL 33130
jose@baezlawfirm.com

Lisabeth Fryer
Lisabeth J. Fryer, P.A.
250 International Parkway, Suite 134
Lake Mary, FL 32746
lisabeth@lisabethfryer.com

Ronald S. Sullivan
Ronald S. Sullivan Jr.
712 H Street, Suite 1354
Washington, DC 20002
rsullivan@ronaldsullivanlaw.com

Duncan Patrick Levin
230 Park Avenue
Suite 440
New York, NY 10169
dlevin@tuckerlevin.com

Dated: April 24, 2019

                                              /s/ John Gleeson
                                              John Gleeson

| | |
|---|---|
| **From:** | Gleeson, John |
| **Sent:** | Monday, April 22, 2019 5:55 PM |
| **To:** | 'jose@baezlawfirm.com'; 'lisabeth@lisabethfryer.com'; 'rsullivan@ronaldsullivanlaw.com'; 'dlevin@tuckerlevin.com' |
| **Cc:** | Brockner, Dustin J. |
| **Subject:** | Trial Subpoena Issued to Mark Goodman |

Counsel:

I write in regard to the trial subpoena dated April 11, 2019 issued to Mark Goodman. Your April 18, 2019 letter to the Court suggested that the subpoena was connected to Debevoise's representation of "Platinum Partners during part of the time period of the alleged offenses."

Mr. Goodman states that he had no involvement with any such representation, and I have no indication that he did. In light of that, please confirm whether you still plan to call Mr. Goodman and, if so, provide the basis for that demand.

Sincerely,

John

**Debevoise & Plimpton**

**John Gleeson**
Partner

jgleeson@debevoise.com

(212) 909-7281
919 Third Avenue
New York, NY 10022
www.debevoise.com

This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure. If you are not the intended recipient, please do not disseminate, distribute or copy this communication, by e-mail or otherwise. Instead, please notify us immediately by return e-mail (including the original message in your reply) and by telephone (you may call us collect in New York at 1-212-909-6000) and then delete and discard all copies of the e-mail. Thank you.

1