# TUCKER LEVIN, PLLC

230 PARK AVENUE, SUITE 440

NEW YORK, NEW YORK 10169

212-330-7626

FACSIMILE: 212-422-3305

DUNCAN P. LEVIN
DIRECT DIAL: 646-445-7825
DLEVIN@TUCKERLEVIN.COM

April 25, 2019

ELECTRONICALLY FILED

Hon Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

                      Re:      United States v. Mark Nordlicht, et al., 16-Cr.-640 (BMC)

Dear Judge Cogan:

      Mark Nordlicht writes by this letter to respond to the letter dated April 24, 2019 of third-party subpoena recipients Mark P. Goodman and Michael B. Mukasey, attorneys at the law firm of Debevoise & Plimpton LLP ("Debevoise") (See Docket Entry No. 662), as well as this Court's Order for a proffer of proposed testimony and documents.

      First, as to the subpoena served on Mr. Goodman, upon further investigation, we agree that the subpoena should be withdrawn and thus hereby do so. That said, no one purportedly copied on counsel's April 22, 2019 email inquiry, which was attached to Debevoise's letter motion, received it, so we believe it was may not actually have been properly even sent to counsel.

      As to the subpoena served on Mr. Mukasey, we fully intend to call Mr. Mukasey as a trial witness. In 2013, during the heart of the alleged conspiracy, Mr. Mukasey was hired to oversee an audit of relevant Platinum practices, including valuation, redemption procedures and related-party transactions, as well as review the offering documents and disclosures. Mr. Mukasey was retained for approximately five months exactly during the charged time period, and his work could not be any more relevant to the facts at issue in the criminal trial at bar. Counsel's contention that this is a "fishing expedition" could not be further from the reality of the situation. *At a bare minimum*, the mere fact of Mr. Mukasey's representation is germane to Mr. Nordlicht's state of mind and intent. Would someone engaged in an extraordinary fraud hire the former Attorney General of the United States – a partner at a prestigious, white-shoe law firm – to conduct the work of overseeing reviewing the very documents that are at the core of the so-called conspiracy? This wasn't a fly-by-night attorney hired to give cover to a fraud; this was one of the nation's elite lawyers, who served as the nation's top law enforcement official and ran the U.S. Department of Justice.

The mere fact of his representation is critical and of course has bearing, despite counsel's contention to the contrary, on whether Mr. Nordlicht acted with criminal intent. As to a more specific proffer, we intend to ask the witness about the fact of his representation, the scope of his representation, and any underlying non-privileged documentation related to this representation. We seek to have the witness bring any non-privileged work documents regarding this representation in his possession with regard to this representation, including specifically attorney retention agreements showing the scope of Mr. Mukasey's work. *Vingelli v. United States*, 992 F.2d 449, 452 (2d Cir. 1993), *citing In re Grand Jury Subpoena Served Upon Doe*, 781 F.2d 238, 247 (2d Cir.) (en banc), *cert. denied*, 475 U.S. 1108 (1986); *In re Shargel*, 742 F.2d 61, 62 (2d Cir. 1984); *Colton v. United States*, 306 F.2d 633, 637-38 (2d Cir. 1962), *cert. denied*, 371 U.S. 951 (1963); *United States v. Pape*, 144 F.2d 778, 782-83 (2d Cir.), *cert. denied*, 323 U.S. 752 (1944). Counsel for Mr. Mukasey has identified no special circumstances here; in fact, counsel's publicly filed letter with the Court itself acknowledges the representation. (See Docket Entry No. 662) ("Debevoise performed work for Platinum Management (NY) LLC from approximately March 2013 to August 2013.") The Second Circuit has reiterated on numerous occasions that the attorney-client privilege "should be strictly confined within the narrowest possible limits underlying its purpose." *United States v. Goldberger & Dubin, P.C.*, 935 F.2d 501, 504 (2d Cir. 1991) (*citing, inter alia, In re Grand Jury Subpoena* (Shargel), 742 F.2d 61, 62 (2d Cir. 1984)); *accord, e.g., In re County of Erie*, 473 F.3d 413, 418 (2d Cir. 2007); *Int'l Bhd. of Teamsters*, 119 F.3d 210, 214 (2d Cir. 1997). The identity of Debevoise's client is not a secret. Nor has Debevoise cited anything of a confidential nature that might be revealed by production of the retainer agreement. And to be clear: none of the proffered testimony will relate in any way to prosecutorial misconduct by former Assistant U.S. Attorney Winston Paes, despite the fact that Mr. Paes joined Debevoise at the exact time he was overseeing the Platinum case.

The testimony we seek is clearly relevant, specifically identified, admissible, and not otherwise procurable. *See United States v. Nixon*, 418 U.S. 683, 699-700 (1974); *see United States v. Rivera*, No. 13-CR-149 KAM, 2015 WL 1540517, at *3 (E.D.N.Y. Apr. 7, 2015). We respectfully submit that the letter motion by third-party subpoena recipient Michael Mukasey to quash Mr. Nordlicht's subpoena be denied.

Respectfully submitted,

Duncan P. Levin, Esq.
*Counsel for Mark Nordlicht*
(212) 330-7626

cc: All parties (via ECF)