UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                        :

UNITED STATES OF AMERICA,             :

              - against –                          :

MARK NORDLICHT,                      :      **ORDER**
DAVID LEVY,                               :
DANIEL SMALL,                          :      16-cr-00640 (BMC)
JOSEPH MANN,                           :
JOSEPH SANFILIPPO, and            :
JEFFREY SHULSE,                       :
                                                         :
                Defendants.               :
------------------------------------------------------------ X

**COGAN**, District Judge.

      Non-parties Mark P. Goodman and Michael B. Mukasey, through their counsel, have filed a motion to quash the subpoenas that defendant Nordlicht served on them to testify at trial and to bring with them all documents in their possession pertaining to this case. Nordlicht has withdrawn the subpoena that he served on Mr. Goodman, but he opposes Mr. Mukasey's motion to quash.

      Nordlicht argues that Mr. Mukasey's testimony is relevant because Mr. Mukasey represented Platinum during five months of the period charged in the indictment. In support of this argument, Nordlicht asks, "[w]ould someone engaged in an extraordinary fraud hire the former Attorney General of the United States – a partner at a prestigious, white-shoe law firm – to conduct the work of overseeing reviewing the very documents that are at the core of the so-called conspiracy?" I see no reason why not. It's not as if it has never happened before.

      The mere fact that Platinum retained "one of the nation's elite lawyers" is not evidence of an absence of wrongdoing; it has no bearing on whether Nordlicht had criminal intent.

Companies in trouble often hire high-profile lawyers to create a public impression that they have nothing to hide. These lawyers "elite" status sheds no light on whether the hiring decision is because management wants to buy time despite knowledge of guilt (perhaps because wrongdoers often believe or hope that time will create market moves or opportunities that will rescue them from prior misstatements); or because management is willfully blind; or because some managers at the company are one of those things and others involved in the hiring decision are not; or because management genuinely believes it is actually innocent. Even if the hiring decision did permit enough of some inference to make it marginally relevant, the need to give the jury context would create a sideshow too attenuated from the issue of guilt or innocence to warrant the expenditure of trial resources under Federal Rule of Evidence 403. I do not see how attempting to dazzle a jury with a lawyer's credentials will assist it in deciding this case.

Because Nordlicht has not explained to what else he would expect Mr. Mukasey to testify other than the fact and scope of his representation of Platinum, the [642] motion to quash is GRANTED.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
       April 26, 2019