

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

ALC/DCP/LHE/PTH
F. #2016R00505

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

April 29, 2019

BY ECF

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: United States v. Mark Nordlicht, et al.
       Criminal Docket No. 16-640 (BMC)

Dear Judge Cogan:

    The government respectfully submits this letter motion in limine to exclude certain defense exhibits[1] and preclude the defendants from cross examining government witness Abraham Gulkowitz regarding accounting irregularities at a company called AmTrust Financial Services ("AmTrust").[2]  Introducing evidence and permitting cross-examination relating to an ongoing SEC probe of AmTrust in order to impeach Mr. Gulkowitz would violate Rules 608, 611 and 403 of the Federal Rules of Evidence.

I.  Background

    Government witness Abraham Gulkowitz was an investor in the Platinum Partners Value Arbitrage Fund ("PPVA").  He has had a lengthy professional career in finance, including as a Senior Managing Director at Bankers Trust, and was a Co-Founder and Partner of Brookville Advisory, an asset management fund that was ultimately purchased by Morgan Stanley.  Mr. Gulkowitz serves on the board of several entities, including AmTrust, where he has been a Director since 2006 and serves on the Audit Committee.

    AmTrust is a multinational insurance company based in New York City.  On or about May 4, 2018, AmTrust made a proxy filing with the United States Securities and Exchange

---

[1] Because the defense continues to decline to provide the government with tagged exhibits, or a numbered exhibit list, the government is unable to identify these exhibits by number for the Court.  These exhibits were produced to the government on April 24, 2019.

[2] The government currently anticipates calling Mr. Gulkowitz to testify on Wednesday, May 1, 2019.

Commission ("SEC") in which it disclosed that it had been responding to an SEC investigation regarding accounting irregularities since 2015. Per publicly available records, the SEC has yet to take any enforcement action or issue any finding of wrongdoing as to AmTrust. There has likewise been no allegation in any media coverage, company statements or any other source of any direct or indirect personal involvement of Mr. Gulkowitz in any of the events giving rise to the SEC's investigation.

II.     Legal Background

Rule 608 of the Federal Rules of Evidence governs witness impeachment, and provides, in pertinent part, that except for a criminal conviction "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." Fed. R. Evid. 608(b). "But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of: (1) the witness; or (2) another witness whose character the witness being cross-examined has testified about." Id.

"Rule 608(b) is intended to be restrictive . . . The rule does not authorize inquiry on cross-examination into instances of conduct that do not actually indicate a lack of truthfulness." Weinstein & Berger, Weinstein's Federal Evidence, § 608.22[2][c][i]; see also 28 Charles A. Wright & Victor James Gold, Fed. Prac. & Proc. § 6118 (2004) ("The first point to make about discretion under subdivision (b) [of Rule 608] is that it is limited.... [T]he court has discretion to admit evidence only if it is probative of truthfulness or untruthfulness, is not extrinsic, and is presented during examination of either the principal witness or a character witness.").

Rule 403 empowers the Court to exclude relevant evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Rule 611, in turn, directs courts to "exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment." Fed. R. Evid. 611. Rules 403 and 611 apply in the context of cross-examination. United States v. Brown, 07-CR-874 (KAM), 2009 WL 497606, at *4 (E.D.N.Y. 2009).

III.    Analysis

The defendants intend to challenge the credibility of a victim investor witness by introducing extrinsic evidence of an open, unresolved investigation into a company where he serves as a director, and where the SEC has made no allegations of wrongdoing as to the witness himself.[3]  This effort is entirely inappropriate.

---

[3] To the extent the defendants wish to cross-examine Mr. Gulkowitz regarding his service on the Board of Directors of AmTrust for a different purpose, such as to demonstrate Mr. Gulkowitz's sophistication in the financial world, the government respectfully submits such cross-examination is irrelevant and likely to confuse the jury about the law that applies to this case. Unlike in a contract dispute, there is no caveat emptor in criminal law, and as courts in this

2

First, the defense exhibits relating to the investigation into accounting practices at AmTrust are categorically inadmissible as extrinsic evidence under Fed. R. Evid. 608(b), and should be excluded from trial. See Brown, 2009 WL 497606, at *3 (describing such extrinsic evidence as categorically barred); United States v. Watts, No. 10-CR-627 (KAM), 2013 WL 5423748, at *28 (E.D.N.Y. Sept. 26, 2013) (noting that extrinsic evidence to attack witness's character for truthfulness is inadmissible, and that if a party is allowed to inquire into such topics on cross-examination, the party is "bound by the witness's answer.") (internal quotation marks omitted).

The government further respectfully submits that cross-examination of Mr. Gulkowitz regarding the AmTrust accounting inquiry should be precluded under Rules 608(b), 611 and 403. First, as there has been no allegation regarding Mr. Gulkowitz, asking him questions regarding this investigation would be improper impeachment, because it would not actually bear on the truthfulness of the witness. "Under Federal Rule of Evidence 608(b), the district court may restrict cross-examination about specific instances of prior conduct if it finds that the conduct is not probative of truthfulness." United States v. Flaharty, 295 F.3d 182, 191 (2d Cir.), cert. denied, 537 U.S. 936 (2002). Second, the SEC's investigation has not been resolved, so it is yet to be determined whether there were any improprieties at AmTrust on the part of anyone associated with that company, which is reason alone to preclude cross on this topic. See United States v. Nelson, 65 F. Supp. 2d 381, 392 (S.D.N.Y. 2005) (prohibiting cross examination into a pending investigation because no findings had yet been made).

Additionally, this line of cross-examination should be precluded under Rules 611 and 403. "In addition to determining whether, on cross-examination, a particular prior act is probative of truthfulness and therefore permissible under Rule 608(b), the court still must be guided by Rules 611 and 403 in deciding whether to exercise its discretion to allow cross-examination pursuant to Rule 608(b)." Nelson, 65 F.Supp.2d at 390. The defendants wish to pursue this topic on cross-examination in an effort embarrass this witness in front of the jury in

---

Circuit, including this Court, routinely have instructed juries in criminal securities fraud cases, "it does not matter whether the intended victims were gullible buyers or sophisticated investors because the securities laws protect the gullible and unsophisticated as well as the experienced investor." Charge of the Hon. Brian M. Cogan in United States v. Petrossi, No. 16-CR-234 (BMC) (E.D.N.Y. 2017), Trial Tr. 1128-1136; Sand, Instrs. 57-21, 57-24.

3

exchange for no probative information regarding the facts at issue in this case or the witness's character for truthfulness. Cross-examination on this topic would be a waste of time, and should not be permitted.

                                          Respectfully submitted,

                                          RICHARD P. DONOGHUE
                                          United States Attorney

                          By:       /s/
                                            Alicyn L. Cooley
                                          David C. Pitluck
                                          Lauren H. Elbert
                                          Patrick T. Hein
                                          Assistant U.S. Attorneys
                                          (718) 254-7000

Cc:    Clerk of the Court (BMC) (by ECF)
         Defense Counsel (by ECF)