

Littler Mendelson, PC
900 Third Avenue
New York, NY 10022

May 1, 2019

A. Michael Weber
212.583-2660 direct
212.583-9600 main
212.832.2719 fax
mweber@littler.com

**VIA ECF**

The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: United States v. Mark Nordlicht, et al.
Criminal Docket No. 16-640 (BMC)

Dear Judge Cogan:

I write on behalf of third-party Jon Lindsey ("Mr. Lindsey"), Managing Partner at legal recruiting firm Major, Lindsey & Africa, to seek an order quashing the April 17, 2019 subpoena ad testificandum ("the Subpoena") served on him by Defendant Mark Nordlicht ("the Defendant") pursuant to Federal Rule of Criminal Procedure 17(a).[1]

The Subpoena, a copy of which is attached, seeks Mr. Lindsey's testimony on May 3, 2019. *See* Exhibit 1. Counsel has learned from the private investigator retained by the Defendant that the Defendant and his counsel seek testimony from Mr. Lindsey regarding the job search of former Assistant U.S. Attorney Winston Paes ("Mr. Paes").[2] This Court should quash the Subpoena, because the Court has already ruled inadmissible any evidence of prosecutorial misconduct or bias on multiple occasions during this case. Moreover, the Defendant and his counsel evidently served the Subpoena as a "place holder" for later testimony, which is disruptive to Mr. Lindsey's busy schedule. The Defendant's counsel represents that he is "quite aware" of the Court's Orders regarding Mr. Paes; yet, he continues to seek testimony about Mr. Paes. *See* Dkt 647, at 1.

I.   **Legal Standard**

While subpoenas compelling witness attendance under Federal Rule of Criminal Procedure ("Rule") 17(a) "do[] not provide explicitly for quashing or modification, courts routinely have entertained

---

[1] A colleague of undersigned counsel, Joseph P. Harkins, spoke by telephone on April 24, 2019, with private investigator Cindy "Dana" Harris ("Ms. Harris"), who is working with Jose Baez, the attorney who issued the Subpoena, to better understand the purpose of the subpoena, which Ms. Harris was kind enough to explain.
[2] Although Mr. Lindsey worked with Mr. Paes during the latter's job search geared toward private practice, he did not ultimately place Mr. Paes at Debevoise & Plimpton, LLP, where Mr. Paes is now Counsel.

motions seeking such relief." *Stern v. U.S. Dist. Court, Massachusetts*, 214 F.3d 4, 17 (1st Cir. 2000). Subpoenas under Rule 17(a) survive where the moving party can show that the subpoena seeks "relevant and material" testimony. *See id.* (citing *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982)). In evaluating subpoenas under Rule 17(a), courts apply "comparable principles" to those they use in evaluating subpoenas duces tecum under Rule 17(c). *See id.* Under Rule 17(c), a subpoena must "clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity."[3] *United States v. Nixon*, 418 U.S. 683, 699-700 (1974); *see also United States v. Barnes*, 560 F. App'x 36, 29 (2d Cir. 2014) (noting that "the party seeking compliance must make a preponderance showing that the materials requested" comport with *Nixon*).

II. **The Subpoena Cannot Satisfy the Standards Under Rule 17**

    A. <u>The Subpoena Seeks Irrelevant, Immaterial, and Inadmissible Testimony</u>

This Court has already deemed testimony about Mr. Paes' conduct inadmissible. *See, e.g.*, Dkt. No. 637, at 3 ("The only reason for putting in [the Former Prosecutor's] conduct is to use it as a backdoor to get in the prosecutorial misconduct claim, and I'm not going to allow that.") (quoting Tr. at 755); Dkt. No. 565, at 1 ("To the extent the Government seeks to preclude defendants from arguing that the Government engaged in any type of misconduct, its motion is granted."); Order, Apr. 15, 2019 (noting that the Government's letter motion requesting that the Court preclude arguments about purported Government misconduct was "unnecessary" because "[t]he Court has already granted the relief the Government seeks in prior orders").

