

U.S. Department of Justice

United States Attorney
Eastern District of New York

ALC/DCP/LHE/PTH
F. #2016R00505

271 Cadman Plaza East
Brooklyn, New York 11201

May 6, 2019

BY ECF AND HAND DELIVERY

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Mark Nordlicht et al.
                Criminal Docket No. 16-640 (BMC)

Dear Judge Cogan:

      The government respectfully requests that the Court revoke the defendant Mark Nordlicht's bail and order him detained based on his violation of his conditions of release. Nordlicht violated his conditions of release on May 2, 2019 when he forcibly intimidated an Assistant U.S. Attorney prosecuting this case on account of the performance of her official duties. See 18 U.S.C. § 111(a)(1). Accordingly, pursuant to 18 U.S.C. § 3148, the government seeks an order remanding Nordlicht into federal custody.

I.    Background

      On May 2, 2019, at approximately 3:04 p.m., during a break in the trial testimony of victim witness Abraham Gulkowitz, Nordlicht and his wife walked north through the 8th floor lobby of the federal courthouse away from Your Honor's courtroom. At the same time, the four Assistant U.S. Attorneys prosecuting this case and another Assistant U.S. Attorney walked south towards Your Honor's courtroom. When the prosecutors saw Nordlicht and his wife approach, they moved to the west side of the lobby to ensure that Nordlicht and his wife had ample room to continue walking north on the east side of the lobby. As the Assistant U.S. Attorney who had been eliciting testimony from Mr. Gulkowitz at trial (the "Prosecutor") moved out of the way to allow Nordlicht and his wife to pass, Nordlicht suddenly leaned in front of his wife and angrily shouted at the Prosecutor: "You have no fucking morals." As Nordlicht's wife grabbed onto his suit coat in an effort to restrain him, Nordlicht continued to curse and pursued the Prosecutor in a rage while screaming, in substance, "you know the investor calls," which had been referenced in Mr. Gulkowitz's testimony. For approximately 12 seconds, Nordlicht continued yelling and tried to free himself from his wife's grasp as two of the Prosecutor's colleagues stood between

Nordlicht and the Prosecutor to ensure that Nordlicht was not able to continue his physical pursuit of the Prosecutor.[1]

As described above and captured by the enclosed video footage of the incident, Nordlicht's May 3, 2019 letter to Your Honor regarding Nordlicht's conduct contains several inaccuracies. First, the five Assistant U.S. Attorneys who walked past Nordlicht and his wife were not in fact accompanied by any law enforcement professionals. Second, as several witnesses can attest, Nordlicht did not say, "You knowingly put up a witness who you knew would lie. You have no morals"; rather, he yelled with rage at the Prosecutor "you have no fucking morals" before ranting about "investor calls." Third, Nordlicht did not direct his rage at the entire government team but instead at the Prosecutor. The video shows the Prosecutor turn to face Nordlicht after he yelled his initial obscenity at her and Nordlicht continue to direct his rage at her thereafter. Finally, Nordlicht's assertion that "he had no intention to physically harm anyone" is belied by witnesses' observations and the video; Nordlicht attempted for over ten seconds to pursue the Prosecutor while his wife almost pulled his suit jacket off while trying to restrain him. It is also noteworthy that, as shown in the video footage, none of Nordlicht's attorneys witnessed the incident, such that the information in their letter must have derived primarily if not exclusively from Nordlicht.

II.     Analysis

Nordlicht should be remanded because he forcibly intimidated the Prosecutor on account of the performance of her official duties and such inexcusable conduct should not be tolerated by this Court.[2]

---

[1] The government has enclosed with this letter as Exhibit A the courthouse videos—one video from the south end of the lobby and one from the north end—showing Nordlicht's conduct described above. The relevant footage on both videos begins at approximately 3:03:42 p.m. (at the 5:40 mark of the videos) and continues until approximately 3:04:22 (the 6:20 mark of the videos). Nordlicht's conduct is most clearly captured on the video from the north end, entitled "1 - 2019-05-02 14-58-01-883."

[2] 18 U.S.C. § 3148(a)-(b) provides that the Court may revoke a defendant's bail and order him detained if it finds that (1) there is probable cause to believe that the defendant has committed a federal, state or local crime while on release or clear and convincing evidence that the person has violated any other condition of release, and (2) based on the factors set forth in 18 U.S.C. § 3142(g), there is no condition or combination of conditions of release that will assure that the defendant will not flee or pose a danger to the safety of any other person or the community or the defendant is unlikely to abide by any condition or combination of conditions of release. The factors set forth in 18 U.S.C. § 3142(g) include (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, (2) the weight of the evidence against the person, (3) the history and characteristics of the person, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 111(a)(1) provides that any person who "forcibly assaults, resists, opposes, impedes, intimidates, or interferes" with a federal officer while the officer "is engaged in or on account of the performance of official duties" is guilty of a crime. Congress's purpose in enacting 18 U.S.C. § 111 was "to protect both federal officers and federal functions . . . [I]ndeed, furtherance of the one policy advances the other." United States v. Feola, 420 U.S. 671, 679 (1975). "The term 'forcibly' in Section 111 does not mean that force must actually have been used; it is sufficient if force was threatened." See United States v. Walker, 835 F.2d 983, 987 (2d Cir. 1987); United States v. Giampino, 680 F.2d 898, 902 (2d Cir. 1982). Nor need the defendant actually have touched the officer; the "forc[e]" element of Section 111 may be satisfied by proof that there was such a threat or display of physical aggression toward the officer as to inspire fear of pain or bodily harm. See United States v. Bamberger, 452 F.2d 696, 699 n. 5 (2d Cir. 1971). If the "forc[e]" element is to be established by proof of threats rather than by proof of actual touching, the threat must have been of immediate harm. Walker, 835 F.2d at 987. Thus, the Second Circuit has noted that a mere "'implied threat of the use of force sometime in the indefinite future'" would not suffice to violate Section 111. Bamberger, 452 F.2d at 699.

Nordlicht's angry cursing and aggressive pursuit of the Prosecutor moments after she had elicited testimony from a victim witness inculpating Nordlicht in charged crimes clearly violated 18 U.S.C. § 111. Contrary to Nordlicht's assertions in his May 3, 2019 letter to the Court, his rage was directed at the Prosecutor for doing her job and was clearly meant to intimidate her and interfere with the performance of her official function of prosecuting this case. Furthermore, Nordlicht's physical aggression—sufficiently threatening that his wife had to restrain him for over ten seconds and nearly removed his jacket in the struggle—inspired fear of immediate harm in the Prosecutor. Nordlicht's conduct was criminal and should not be tolerated by this Court. Accordingly, the government respectfully requests that Nordlicht's bail be revoked and that he be remanded into federal custody.

    Respectfully submitted,

    RICHARD P. DONOGHUE
    United States Attorney

By:   /s/
    Alicyn L. Cooley
    David C. Pitluck
    Lauren Howard Elbert
    Patrick T. Hein
    Assistant U.S. Attorneys
    (718) 254-7000

cc:    Clerk of the Court (BMC) (by ECF)
       Defense counsel (by ECF)