# TUCKER LEVIN, PLLC

DUNCAN P. LEVIN
DIRECT DIAL: 646-445-7825
DLEVIN@TUCKERLEVIN.COM

230 PARK AVENUE, SUITE 440

NEW YORK, NEW YORK 10169

212-330-7626

FACSIMILE: 212-422-3305

May 13, 2019

ELECTRONICALLY FILED

Hon Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

                                               Re:     United States v. Mark Nordlicht, et al.,
                                                               16-Cr.-640 (BMC)

Dear Judge Cogan:

        Defendant Mark Nordlicht writes to join the application of David Levy, *See* Docket Entry No. 699, regarding the government's request to admit evidence related to alleged manipulative trading of Black Elk bonds. The government's response, *See* Docket Entry No. 702, is seriously flawed in several key respects, and its contention that this application is a "desperate attempt to complicate and preclude straight-forward direct evidence of the defendants' commission of the charged crimes" illustrates that the government does not fully understand the issues of which it seeks to introduce evidence. There is no doubt that the admission of this irrelevant, completely hypothetical evidence will add considerably to the length of the trial but, more problematically, will confuse the jury about market manipulation that never happened and is wholly irrelevant to the charged crimes, prejudicing the defendants.

        For all of the reasons set forth by Mr. Levy, the proffered evidence is irrelevant to the charged schemes and, as such, is being sought to show that the defendants have a propensity to lie. At its core, however, the government is mischaracterizing the meaning of the "accident on purpose" email that it refers to in its submission. Although such language may be understandably exciting for the government to attempt to take out of context in a case where it is struggling to meet its burden, it was completely hypothetical and sheds no light on the defendants' intent to defraud investors through misrepresentations or omissions. At the time of the email, there was some uncertainty as to whether PPVA could "cover" for PPCO by paying the bank directly from PPVA via a PPCO account. Given the unexpected nature of the large margin call, there was no time to loan PPCO the money directly and for PPCO to meet the call itself. Mr. Nordlicht was therefore referencing a backup contingency in which PPVA would pay money into its own account. As it turns out, PPVA was indeed allowed to pay the bank directly for the margin call, and PPVA did so by paying directly and booking it as a loan to PPCO.

        The government clearly seeks to introduce the email – and this whole line of evidence - specifically *for* its prejudicial effect since the email sounds quite ominous, but it is not probative of

Hon. Brian M. Cogan
May 13, 2019
Page 2

intent to defraud investors through misrepresentations or omissions. The defense has never disputed that Platinum was dealing with serious liquidity challenges by 2015, but the government seems to conflate how Platinum dealt with an unexpected margin call with Platinum's intent to make misstatements to investors. Factually, however, there was *no* manipulative trading by Platinum and no evidence of such, nor was anything related to market manipulation charged. Indeed, the market quickly corrected itself closer to the value being discussed and put forward by Platinum. The bonds were bid throughout in the professional market for millions of dollars at their fair market value. The attorney-client label was appropriately added to the emails given that there was suspicion of fraud in the marketplace.

Even assuming *arguendo* there was market manipulation, this would not be relevant to the alleged misconduct of intending to defraud investors through misrepresentations. This was not the first unexpected margin call in the marketplace and regardless what lengths a fund may take to meet a margin call, it is a giant leap from there to argue that the same fund would lie to its investors. While we could certainly call witnesses to rebut this line of evidence, the damage would already be done, further confusing the jury, who, at this point, are likely searching high and low for a crime in this criminal case.

We join Mr. Levy's application and respectfully ask the Court to preclude the government from offering this prejudicial, non-probative, confusing, and incorrect evidence related to alleged market manipulation in Black Elk bonds.

                                            Respectfully submitted,

                                            Duncan P. Levin, Esq.
                                            *Counsel for Mark Nordlicht*
                                            (212) 330-7626

cc:      All parties (via ECF)