

# PARDALIS & NOHAVICKA, LLP
## ATTORNEYS

June 6, 2019

**VIA ECF**

-----------------------------------

Honorable Brian M. Cogan  
United States District Judge  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, New York 11201

**LETTER MOTION TO QUASH**  
**NON-PARTY TRIAL SUBPOENA**

Re:   *United States v. Mark Nordlicht, et al.*  
        Criminal Docket No. 16-640 (BMC)

Dear Honorable Brian M. Cogan:

    I am the attorney appearing on behalf of a non-party, Oliver Jimenez (JIMENEZ), regarding a subpoena [attached], dated April 12, 2019, issued by the Clerk of the within Court in the above-captioned action. Defendant, by his counsel, respectfully moves this Honorable Court to pursuant to FRCP 45(3)(A), to quash the annexed subpoena on the grounds that it subjects JIMINEZ to an undue burden because the demands are vague, overbroad, and the information requested does not exist.

    The party issuing the subpoena is defendant Mark Nordlicht (NORDLICHT). The subpoena is in connection with the above-referenced criminal case against certain individuals associated with the firm Platinum Partners. JIMENEZ is a former employee of Platinum Partners. JIMENEZ's employment with Platinum Partners ended 5 years ago. The aforementioned subpoena directs the subpoenaed party to **"bring with you the following documents, electronically-stored information, or objects: Please bring with you any and all documents pertaining to this case."** A Notice of Objection to the trial subpoena was served and filed on April 24, 2019. [Attached].

    As set forth in Rule 17 of the Federal Rules of Criminal Procedure, subpoenas are not "intended to provide a means of discovery for criminal cases." *See United States v. Nixon*, 418 U.S. 683, 698 (1974). Rule 17 does not broaden the limited discovery available in criminal cases; rather, the purpose of Rule 17 is to avoid unnecessary delay at trial by providing a mechanism for pre-trial production and inspection of certain material. *See Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951). Defendants may not seek material under Rule 17 that they are

950 Third Ave. • 25ᵗʰ Floor • New York NY, USA 10022 • T: 212.213.8511  
3510 Broadway • Suite 201 • Astoria NY 11106 • T: 718.777.0400 • F: 718.777.0599 • E: jdn@pnlawyers.com  
www.pnfirm.com

June 6, 2019
Page 2

---

prohibited from obtaining under Rule 16. *See, e.g., United States v. Cherry*, 876 F. Supp. 547, 552 (S.D.N.Y. 1995) (noting that Rule 17 subpoenas cannot be used to "undercut[] the strict limitation of discovery" found in Rule 16). Additionally, courts will quash or modify subpoenas when compliance would be "unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2).

The testimony and information the subpoena seeks is characterized by demands for "any and all" documents pertaining to the above-referenced case. This subjects JIMENEZ to undue burden because the demand is overbroad on its face and fails to describe documents sought with detail. *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44 (S.D.N.Y. 1996).

When the Court considers whether to quash a subpoena as imposing an undue burden to a non-party, the court may consider factors such as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described, and the burden imposed. *United States v. Int'l Bus. Machs. Corp.*, 83 F.R.D. 97 (S.D.N.Y. 1979). The information sought from JIMENEZ is from 5 years ago and neither the scope nor time period or the documents being sought are specified. JIMENEZ believes that none of the information sought is in existence or in his possession because the alleged matter started to develop after his employment ended with Platinum Partners. His testimony will not provide the Court with new, significant, or valuable information.

WHEREFORE, JIMENEZ respectfully requests that the relief requested herein is GRANTED, and that the within trial subpoena is QUASHED.

Respectfully submitted,

By: _____
Joseph D. Nohavicka
On behalf of Oliver Jimenez
Pardalis & Nohavicka Attorneys
(718) 777-0598

cc:   Clerk of the Court (BMC) (by ECF)
      Defense Counsel (by ECF)

Joseph D. Nohavicka
**Pardalis & Nohavicka, LLP**
3510 Broadway, Suite 201
Astoria, NY 11106
Telephone: (718) 777-0400
Facsimile: (718) 777-0599
*Attorneys for Non-Party*
OLIVER JIMENEZ

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | Civ. Case No. 1:16-cr-00640-BMC |
| -v- | NOTICE OF OBJECTION TO TRIAL SUBPOENA, PURSUANT TO FED. R. CRIM. PRO. R. 17(c)(2) |
| MARK NORDLICHT et al. | |
| *Defendants.* | |

**PLEASE TAKE NOTICE**, that Joseph D. Nohavicka, a partner of PARDALIS & NOHAVICKA LLP, hereby OBJECTS on behalf of Non-Party OLIVER JIMENEZ, to a certain trial subpoena, dated April 12, 2019, issued by the Clerk of the within Court in the above-captioned action.

The aforementioned subpoena directs the subpoenaed party to **"bring with you the following documents, electronically-stored information, or objects: Please bring with you any and all documents pertaining to this case."**

As set forth in Rule 17 of the Federal Rules of Criminal Procedure, subpoenas are not "intended to provide a means of discovery for criminal cases." *See United States v. Nixon*, 418 U.S. 683, 698 (1974). Rule 17 does not broaden the limited discovery available in criminal cases;

1

rather, the purpose of Rule 17 is to avoid unnecessary delay at trial by providing a mechanism for pre-trial production and inspection of certain material. *See Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951). Defendants may not seek material under Rule 17 that they are prohibited from obtaining under Rule 16. *See, e.g., United States v. Cherry*, 876 F. Supp. 547, 552 (S.D.N.Y. 1995) (noting that Rule 17 subpoenas cannot be used to "undercut[] the strict limitation of discovery" found in Rule 16). Additionally, courts will quash or modify subpoenas when compliance would be "unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2).

Moreover, the subpoenaed party has no information relevant to the defense or prosecution of the above-captioned action.

**PLEASE TAKE NOTICE THAT**, in the event that you do not withdraw the within subpoena by Monday April 28, we will be filing a motion to quash.

Dated: Astoria, New York
April 24, 2019

Respectfully submitted,

PARDALIS & NOHAVICKA, LLP

By: _____
Joseph D. Nohavicka

AO 89 (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. 1:16-cr-00640-BMC |
| Mark Nordlicht et al. | ) | |
| Defendant | ) | |

## SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To: OLIVER JIMENEZ
99 GORGE RD., APT 1610
EDGEWATER NJ 07020-1723

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: | United States District Court<br>Eastern District of New York<br>225 Cadman Plaza East<br>Brooklyn, NY 11201 | Courtroom No.: 8D South |
|---|---|---|
| | | Date and Time: 05/03/2019 8:30 am |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

Please bring any and all documents in your possession pertaining to this case. Furthermore, please contact The Baez Law Firm at 305-999-5100 or email us at office@baezlawfirm.com to provide us with your contact information. We will then provide you with sufficient notice of the exact date and time of your testimony. Without exception, if you fail to contact us, you will be expected to be present at the aforementioned location, date and time.

*(SEAL)*

Date: 4/12/19

CLERK OF COURT

Signature of Clerk or Deputy Clerk

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Mark Nordlicht
_____, who requests this subpoena, are:

The Baez Law Firm
c/o Jose Baez, Esq.
40 SW 13th Street
Suite 901
Miami, Florida 33130
Ph: 305-999-5100
Fx: 305-999-5111
office@baezlawfirm.com