

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

ALC/DCP/LHE/PTH                     *271 Cadman Plaza East*
F. #2016R00505                         *Brooklyn, New York 11201*

June 7, 2019

BY ECF

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    United States v. Mark Nordlicht, et al.
       Criminal Docket No. 16-640 (BMC)

Dear Judge Cogan:

The government respectfully submits this letter to oppose the production of any additional materials pertaining to summary witness Wendy Spaulding, who is currently on cross-examination. For the reasons stated below, such materials do not fall within the scope of 18 U.S.C. § 3500 and are not subject to disclosure.

I.    Background

As the Court is aware, Ms. Spaulding is a financial analyst whom the government called at trial as a summary witness. Ms. Spaulding, who has testified in prior criminal trials in this district, prepared summary reports and charts in advance of her testimony in this case. As Ms. Spaulding testified both on direct and cross-examination yesterday, she received direction from the government over the course of her retention in this case to review certain bank records that the government produced to the defendants in Federal Rule of Criminal Procedure 16 discovery and summarize and visually present them as requested by the government. The government corresponded with Ms. Spaulding accordingly, including by email, and sent her the bank records she analyzed. Ms. Spaulding has no firsthand knowledge of the facts of the case, was not provided with such facts or the indictment, and did not perform any expert analysis in her work on the case.

As the government has done with respect to Ms. Spaulding in other trials, well in advance of trial in this case, the government marked and produced to the defendants as government exhibits the reports and charts it intended to introduce through Ms. Spaulding at trial. Ms. Spaulding subsequently provided the government with additional summary report exhibits, most of which were updated versions of the previously produced government exhibits, as well as summary flowcharts based on previously produced government exhibits, and the

government produced those to the defendants earlier this week.  Pursuant to the Court's order on June 5, 2019, apart from the two summary flowcharts which visually depict transactions found in bank records that had been timely produced as exhibits, the government did not introduce as exhibits any new summary report that the defendants had received for the first time earlier this week.

After Ms. Spaulding completed her short direct examination yesterday and midway through cross-examination, defense counsel requested that the government be directed to produce as 18 U.S.C. § 3500 material any emails with Ms. Spaulding and any and all prior drafts of her summary reports and charts.  For the reasons stated below, such a production is not required under Section 3500 and the defendants' request should be denied.

II.      Applicable Law

Section 3500, or the Jencks Act, provides that "[a]fter a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement . . . of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified."  United States v. Nosworthy, 475 F. App'x 347, 352–53 (2d Cir. 2012) (internal quotation marks omitted).  Although this definition is broad, "a witness's statement 'must at least relate generally to the events and activities testified to before the statement must be produced' pursuant to the Jencks Act,'" and "statements which are 'merely incidental or collateral' need not be disclosed under the Act."  Nosworthy, 475 F. App'x at 353 (2d Cir. 2012) (quoting United States v. Pacelli, 491 F.2d 1108, 1118 (2d Cir. 1974)).  "Similarly, 'not all statements that might in some way be helpful in impeaching the witness are producible.'"  Nosworthy, 475 F. App'x at 353 (quoting United States v. Birnbaum, 337 F.2d 490, 498 (2d Cir. 1964)).  In determining whether a witness's statement qualifies as "merely incidental or collateral," courts have held that a witness's general reference on direct examination to a collateral subject does "not entitle" defense counsel "to explore [the witness's] earlier detailed statements on that matter."  Pacelli, 491 F.2d at 1120.

III.     Discussion

The government has not located precedent, let alone controlling precedent, that identifies what would qualify as a statement producible under Section 3500 of a summary witness with no firsthand knowledge of the facts of the case and who testifies at trial purely about summaries of undisputed evidence such as bank records.  Cf. United States v. Stierhoff, 500 F. Supp. 2d 55, 70 (D.R.I. 2007) (finding no Jencks Act violation where government had not produced, for IRS special agent who had testified in a tax evasion case "about how he had determined Defendant's personal exemption for each of the years in question, . . . work papers he might have used that would show his calculation"), aff'd, 549 F.3d 19 (1st Cir. 2008).  The government met its Section 3500 obligations for Ms. Spaulding upon producing the summary exhibits about which she testified at trial.  Production of all draft summary charts of, and correspondence with, a summary witness such as Ms. Spaulding is not contemplated or required by Section 3500.

2

Accordingly, the defendants' motion should be denied.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By:      /s/
Alicyn L. Cooley
David C. Pitluck
Lauren H. Elbert
Patrick T. Hein
Assistant U.S. Attorneys
(718) 254-7000

Cc:    Clerk of the Court (BMC) (by ECF)
       Defense Counsel (by ECF)