

U.S. Department of Justice

United States Attorney
Eastern District of New York

ALC/DCP/LHE/PTH
F. #2016R00505

271 Cadman Plaza East
Brooklyn, New York 11201

June 28, 2019

BY ECF

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Mark Nordlicht, et al.
             Criminal Docket No. 16-640 (BMC)

Dear Judge Cogan:

      The government respectfully submits this letter to request that the Court instruct the jury that the government is not on trial.

      In his closing argument, defense counsel for Nordlicht made multiple ad hominem attacks accusing the government prosecutors, by name, of intentionally deceiving the jury in the interest of obtaining publicity and advancing their careers. To cite just a few representative examples, Nordlicht's counsel argued "I'm going to show you lies told to you by the government, lies to try and steal the lives of these men" (Tr. at 6691); "When you're dealing with a big arrest where you're holding press conferences and you're bringing down a huge hedge fund and things like that, it's a career maker, that's a platinum trophy, and don't think for a second that there aren't motives involved" (id.); "Ms. Cooley gave a very eloquent closing argument, hats off to her, but a skilled prosecutor can convict an innocent man incredibly easily. All they have to do is their scheme, do a little three-card Monte with the facts which is what they did in this case" (id. at 6699-70); "I mean, here's the thing; if Ms. Cooley had ended yesterday and I had to go up, I wouldn't have these transcripts to show you. I wouldn't be able to prove to you that she lied to you, looked you all dead in the eye and lied to you" (id. at 6709). Nordlicht's counsel also accused the government of paying cooperating witness Daniel Mandelbaum for his testimony. (Tr. at 6723). This accusation was made without any supporting evidence in the record or, the government contends, a good faith basis.

      Courts have repeatedly found defense arguments that challenge the prosecution's motives for bringing charges, and the timing of those charges, to be unduly prejudicial and to invite jury nullification. See, e.g., United States v. Rosado, 728 F.2d 89, 93 (2d Cir. 1984) (arguments about selective prosecution "invited jury nullification by questioning the Government's motives in subpoenaing appellants and prosecuting them for contempt"); United States v. Stewart, Cr. No. 03-717 (MGC), 2004 WL 113506, at *1 (S.D.N.Y. Jan. 26, 2004)

(granting motion to preclude the defendant from "presenting arguments or evidence that would invite the jury to question the Government's motives in investigating and indicting" the defendant); United States v. Sanchez, No. 92 CR 153, 1993 WL 462846, at *4 (N.D. Ill. Nov. 8, 1993), aff'd sub nom. United States v. Neville, 82 F.3d 750 (7th Cir. 1996) (holding defense counsel's "arguments and statements regarding the length of the government's investigation" and "the government's delay in bringing its indictment" were "improper"); see also United States v. Saldarriaga, 204 F.3d 50, 52 (2d Cir. 2000) (affirming jury charge stating that "[t]he government's function is to give enough evidence to satisfy you beyond a reasonable doubt that the charges are true, and the fact that there are a thousand other things they could have done is wholly irrelevant" (internal quotations and alterations omitted)).

       Because these improper arguments have already been presented to the jury, the government respectfully submits that the appropriate remedy is for the Court to issue an instruction along the lines of the below, which was issued by the Court in United States v. Joaquin Guzman-Loera, 09-CR-383 (BMC):

> Please remember that the Government is not on trial, and I instruct you to disregard any arguments that may have been made to the contrary. There is no evidence that the Government operated under any kind of improper motive. You must base your decision only on the evidence or lack of evidence that has been presented at trial in determining whether the Government has met its burden of proving defendant's guilt beyond a reasonable doubt.

Trial Tr. at 6966.

                                              Respectfully submitted,

                                              RICHARD P. DONOGHUE
                                              United States Attorney

By:      /s/
              Alicyn L. Cooley
              David C. Pitluck
              Lauren H. Elbert
              Patrick T. Hein
              Assistant U.S. Attorneys

Cc:    Clerk of the Court (BMC) (by ECF)
        Defense Counsel (by ECF)