# TUCKER LEVIN, PLLC

230 PARK AVENUE, SUITE 440

NEW YORK, NEW YORK 10169

212-330-7626

FACSIMILE:  212-422-3305

DUNCAN P. LEVIN
DIRECT DIAL: 646-445-7825
DLEVIN@TUCKERLEVIN.COM

June 30, 2019

<u>ELECTRONICALLY FILED</u>

Hon Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:     <u>United States v. Mark Nordlicht, et al.,
16-Cr.-640 (BMC)</u>

Dear Judge Cogan:

Mark Nordlicht respectfully requests that the Court deny the government's request for a curative instruction that the government is not on trial.   Of course, the government is not on trial, and no one has said otherwise.  In fact, counsel for Mr. Nordlicht made that plainly evident in closing arguments on more than one occasion.

Mr. Baez could not have been more clear that "it's true, let me tell you[;] **the Government's not on trial here.  And I don't want – I don't want to indicate that in any way**.  Okay?" (Transcript at 6618.). Not only was Mr. Baez crystal clear on that point, but he repeated once again: "**They're not on trial**, but it should not be done like this." (Transcript at 6819.)  The government is clearly upset that counsel for Mr. Nordlicht made a number of compelling arguments about its misleading case.  There is absolutely no reason to repeat, yet again for a **third time**, that the government is not on trial, and to do so with the Court's imprimatur would be overly prejudicial to Mr. Nordlicht and unwarranted under the circumstances.  This is *particularly* true with regard to the sentence in the proposed charge that "[t]here is no evidence that the Government operated under any kind of improper motive."  (See Docket Entry 765.)  The Court knows that there is a large disagreement between the parties on that specific point, and we submit it should not be presented to the jury.  To the extent a curative instruction is given, at a minimum, that sentence should be removed.

Mr. Baez's closing argument did not once call for jury nullification, despite that clear implication in the government's letter.  To the extent that Mr. Baez's closing argument touched on the stakes of this extremely important case and the government's motivations in how it presented evidence, not its motivations in bringing the case in first place, that was absolutely called for in this particular case because the government's core theory of the case has fundamentally changed from an

Hon. Brian M. Cogan
June 30, 2019
Page 2


alleged Ponzi scheme to something far different.  There is absolutely nothing wrong with arguing that
the government's evidence was predicated on lies.

Respectfully submitted,

Duncan P. Levin, Esq.
*Counsel for Mark Nordlicht*
(212) 330-7626


cc:     All parties (via ECF)