# TUCKER LEVIN, PLLC

DUNCAN P. LEVIN
DIRECT DIAL: 646-445-7825
DLEVIN@TUCKERLEVIN.COM

230 PARK AVENUE, SUITE 440

NEW YORK, NEW YORK 10169

212-330-7626

FACSIMILE: 212-422-3305

June 30, 2019

ELECTRONICALLY FILED

Hon Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

                                          Re:     United States v. Mark Nordlicht, et al.,
                                                        16-Cr.-640 (BMC)

Dear Judge Cogan:

The government made several factually incorrect statements to the Jury in its rebuttal arguments on Friday. Accordingly, Mr. Nordlicht respectfully requests that the Court issue two curative instructions to the Jury as follows:

      I.     Factually Incorrect Statement Regarding the Date of Mr. Nordlicht's Signature On a Key Document Related to the Black Elk Bond Indenture Vote

In arguing that Mr. Nordlicht and Platinum actively misled Attorney Shearer <u>after</u> the Black Elk bond indenture vote, Mr. Pitluck displayed a slide with Mark Nordlicht's signature and asserted, "[b]ut the point is Mark Nordlicht signed this document the officer's certificate with the misleading numbers on August 14th after the vote." (Transcript at 7089.) Mr. Pitluck's slide displayed the officer's certificate and Mr. Nordlicht's signature line together with the government's additional graphic in bold red that stated "AUGUST 14." However, the date on the signature line is <u>August 8</u>, before the vote and when there were still not enough votes to pass.

This information was clearly highlighted by Mr. Baez in his summation and is critical to the defense theory of good faith. Mr. Pitluck was aware of this, and his statement was inconsistent with the truth in evidence. Mr. Pitluck's false statement of fact is critical to Mr. Nordlicht's right to a fair trial because it undermines the defendant's good faith effort to provide all material information to the attorney who was in charge of conducting the vote. "To determine whether a summation was improper, the trial court applies a three-factor test, considering: '(1) the severity of any misconduct, (2) the measures taken to cure the misstatements, and (3) their likely effect on the outcome.'" *United States v. Christian*, 111 F. Supp. 3d 287, 301 (E.D.N.Y. 2015) (quoting *United States v. Forlorma*, 94 F.3d 91, 95 (2d Cir. 1996)). Here, the severity is obvious. The signature line is in evidence and is in direct

Hon. Brian M. Cogan
June 30, 2019
Page 2

conflict with the date Mr. Pitluck assigned to it. Furthermore, this issue was directly addressed by Mr. Baez in his statement, putting the government on notice of the factual inaccuracy. Only a judicial curative statement can correct this factual error. If this statement goes uncorrected, it will irreversibly prejudice the jury because it is crucial to the government's theory of intent to mislead.

We suggest the following language: "In its rebuttal arguments on Friday, the government told you that Platinum's officer certificate disclosing the ownership of bonds by PPCO and PPLO was signed on August 14, but that was an error. The evidence shows Mr. Nordlicht signature dated as having been signed August 8. I instruct you that there was no evidence presented suggesting that the officer certificate was signed on August 14."

>       II.     Factually Incorrect Statement Made By Mr. Pitluck Regarding Mr. Nordlicht's Deferred Compensation

In arguing motive for Mr. Nordlicht's alleged failure to disclose the true state of Platinum's affairs, Mr. Pitluck stated, "[r]emember Mark Nordlicht's deferred compensation, $50 million? Mr. Baez tried to say we specifically hid from you the fact this his deferred compensation was all for one year. That's just not true. If you look at the financials -- Ms. Kalos is going to put it up -- Daniel Mandelbaum testified as clear as day as of the end of 2014 he had $50.4 Million in deferred compensation that he **couldn't take out until the end of 2017**, $6.7 Million of it would have accrued in just that year. You know what that is, ladies and gentlemen, that is 50 million reasons to commit that fraud. This fund goes under, that's gone. That's motive. That's not walking with investors." Transcript at 7073-74. That is simply untrue and, respectfully, must be corrected for the Jury.

Ironically, the government originally introduced the deferral account to elicit testimony about Platinum's liquidity issues in 2015. As the Court is aware, during cross examination, Mr. Mandelbaum acknowledged that beneficial tax treatment on the deferred compensation payments would not conclude until 2017. However, as is clear in the record, if Mr. Nordlicht chose to unwind the Fund, he would have received the $50 million in deferral money, which was a debt to the international feeder Fund before Fund investors received any money at all. Mr. Nordlicht would simply have to pay taxes on his income. Mr. Pitluck's misstatement of fact is substantially prejudicial because, as stated, it forms the underpinning of the government's entire case. Mr. Pitluck had no good faith basis to assert Mr. Nordlicht "couldn't take out" his deferred compensation until the end of 2017. That is factually incorrect, in conflict with the evidence, and requires a curative instruction because it provides the jury with too compelling a motive that simply isn't true and is directly contradicted by the evidence.

We suggest the following language: "In its rebuttal arguments on Friday, the government told you that Mr. Nordlicht was unable to take his deferred compensation until the end of 2017. As

Hon. Brian M. Cogan
June 30, 2019
Page 3

established in the trial, that was a factual error.  I instruct you that you should disregard that statement."

                                                         Respectfully submitted,

                                                        Duncan P. Levin, Esq.
                                                        *Counsel for Mark Nordlicht*
                                                         (212) 330-7626

cc:       All parties (via ECF)