

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

ALC/DCP/LHE/PTH
F. #2016R00505

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

June 30, 2019

BY ECF

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Mark Nordlicht, et al.
               Criminal Docket No. 16-640 (BMC)

Dear Judge Cogan:

      The government respectfully submits this letter to respond to defendant Mark Nordlicht's motion seeking two curative instructions related to the government's rebuttal argument at trial on June 28, 2019. See ECF Docket Nos. 769 ("Nordlicht Mot."). For the reasons set forth below, Nordlicht's motion is baseless and should be denied in its entirety.

I.    The Government Accurately Argued That Nordlicht Signed the Officer Certificate Related to the Black Elk Bond Consent Solicitation on August 14, 2014

      The government accurately argued during its rebuttal at trial that, even though the officer certificate that Nordlicht signed was dated August 8, 2014, Nordlicht in fact signed the certificate on August 14, 2014, after the vote on the consent solicitation was completed. (Tr. 7089). The evidence at trial proved this and the government was completely accurate in its rebuttal summation. The facts are as follows. On August 14, 2014, at 11:08 a.m., Nordlicht sent co-conspirator Daniel Small an email titled "Re: Officer Certificate" approving the false representation regarding Platinum's control over Black Elk bonds that Small had circulated to Nordlicht and Levy the previous evening.[1] See GX 760. Approximately one and a half hours

---

[1] Small had sent an email seeking Nordlicht's approval at 6:24 p.m. on August 13, 2014, shortly after the consent solicitation vote period had expired at 5:00 p.m. on August 13, 2014. Waiting until after the consent solicitation vote expired enabled Small and the defendants to determine whether Platinum's control over the bonds that PPCO and PPLO held could be disclosed to Shearer without jeopardizing passage of the consent solicitation vote. See GX 760. Of course, Small never actually disclosed to Shearer that the bonds were owned by PPCO and PPLO, just that there was a category of bonds held by entities that were "not deemed affiliates." (Tr. 5098-99).

later, at 12:36 p.m. on August 14, 2014, Small sent Black Elk's lawyer Robert Shearer an unsigned draft officer certificate that was dated August 8, 2014. See GX 761. And approximately five hours later, at 5:37 p.m. on August 14, 2014, Small sent Shearer an officer certificate signed by Nordlicht, which was also dated August 8, 2014. See GX 762. Thus, contrary to Nordlicht's conclusory assertion, it is clear that Nordlicht signed the certificate on August 14, 2014, after the consent solicitation.[2] Not only was the government's argument completely proper, the defendant now wants the Court to adopt his unilateral interpretation of the evidence in place of having the jury make such an evaluation. The defendant's argument should be rejected.

II. The Government's Statement Regarding Nordlicht's Deferred Compensation Was Accurate

The government's statement that Nordlicht had $50.4 million in deferred compensation that he could not take out until the end of 2017 was absolutely accurate and, contrary the defendant's misleading and uncited assertion, there is nothing in the record to the contrary.

As former Platinum CFO Daniel Mandelbaum testified on direct examination, Nordlicht had over $50 million in deferred compensation as of the end of 2014. (Tr. 4308). Mandelbaum explained that a tax-advantageous rule related to deferred compensation existed enabling such compensation, and the related taxes, to be kept offshore for a period of ten years. (Tr. 4307). Mandelbaum testified that he had a conversation with Nordlicht where he told Nordlicht the deferral expiration was coming up soon and he was going to have to make a large tax payment at the end of the deferral period when the money was brought onshore, so he needed to start monetizing PPVA assets. (Tr. 4307). As was clear from Mandelbaum's testimony and the audited financial statements for the offshore fund, that compensation remained deferred until December 31, 2017 and could not be brought onshore without a large tax payment at the end of the period. (Tr. 4307-09, GX 5103). As Mandelbaum testified in this context, Platinum Partners did not have any money to make that payment (or money to pay redemptions), which is why Mandelbaum raised the issue so the payments could be made in two years. (Tr. 4307). Accordingly, there was no way Nordlicht could bring that money onshore. Moreover, Mandelbaum testified that if the fund went bankrupt, the deferred compensation "goes to zero." (Tr. 4310).

Finally, none of Mandelbaum's testimony was refuted in any way on cross-examination. Rather than address the substance of Mandelbaum's testimony during cross-examination, counsel for Nordlicht instead attempted to advance baseless arguments that the government had misled the jury regarding the amount of Nordlicht's deferred compensation for 2014. (Tr. 4395-98). Defense counsel also focused on the same issue during his summation, and

---

[2] Nordlicht's summary assertion that his interpretation of the evidence on summation is the only correct one is particularly contrived when he improperly relied on evidence that is not in the record—namely, that Nordlicht sent the officer certificate before he went on a vacation—to make his point. (See Tr. 6799). In fact, in the only testimony at trial relevant to this point, Shearer specifically denied that Small had told him that Nordlicht had signed the officer certificate before he went on vacation. (See Tr. 5137).

did not address the actual evidence related to Nordlicht's deferred compensation. (Tr. 6790-91). It is thus notable that Nordlicht has failed to cite any evidence in support of his argument, instead claiming that "it is clear in the record." Nordlicht Mot. at 2. It is absurd that Nordlicht failed to elicit any relevant testimony on this issue during trial but, more than 48 hours after closing arguments, now attempts to insert a proffer of supposed evidence that was not elicited at trial and instruct the jury based on this proffer. This argument should be rejected. Because the government's summation accurately summarized the trial testimony and it has not been rebutted by any other evidence elicited at trial, the defendant's proposed instruction should be rejected.

III.    Conclusion

Accordingly, for the reasons set forth above, Nordlicht's motion should be denied in its entirety.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By:    /s/
Alicyn L. Cooley
David C. Pitluck
Lauren H. Elbert
Patrick T. Hein
Assistant U.S. Attorneys

Cc:    Clerk of the Court (BMC) (by ECF)
       Defense Counsel (by ECF)