

U.S. Department of Justice

*United States Attorney
Eastern District of New York*

DCP
F. #2016R00505

*271 Cadman Plaza East
Brooklyn, New York 11201*

January 17, 2025

By ECF

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Mark Nordlicht, et. al
     Criminal Docket No. 16-640 (BMC)

Dear Judge Cogan:

  The government writes in opposition to defendant Mark Nordlicht's request for a modification for the terms of his probation, specifically to remove the travel restrictions imposed by Probation. See ECF Dkt No. 1062 (Jan. 16, 2025) (the "Motion").

  As the Court is aware, the defendant was sentenced on July 16, 2024 to two years' of probation with a special condition of six months' of home detention. See ECF Dkt. No. 1052 (Judgment entered July 17, 2024). In the Motion, the defendant asserts that the condition of home detention expired on January 16, 2025, the day he submitted the Motion.[1] The defendant claims that his assigned probation officer from the United States Department of Probation for the Southern District of New York ("Probation"), the office supervising the defendant, that when he is no longer on home detention he will be required submit requests for domestic travel two weeks in advance of the proposed travel and requests for international approval to the Court two months in advance of the proposed travel. Motion at 1. For the reasons set forth below, the defendant's requests to eliminate or modify approval for domestic and international travel should be rejected. Nevertheless, the government and Probation are amenable to reasonable accommodations so the defendant can take part in school activities for his children and travel with appropriate notice.

  As an initial matter, the Motion is incorrect about the notice period required by Probation. While Probation did inform the defendant it requires two weeks' notice for domestic

---

[1] The Department of Probation submits that the defendant's home detention condition expires on January 26, 2025. The government notes that the precise day the home detention ends is ancillary to the issue raised in the Motion, the required permissions for the defendant's travel for the balance of his probation.

travel, they did not inform the defendant that two months' notice was required for international trips.  Instead, Probation informed the defendant that for international trips, which require Court approval, at least two weeks' notice would be required to provide the Court with ample time to consider the request.  But this is a distinction without a difference to the defendant as the Motion proposes eliminating any notice for travel, whether it is domestic or international.  Motion at 1,2.  The wholesale removal of one of the defendant's few conditions of probation -- requiring notice and approval of travel -- is wholly inappropriate.  The defendant will remain on probation for 18 months and Probation is required to supervise him during that time to ensure that he complies with the law and the Court-order terms of his probation.  Although the government has no issue with the defendant "rebuilding his personal and professional life," (Motion at 2) those efforts do not merit casting aside basic and fundamental conditions of probation that are applicable to all defendants.  It is critical for the defendant's probation officer and the Court to know where the defendant is located, including when he is traveling, where he is traveling and the length of time he will be gone. This is even more important for international travel, when the defendant will be outside of the jurisdiction of Probation and other law enforcement agencies.  Put simply, Probation cannot effectively supervise the defendant if they do not know where he is located.

       The defendant asserts that unlimited travel without notice is necessary because of his "professional and personable responsibilities" including his "involve[ment] in a startup company that is holding live events in twelve US cities with plans to expand to the UK, Canada, and Mexico in the coming year."  Motion at 2.  However, as of the date of the Motion, the defendant has not provided Probation with any of the details of this purported employment, which is a required condition of the defendant's probation imposed by the Court.  See ECF Dkt. No.1052 (July 17, 2024) (Judgment at 3).  Given that the defendant's criminal conviction was directly related to his employment, Probation should know the circumstances of the defendant's employment and when and where he is traveling for work.  There is also no reason that the defendant cannot provide Probation, and the Court as appropriate, with the dates of the twelve live event, events which are likely not planned at the last minute, well in advance of the dates of travel.

       Rather than demonstrating that the defendant can comply with the terms of his probation, the very first thing he did after he believed his home detention had ended was to try and remove any conditions of probation that he believes will be inconvenient.  The defendant was convicted of serious felonies, including conspiracy to commit securities fraud and securities fraud.  The sentence imposed by the Court includes the full term of probation and does not end when his home detention is completed.  Indeed, at sentencing, the Court noted the serious nature of the defendant's conduct and that the condition of home detention was imposed in lieu of a custodial term of imprisonment because of the conditions at that time at the Metropolitan Detention Center.  It is thus important that the defendant complies with each of the conditions of his probation and that Probation can supervise him.  And the core terms of his probation should not be discarded simply because the defendant believes they are inconvenient.

       Similarly, the defendant's alternate request to travel on 48 hours' notice to Probation should similarly be rejected.  Motion at 3.  The two-week notice period requireed by Probation is in placee for valid reasons.  Probation officers are busy, supervising dozens of individuals (each of whom make similar requests) and spend considerable time working in the field.  Requiring two weeks' notice of travel provides probation officers with sufficient time to evaluate each request and review any supporting material while balancing their other case and field

2

work. Probation cannot be expected to prioritize the defendant's requests above everything else, including requests from other defendants, simply so Nordlicht will not be inconvenienced.

The government and Probation are not opposed, however, to a reasonable modification to the travel conditions of the defendant's probation. First, the government and Probation would not oppose unlimited travel, without notice to Probation, for the Eastern and Southern Districts of New York and District of New Jersey so the defendant can travel freely to visit family and go to and from his children's school. Second, Probation has also indicated that it can review the defendant's requests for domestic travel with at least one week of notice, provided that the defendant himself or counsel requests the travel and provides any materials required by Probation.[2] Third and finally, for international trips, Probation continues to believe that at least two weeks of advance notice is required, but it is also mindful of the Court's role in approving that travel and would defer to the Court for any additional time the Court's schedule requires to consider an international trip.

Respectfully submitted,

CAROLYN POKORNY
Acting United States Attorney

By:  /s/
David C. Pitluck
Nick M. Axelrod
Assistant U.S. Attorneys
(718) 254-7000

cc: Clerk of the Court (BMC) (by email and ECF)
Defense counsel (by email and ECF)
United States Probation Officer Shalisha Johnson (By email)

---

[2] Probation has advised that, while the defendant was on home detention, the defendant's wife emailed the assigned probation officer to request approval for an upcoming vacation. It is important that Probation communicate with the defendant or counsel to ensure there are no miscommunications that could create subsequent issues with the defendant's probation.