Mr. Lindsey's only connection to this case is his recruiting work to place former prosecutor Mr. Paes at a law firm; thus, his testimony would serve only as a "backdoor to get in the prosecutorial misconduct claim," which the Court has disallowed. *See* Dkt. No. 637, at 3 (quoting Tr. at 755). As such, Mr. Lindsey's testimony cannot meet the "relevant and material" standard under *Stern* or the requirements of "relevancy" and "admissibility" under *Nixon*. *See Nixon*, 418 U.S. at 699-700; *Stern*, 214 F.3d at 17.

    B. <u>Defendant Did Not Issue the Subpoena in Accordance with Prior Rulings and Filings</u>

Defendant and his counsel are aware that the Court has found evidence regarding Mr. Paes' conduct inadmissible. *See* Dkt No. 647, at 1 ("[C]ounsel is quite aware of the Court's Orders with regard to such argument [about Mr. Paes]."). Moreover, the Defendant's counsel stated in a February 19, 2019 submission that the witnesses appearing in that submission "are more than sufficient to allow him to present his theory of defense." *See* Dkt. 569, at 5. Mr. Lindsey's name does not appear in that proffer. *See id.* Thus, not only does the Defendant continue to seek testimony about Mr. Paes' job search in contravention of written and verbal orders, he also seeks testimony that he has indicated is unnecessary to his defense.

---

[3] Although according to the check box, the Subpoena seeks only testimony and not documents, the Subpoena requests that Mr. Lindsey bring "any and all" documents in his possession relevant to this case, of which there are none for the reasons stated above. Courts routinely quash subpoenas with such overbroad language. *See, e.g.*, *United States v. Robinson*, No. 16-CR-545 (ADS) (AYS), 2017 WL 1331274, at *4 (E.D.N.Y. PR. 10, 2017); *United States v. Skelos*, No 15-CR-317 (KMW), 2018 WL 2254538, at *4 (S.D.N.Y. May 17, 2018).

In conclusion, the Subpoena fails to comply with standards set forth in *Nixon* and *Stern,* and it seeks evidence that this Court has specifically found inadmissible multiple times. We respectfully submit that the Subpoena should be quashed.

Respectfully,

*/s/ A. Michael Weber*

A. Michael Weber
Shareholder

Cc: Joseph P. Harkins, Esquire

## **CERTIFICATE OF SERVICE**

I, A. Michael Weber, attorney for third-party Jon Lindsey, hereby certify that, on May 1, 2019, I caused to be served via the CM/ECF electronic filing system a copy of the foregoing letter motion to counsel for the Government and Defendant Mark Nordlicht:

*Counsel for the Government*

Alicyn L. Cooley
David C. Pitluck
Patrick Hein
United States Attorney's Office
271 Cadman Plaza East
Brooklyn, NY 11201
alicyn.cooley@usdoj.gov
david.pitluck@usdoj.gov
patrick.hein@usdoj.gov

*Counsel for Defendant Mark Nordlicht*

Jose A. Baez
The Baez Law Firm
40 Sw 13th St, Suite 901
Miami, FL 33130
jose@baezlawfirm.com

Lisabeth Fryer
Lisabeth J. Fryer, P.A.
Lake Mary, FL 32746
250 International Parkway, Suite 134
Lake Mary, FL 32746
lisabeth@lisabethfryer.com

Ronald S. Sullivan
Ronald S. Sullivan Jr.
712 H Street, Suite 1354
Washington, DC 20002
rsullivan@ronaldsullivanlaw.com

Duncan Patrick Levin
230 Park Avenue, Suite 440
New York, NY 10169
dlevin@tuckerlevin.com Dated: April 29, 2019

Dated: May 1, 2019

/s/ A. Michael Weber
A. Michael Weber